

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband,<br>KAREN MARRONE, Wife,<br>Both Individually and in Their Capacity<br>as Parents and Guardians for<br>VIDA MARRONE, a Minor<br>    Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>LINDA M. EDLEMAN, FRED SCHAFER,<br>MT. GRETNA REALTY and<br>HOUSE MASTERS,<br>    Defendants | CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>JUDGE KANE<br><br>1:CV-01-0773 |

FILED
SCRANTON
MAR - 4 2002
PER _____
DEPUTY CLERK

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS FRED SCHAFER AND MT. GRETNA REALTY, TO THE PLAINTIFFS' AMENDED COMPLAINT

Defendants, Fred Schafer and Mt. Gretna Realty, by and through their counsel, Fine, Wyatt & Carey, P.C., hereby answer the Plaintiffs' Complaint as follows:

### JURISDICTION

1.    Denied as a conclusion of law to which no response is required. To the extent that a response is required, it is admitted that Defendant Mt. Gretna Realty is located in Pennsylvania. As for the remaining allegations of this Paragraph, after reasonable investigation, answering Defendants are without knowledge or information to form a belief as to the truth of such averments, and same are therefore denied.

## PARTIES

2-4.   Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and strict proof thereof is demanded.

5-6.   These paragraphs pertain to Defendants other than answering Defendant and therefore no response is required.

7-8.   Admitted.

9.   The allegations of this paragraph pertain to a defendant other than answering Defendants and therefore no response is required.

10.   Denied as a conclusion of law to which no response is required. To the extent that a response is required, answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

## BACKGROUND

11-12.   Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

13.   Admitted in part and denied in part. It is admitted that Mt. Gretna Realty, at the times relevant to the real estate transaction, acted as the agent of the seller, Linda M. Eidleman, in the sale of the property at issue. The remaining allegations of this paragraph are specifically denied.

14-16.   The allegations of these paragraphs pertain to a defendant other than answering defendants and therefore no response is required.

17.    Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

18-19.    These paragraphs pertain to defendants other than answering defendants and therefore no response is required.

20.    Admitted in part and denied in part. It is admitted that on or about August 31, 1999, Plaintiffs completed the purchase of said home. As for the remaining allegations of this paragraph, answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of such averments, and strict proof thereof is demanded.

21.    Denied as a conclusion of law to which no response is required.

22.    Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of such averments, and strict proof thereof is demanded.

23-27.    These paragraphs pertain to a defendant other than answering Defendants and therefore no response is required.

28.    Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of such averments, and strict proof thereof is demanded.

29.    This paragraph pertains to a defendant other than answering Defendants and therefore no response is required.

30-41. Denied. Answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of such averments, and strict proof thereof is demanded.

42. Denied as a conclusion of law to which no response is required.

43. Denied. This paragraph contains conclusions of law to which no response is required.

### COUNT I
### PLAINTIFFS V. ALLSTATE INSURANCE COMPANY
### BAD FAITH

44. Answering Defendants incorporate by reference Paragraphs 1 through 43 of the Amended Complaint, as if set forth fully herein.

45-49. These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT II
### PLAINTIFFS V. ALLSTATE INSURANCE COMPANY
### BREACH OF CONTRACT

50. Answering Defendants incorporate by reference Paragraphs 1 through 49, above, as if set forth fully herein.

51-56. These paragraphs pertain to a defendant other than answering Defendants and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

4

### COUNT III
### PLAINTIFFS V. LINDA M. EDLEMAN
### MISREPRESENTATION

57. Paragraphs 1 through 43, above incorporated by reference as if set forth fully herein.

58-63. These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT IV
### PLAINTIFFS V. LINDA M. EDLEMAN
### NEGLIGENCE

64. Answering Defendants incorporate by reference Paragraphs 1 through 41 and 57 through 63, above, as if set forth fully herein.

65-69. These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT V
### PLAINTIFFS V. LINDA M. EDLEMAN
### BREACH OF CONTRACT

70. Defendants incorporate by reference Paragraphs 1 through 43 and 57 through 69, above, as if set forth fully herein.

71-75. These paragraphs pertain to a defendant other than answering defendants and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT VI
### PLAINTIFFS V. FRED SCHAFER AND MT. GRETNA REALTY
### MISREPRESENTATION

76. Answering Defendants incorporate by reference Paragraphs 1 through 43, above, as if set forth fully herein.

77. Denied as a conclusion of law to which no response is required. To the extent that a response is required, Defendants Fred Schafer and Mt. Gretna Realty acted as agent of Defendant Linda M. Edleman with regard to the Plaintiff's purchase of real estate from Defendant Edleman.

78. Denied. The allegations of this paragraph are specifically denied by answering Defendants.

79. Denied as a conclusion of law to which no response is required.

80. Denied as a conclusion of law to which no response is required. To the extent that a response is required, the allegations of this paragraph are specifically denied.

81. Denied. After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such averments, and strict proof thereof is demanded.

82. Denied. It is specifically denied that answering Defendants failed to disclose information as alleged in the Amended Complaint. As for the remaining allegations of this Paragraph, answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

6

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT VII
### PLAINTIFFS V. FRED SCHAFER AND MT. GRETNA REALTY
### UNFAIR TRADE PRACTICE AND CONSUMER PROTECION LAW
### (UTPCPL)

83. Answering Defendants incorporate by reference paragraphs 1 through 43 and 76 through 82, above, as if set forth fully herein.

84. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, it is specifically denied that answering defendants engaged in any unfair and/or deceptive practices as contemplated by the Pennsylvania UTPCPL.

85. Denied. It is specifically denied that Defendants violated the UTPCPL. As for the remaining allegations of this paragraph, answering Defendants, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT VIII
### PLAINTIFFS V. HOUSEMASTERS
### NEGLIGENCE

86. Answering Defendants incorporate by reference Paragraphs 1 through 43, above, as if set forth fully herein.

7

87-95. These allegations pertain to a Defendant other than answering Defendants and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT IX
### PLAINTIFFS V. HOUSEMASTERS
### MISREPRESENTATION

96. Answering Defendants incorporate by reference Paragraphs 1 through 43 and 86 through 95, above, as if set forth fully herein.

97-99. These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT X
### PLAINTIFFS V. HOUSEMASTERS
### BREACH OF CONTRACT

100. Answering Defendants incorporate by reference Paragraphs 1 through 99, above, as if set forth fully herein.

101-107. These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

8

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### COUNT XI
### PLAINTIFFS V. HOUSEMASTERS
### UNFAIR TRADE PRACTICE AND CONSUMER PROTECION LAW
### (UTPCPL)

108.   Answering Defendants incorporate by reference Paragraphs 1 through 107, above, as if set forth fully herein.

109-110.   These paragraphs pertain to a defendant other than answering Defendant and therefore no response is required.

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court dismiss the Amended Complaint against them, and enter judgment in their favor.

### AFFIRMATIVE DEFENSES

1.   The Amended Complaint fails to state a claim upon which relief can be granted against Answering Defendants.

2.   The Plaintiffs' claims against answering Defendants are barred or limited by the provisions of the Standard Agreement for the Sale of Real Estate which was attached as Exhibit "A" to the Motion to Dismiss of Answering Defendants.

3.   Plaintiffs' claims are barred by the applicable statute of limitations.

4.   Plaintiffs' failed to properly mitigate their damages.

5.   Plaintiffs' claims are barred or reduced because of their contributory and/or comparative negligence.

6.   Plaintiffs' claims are barred or reduced because of the Plaintiffs' assumption of the risk.

9

7. Plaintiffs were suffering from some and/or of the physical injuries and/or problems as outlined in their amended complaint prior to purchasing the home in question.

8. Plaintiffs' claims are barred the operation of the doctrine of merger.

9. Plaintiffs' claims are barred by consent, waiver and release.

10. Answering Defendants performed all of their duties and obligations as provided for in the Standard Agreement for the Sale of Real Estate.

11. The conduct of other persons or entities may have constituted intervening or superceding causes of the damages or injuries alleged by the Plaintiffs.

12. Plaintiffs' claims are barred by their inspection and/or failure to inspect the home purchased from Defendant Edleman.

13. The conduct of answering Defendants was not a substantial cause of the Plaintiffs' alleged damages.

14. Answering Defendants incorporate by reference all relevant affirmative defenses alleged by any other Defendant.

## CROSSCLAIM AGAINST DEFENDANT LINDA M. EDLEMAN AND DEFENDANT HOUSEMASTERS

15. Pursuant to Fed. R.Civ.P. 13, answering Defendants allege that if the Plaintiffs are able to prove the allegations contained within their amended Complaint, which are incorporated without admission or adoption, then Defendants Linda M. Edleman and/or Defendant Housemasters are liable over to answering Defendants for complete indemnification and/or contribution or is liable over to the Plaintiffs.

10

**WHEREFORE,** answering Defendants respectfully request that this Honorable Court enter judgment as appropriate in favor of answering Defendants and against Defendants Linda M. Edleman and Housemasters.

Respectfully submitted,

**FINE, WYATT & CAREY, P.C.**

By: *Edward A. Monsky*
Edward A. Monsky, Esquire
Attorneys for Defendants
Fred Schafer and Mt. Gretna Realty

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband,<br>KAREN MARRONE, Wife,<br>Both Individually and in Their Capacity<br>as Parents and Guardians for<br>VIDA MARRONE, a Minor<br>　　Plaintiffs<br><br>v.<br>ALLSTATE INSURANCE COMPANY,<br>LINDA M. EDLEMAN, FRED SCHAFER,<br>MT. GRETNA REALTY and<br>HOUSE MASTERS,<br>　　Defendants | :<br>: CIVIL ACTION - LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: JUDGE KANE<br>:<br>: 1:CV-01-0773<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, **EDWARD A. MONSKY, ESQUIRE,** hereby certify that I forwarded a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants Fred Schafer and Mt. Gretna Realty upon the following individuals by first class U.S. Mail, postage prepaid, on the _____ day of March, 2002:

　　　　Louis M. Tarasi, Jr., Esquire
　　　　Tarasi, Tarasi & Fishman
　　　　510 3rd Ave.
　　　　Pittsburgh, PA 15219

　　　　James G. Nealon, III, Esquire
　　　　Nealon & Grover
　　　　2411 N. Front St.
　　　　Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafner
P.O. Box 999
Harrisburg, PA  17108

Robert E. Kelly, Jr., Esquire
Duane Morris & Heckscher
P.O. Box 1003
Harrisburg, PA  17108

**FINE, WYATT & CAREY, P.C.**

By: _____
     Edward A. Monsky, Esquire