**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband, KAREN MARRONE, Wife, Both Individually and in Their Capacity as Parents and Guardians for VIDA MARRONE, a Minor,<br><br>Plaintiff(s)<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA W. EDELMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS,<br><br>Defendant(s) | CIVIL ACTION<br><br>No. 1:CV-01-0773<br><br>HON. YVETTE KANE<br><br>FILED<br>HARRISBURG<br><br>MAR 2 2 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |

## MOTION TO INTERVENE

HomeSide Lending, Inc. (hereinafter "HomeSide" or "Intervenor"), by its attorneys, Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd., pursuant to Federal Rule of Civil Procedure 24, hereby moves this Honorable Court to enter an Order permitting it to intervene in the above-captioned case and permitting it to file a declaratory judgment action Complaint (*see* Exhibit 1) and as grounds therefor avers the following:

1. HomeSide is a Florida corporation with its principal place of business located at 8120 Nations Way, Building 100, Jacksonville, Florida. At all times relevant herein, HomeSide was a mortgage lender.

2. On August 31, 1999, plaintiffs herein (the "Marrones"), executed a Note and mortgage in the amount of $165,000 for a property located at 354 Timber Road, Mr. Gretna, Pennsylvania (herein the "subject property") with the original mortgagee, Equity One,

523342.1

Incorporated. Subsequently, the original mortgage was assigned to HomeSide and the assignment was recorded in Book 928, Page 431, on December 6, 1999.

3. From November 2000, until the present, the Marrones have failed to pay their mortgage payments. Consequently, on or about April 10, 2001, HomeSide filed a Complaint in Mortgage Foreclosure against the Marrones in the Court of Common Pleas, Lebanon County, Pennsylvania, No. 2001-00468, seeking to obtain an *in rem* judgment for the subject property. (*See* Exhibit "A" to HomeSide's Declaratory Judgment Complaint for a copy of HomeSide's state court mortgage foreclosure Complaint).

4. On or about May 3, 2001, the Marrones filed the instant lawsuit against the defendants herein. The Marrones' Complaint alleged, *inter alia*, personal injuries as a result of mold contamination. (*See* Marrones' Complaint, ¶¶ 21, 34-36). Furthermore, the Marrones alleged that the subject property is still standing, vacant and unsaleable (¶ 39), and because the toxic levels of mold were unsafe, they were forced to vacate the premises. (¶ 33). When the Marrones left the subject property, they stopped making mortgage payments to HomeSide.

5. When the Marrones filed their original Complaint on May 3, 2001, they were represented by the law firm of Stevens & Johnson, located in Allentown, PA. On or about November 15, 2001, the aforesaid law firm filed a Motion to Withdraw as plaintiffs' counsel.

6. On or about December 21, 2001, the Court, as a result of a teleconference, granted Stevens & Johnson's Motion to Withdraw as counsel and ordered that the Marrones obtain new counsel within thirty (30) days.

7. On or about January 15, 2002, plaintiffs filed a Motion to Extend the time by 45 days by which they could obtain new counsel.

8. On or about February 1, 2002, Louis M. Tarasi, Jr., Esquire, of the law firm of Tarasi, Tarasi & Fishman, P.C., located in Pittsburgh, PA, entered his appearance for plaintiffs.

9. On or about February 19, 2002, this Honorable Court entered a revised Case Management Order which contained the following dates: discovery cutoff - - 6/28/02; pre-trial memorandum due - - 11/15/02; pre-trial conference - - 11/22/02; and jury trial - - 12/2/02.

10. Pursuant to Federal Rule of Civil Procedure 24(a)(2), HomeSide seeks to intervene in the instant case as a matter of right.

11. In the alternative, if this Honorable Court denies HomeSide's Motion to Intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), HomeSide seeks to intervene on a permissive basis pursuant to Federal Rule of Civil Procedure 24(b)(2).

12. HomeSide seeks to intervene in this matter so that it may enter the subject property to make the necessary repairs so that the property can be sold by HomeSide. In addition, HomeSide seeks to intervene so that it receives any proceeds from this action by way of settlement or judgment to satisfy the outstanding debt on the property prior to any distribution of funds to the Marrones. (*See* Exhibit "1," paragraphs 17 (a) and (b)).

**WHEREFORE,** for good cause shown, HomeSide Lending, Inc. respectfully requests that this Honorable Court enter an Order permitting it to intervene in the above-captioned case.

        Respectfully submitted,

        HARVEY, PENNINGTON, CABOT,
        GRIFFITH & RENNEISEN, LTD.

        BY: *Joel D. Gusky* (signature)
        JOEL D. GUSKY, ESQ.
        I.D. No.: 22666
        Eleven Penn Center
        1835 Market Street, 29th Floor
        Philadelphia, PA 19103
        (215) 563-4470

        Attorneys for Proposed Intervenor,
        HomeSide Lending, Inc.