JUDGE'S COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JAN 07 2002

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

JACK MARRONE, KAREN MARRONE, :
both individually and in their capacity as :
parents and guardians for :
VIDA MARRONE, a minor, :
                    Plaintiffs : CIVIL ACTION - LAW
                                  :
            v.                    : CASE NO.: 1:CV-01-0773
                                  :
                                  : JURY TRIAL DEMANDED
ALLSTATE INSURANCE COMPANY, :
LINDA M. EDLEMAN, FRED SCHAFER, :
MT. GRETNA REALTY, and :
HOUSEMASTER : JUDGE KANE
                    Defendants :

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT HOUSEMASTER
## TO PLAINTIFFS' AMENDED COMPLAINT

Defendant HouseMaster, incorrectly identified in the Amended Complaint

as "HouseMasters," by and through its counsel, Duane Morris LLP, respectfully

files this Answer and Affirmative Defenses to Plaintiffs' Amended Complaint:

1.    Denied.  After reasonable investigation, HouseMaster is without

knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 1 and, accordingly, they are denied.

2.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and, accordingly, they are denied.

3.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and, accordingly, they are denied.

4.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and, accordingly, they are denied.

5.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, accordingly, they are denied.

6.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and, accordingly, they are denied.

7.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, accordingly, they are denied.

8.     Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and, accordingly, they are denied.

9.     Admitted.

10.    Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

11.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, accordingly, they are denied.

12.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and, accordingly, they are denied.

13.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and, accordingly, they are denied.

14.    Denied as stated.  It is admitted that Plaintiffs' real estate agent, Chip Stanilla, hired Defendant HouseMaster to perform a partial home inspection and related services on said home on July 30, 1999.  By way of further answer, true

3

and correct copies of the Inspection Order Agreement and related scheduling sheet are attached hereto as Exhibit A.

15. Denied. The allegations of Paragraph 15 are denied insofar as they purport to characterize the contents of documents which speak for themselves. By way of further answer, Defendant HouseMaster's Express Report on its specific element inspection and its Radon Test Report are attached hereto as Exhibits B and C respectively.

16. Denied. The allegations of Paragraph 16 are denied insofar as they purport to characterize the contents of a document which speaks for itself. By way of further answer, Defendant HouseMaster performed the partial home inspection/specific element inspection it was contracted to perform.

17. Denied. After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, accordingly, they are denied.

18. Denied. After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, accordingly, they are denied.

19.     Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, accordingly, they are denied.

20.     Denied.  Paragraph 20 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

21.     Denied.  Paragraph 21 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

22.     Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and, accordingly, they are denied.

23.     Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and, accordingly, they are denied.

24.     Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, accordingly, they are denied.

5

25.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and, accordingly, they are denied.

26.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and, accordingly, they are denied.

27.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, accordingly, they are denied.

28.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, accordingly, they are denied.

29.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, accordingly, they are denied.

30.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, accordingly, they are denied.

31.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, accordingly, they are denied.

32.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, accordingly, they are denied.

33.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, accordingly, they are denied.

34.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, accordingly, they are denied.

35.    Denied.  Paragraph 35 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

36.    Denied.  Paragraph 37 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

37.    Denied.  Paragraph 37 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

38.    Denied.  Paragraph 38 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

39.    Denied.  Paragraph 39 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

40.    Denied.  Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

41.    Denied.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, accordingly, they are denied.

42.    Denied.  Paragraph 42 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

43.    Denied.  Paragraph 43 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

## COUNT I

### PLAINTIFFS v. ALLSTATE INSURANCE COMPANY
### BAD FAITH

44.    Paragraphs 1 through 43 above are incorporated by reference.

45.-49. No responses are required to these paragraphs as the allegations are directed to another party.  Further, these Paragraphs set forth legal conclusions to which no responses are required.  To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT II

### PLAINTIFFS v. ALLSTATE INSURANCE COMPANY
### BREACH OF CONTRACT

50.    Paragraphs 1 through 49 above are incorporated by reference.

51.-56. No responses are required to these paragraphs as the allegations are directed to another party. Further, these Paragraphs set forth legal conclusions to which no responses are required. To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT III

## PLAINTIFFS v. LINDA M. EDLEMAN
## MISREPRESENTATION

57.    Paragraphs 1 through 43 above are incorporated by reference.

58.-63. No responses are required to these paragraphs as the allegations are directed to another party. Further, these Paragraphs set forth legal conclusions to which no responses are required. To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

10

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT IV

### PLAINTIFFS v. LINDA M. EDLEMAN
### NEGLIGENCE

64.    Paragraphs 1 through 41 and 57 through 63 above are incorporated by reference.

65.-69. No responses are required to these paragraphs as the allegations are directed to another party. Further, these Paragraphs set forth legal conclusions to which no responses are required. To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT V

### PLAINTIFFS v. LINDA M. EDELMAN
### BREACH OF CONTRACT

70.    Paragraphs 1 through 43 and 57 through 69 above are incorporated by reference.

71.-75. No responses are required to these paragraphs as the allegations are directed to another party.  Further, these Paragraphs set forth legal conclusions to which no responses are required.  To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT VI

### PLAINTIFFS v. FRED SCHAFER AND MT. GRETNA REALTY
### MISREPRESENTATION

76.    Paragraphs 1 through 43 above are incorporated by reference.

77.-82. No responses are required to these paragraphs as the allegations are directed to another party.  Further, these Paragraphs set forth legal conclusions to

which no responses are required. To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT VII

## PLAINTIFFS v. FRED SCHAFER AND MT. GRETNA REALTY
## UNFAIR TRADE PRACTICE AND CONSUMER PROTECTION LAW

83.    Paragraphs 1 through 43 and 76 through 82 above are incorporated by reference.

84.-85. No responses are required to these paragraphs as the allegations are directed to another party. Further, these Paragraphs set forth legal conclusions to which no responses are required. To the extent the allegations in these Paragraphs are deemed to be directed to Defendant HouseMaster and to be factual, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment

13

in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT VIII

## PLAINTIFFS v. HOUSEMASTER
## NEGLIGENCE

86.    Paragraphs 1 through 43 above are incorporated by reference.

87.    Paragraph 87 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

88.    Admitted in part and denied in part.  It is admitted that Plaintiffs' real estate agent hired HouseMaster to perform a partial home/specific element inspection regarding the structure of said home along with a radon test.  After reasonable investigation, HouseMaster is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 88 and, accordingly, they are denied.

89.    Denied as stated.  On or about July 30, 1999, Defendant HouseMaster performed a specific element inspection and radon test of the home per the Inspection Order Agreement.

14

90.    Denied.  The allegations in Paragraph 90 are denied insofar as they purport to characterize the contents of a report which speaks for itself.

91.    Denied as stated.  Defendant HouseMaster is a professional home inspection company.

92.    Denied.  The allegations in Paragraph 92 are denied insofar as they purport to characterize the contents of a report which speaks for itself.  By way of further answer, it is denied that Defendant HouseMaster had any duty under the contract to identify the source of any water stains, to recommend further investigation, or to refer Plaintiffs to other professionals who may have been of assistance.

93.    Paragraph 93 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  By way of further answer, the Report expressly states that "[d]ue to the normal and stated limitations of a home inspection, no representations or guarantees are made with respect to latent deficiencies or any future conditions." Report, p.1.  The Report goes on to remark, "Any comments in this report are based on evidence/indication present at the time of inspection only.  It is not possible to accurately determine the extent of past conditions or to predict future concerns."  Report, p. 12.

15

94.     Paragraph 94 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

95.     Paragraph 95 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## COUNT IX

### PLAINTIFFS v. HOUSEMASTER
### MISREPRESENTATION

96.     Paragraphs 1 through 43 and 86 through 95 above are incorporated by reference.

97.     Paragraph 97 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  By way of further answer, the Report expressly states that "[d]ue to the normal and stated limitations of a home inspection, no representations or

16

guarantees are made with respect to latent deficiencies or any future conditions." Report, p.1. The Report goes on to remark, "Any comments in this report are based on evidence/indication present at the time of inspection only. It is not possible to accurately determine the extent of past conditions or to predict future concerns." Report, p. 12.

98.   Paragraph 98 sets forth legal conclusions to which no response is required. To the extent those allegations are deemed factual in nature, they are denied.

99.   Paragraph 99 sets forth legal conclusions to which no response is required. To the extent those allegations are deemed factual in nature, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

# COUNT X

## PLAINTIFFS v. HOUSEMASTER
## BREACH OF CONTRACT

100.   Paragraphs 1 through 43 and 86 through 99 above are incorporated by reference.

101.   Paragraph 101 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  The documents speak for themselves.

102.   Paragraph 102 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  The documents speak for themselves.

103.   The allegations in Paragraph 103 are denied insofar as they purport to characterize the contents of a report which speaks for itself.

104.   Paragraph 104 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

105.   Paragraph 105 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

18

106.   Paragraph 106 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  By way of further answer, the Report expressly states that "[d]ue to the normal and stated limitations of a home inspection, no representations or guarantees are made with respect to latent deficiencies or any future conditions." Report, p.1.  The Report goes on to remark, "Any comments in this report are based on evidence/indication present at the time of inspection only.  It is not possible to accurately determine the extent of past conditions or to predict future concerns."  Report, p. 12.

107.   Paragraph 107 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

19

# COUNT XI

## PLAINTIFFS v. HOUSEMASTER
## UNFAIR TRADE PRACTICE AND CONSUMER PROTECTION LAW

108.   Paragraphs 1 through 43 and 86 through 107 above are incorporated by reference.

109.   Paragraph 109 sets forth legal conclusions to which no response is required.  To the extent those allegations are deemed factual in nature, they are denied.  The documents speak for themselves.

110.   Paragraph 110 sets forth legal conclusions to which no response is required.  To the extent these allegations are deemed factual in nature, they are denied.

WHEREFORE, Defendant HouseMaster respectfully requests the Court to dismiss the Amended Complaint as to Defendant HouseMaster, to enter judgment in favor of Defendant Housemaster, and to award Defendant HouseMaster its costs, including attorneys' fees, and all other relief to which it may be entitled.

## DEFENSES

111.   Defendant HouseMaster incorporates its answers to Paragraphs 1 through 110 above, and asserts those answers as defenses.

20

112.   The Amended Complaint fails to state a claim upon which relief can be granted against Defendant HouseMaster.

113.   Plaintiffs' claims are barred by the statute of limitations.

114.   Plaintiffs' claims are barred by contractual limitations.

115.   Plaintiffs' damages, if any, were caused by third persons not under the control of Defendant HouseMaster and are thereby barred and/or reduced.

116.   Plaintiffs' damages, if any, were caused by Plaintiffs' actions or omissions and are thereby barred and/or reduced.

117.   Plaintiffs' damages, if any, were caused by Plaintiffs' contributory and/or comparative negligence and are thereby barred and/or reduced.

118.   Plaintiffs' damages, if any, are barred and/or reduced by Plaintiffs' assumption of the risk.

119.   Plaintiffs' damages, if any, were caused by the negligent acts and/or omissions of the Co-Defendants.

120.   Defendant HouseMaster was not negligent.

121.   Defendant HouseMaster's conduct was not the legal cause of Plaintiff's alleged damages.

122.   Defendant HouseMaster's conduct was not the cause-in-fact of Plaintiffs' alleged damages.

123.   Defendant HouseMaster's conduct was not a substantial factor in causing Plaintiffs' alleged damages.

124.   At all times, Defendant HouseMaster acted in accordance with and within the confines of applicable law.

125.   At all times, Defendant HouseMaster acted in accordance with and within all applicable industry standards for home inspections.

126.   Plaintiff's claims are barred by consent, waiver and release.

127.   The Express Report (which is attached hereto as Exhibit B) speaks for itself and is incorporated herein and made a part hereof.

128.   The Inspection Order Agreement (which is attached hereto as Exhibit A) speaks for itself and is incorporated herein and made a part hereof.

129.   Plaintiffs have failed to properly mitigate their damages.

130.   The damages which Plaintiffs allege result from the negligence of HouseMaster relate to matters or conditions which were beyond the scope of any inspection conducted by HouseMaster, as such scope was understood, or should have been understood, by Plaintiffs and/or their agents.

131.   Defendant HouseMaster's Inspection Order Agreement and Express Report set forth the scope and limitations of the inspection and Plaintiffs' claims and damages are thereby barred or limited.

132.   Plaintiffs' remedies are barred, restricted or limited by the terms of the HouseMaster Home Inspection Limited Guarantee, attached hereto as Exhibit D and a made a part hereof.

133.   All obligations and duties that Plaintiffs claim that Defendant HouseMaster owed or breached to the Plaintiffs were discharged.

134.   Plaintiffs have failed to establish that Defendant HouseMaster engaged in "unfair methods of competition and unfair or deceptive acts or practices" as required under the UTPCPL.

135.   Plaintiffs were suffering from some and/or all of the physical injuries, ailments or pains as outlined in Plaintiffs' Amended Complaint prior to their purchase of the subject home.

136.   Some and/or all of the Plaintiffs' claims are barred or reduced by operation of the doctrine of merger.

137.   Defendant HouseMaster incorporates by reference all affirmative defenses averred by any other Defendant as though fully stated herein at length.

138.   Defendant HouseMaster gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this action and hereby reserves the right to assert any such defenses.

23

WHEREFORE, Defendant HouseMaster respectfully requests that this

Court enter judgment in HouseMaster's favor, together with costs of suit and all

other relief to which it might be entitled.

Respectfully submitted,

Robert E. Kelly, Jr., Esquire
Attorney Id No. 21925
Jennifer L. Murphy, Esquire
Attorney Id No. 76432
DUANE MORRIS LLP
305 North Front Street, 5th Floor
Harrisburg, PA  17101
(717) 237-5508

Dated: Jan 4, 2002

HBG\86641.1

Counsel for Defendant HouseMaster

24

## CERTIFICATE OF SERVICE

AND NOW, this 7th day of January 2002, I, Pamela L. Russell, a secretary with the law

firm of Duane Morris LLP, hereby certify that I have served a copy of the **Answer and**

**Affirmative Defenses of Defendant Housemaster to Plaintiffs' Amended Complaint** on the

following by depositing a true and correct copy of the same in the U.S. Mail at Harrisburg,

Pennsylvania, postage prepaid, addressed to:

Timothy T. Stevens, Esquire
Stevens & Johnson
740 Hamilton Mall
Allentown, PA 18101

John Flounlacker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Harrisburg, PA 17101

James G. Nealon, III, Esquire
Nealon & Grove
2411 North Front street
Harrisburg, PA 17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA 18501-0590

Pamela L. Russell