**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

APR 9 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

| | |
|---|---|
| JACK MARRONE, KAREN MARRONE, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor,           Plaintiffs | : CIVIL ACTION - LAW |
| v. | : CASE NO.: 1:CV-01-0773 |
| | : JURY TRIAL DEMANDED |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTER           Defendants | : (JUDGE KANE) |

**DEFENDANT HOUSEMASTER'S MEMORANDUM OF LAW
IN OPPOSITION TO HOMESIDE LENDING, INC'S
MOTION FOR LEAVE TO INTERVENE**

**I.  INTRODUCTION**

HomeSide Lending, Inc. ("HomeSide" or "Movant") seeks leave to intervene in this action solely for the purpose of filing a new complaint – a declaratory judgment action – against all parties, both Plaintiffs and Defendants, including Defendant HouseMaster. Through the proposed declaratory judgment action, HomeSide seeks declarations that (1) it may enter the alleged mold infested property to make necessary repairs thereto for the purpose of resale and (2) before

Plaintiffs receive any proceeds from this action, that HomeSide be paid in full for all damages it incurred as a result of Plaintiffs' mortgage default.

Defendant HouseMaster opposes HomeSide's Motion to Intervene. As set forth more fully below, HomeSide's Motion should be denied because: (1) it is not procedurally proper under Federal Rule of Civil Procedure 24; (2) it fails to meet with requirements for intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24; and (3) HomeSide's presently pending Complaint against Plaintiffs in the Court of Common Pleas of Lebanon County addresses and affords HomeSide the same rights and relief it is presently seeking here in its Motion to Intervene.

## II. STATEMENT OF THE CASE

In this action, Plaintiffs allege that they purchased a home which became infested with toxic mold due to undisclosed water problems with the subject property. On or about May 3, 2001, Plaintiffs commenced this mold litigation against their homeowners' insurance company, Allstate Insurance Company, the seller of the subject property, Linda Edleman, the seller's real estate agent and agency, Fred Schafer and Mt. Gretna Realty, and the home inspection company, HouseMaster. According to the Complaint, "Plaintiffs have suffered a complete disruption of their lives, physical and emotional damage and distress, and loss of

their home and personal possessions" and are seeking damages as a result. Plaintiff's Complaint, ¶¶ 54, 61, 67, 80, 83, 93, 97 and 105.

On November 2, 2001, upon receiving leave of Court, Plaintiffs filed an Amended Complaint, adding Matthew Marrone to the action as a party-Plaintiff. To date all Defendants, with the exception of Defendant Allstate, have filed Answers to the Amended Complaint. Discovery is presently ongoing among the parties.

On or about March 21, 2002, Homeside Lending, Inc. filed a Motion to Intervene along with a supporting brief seeking to intervene in this action in order to file a declaratory judgment action against all of the current parties. This Memorandum of Law is filed in opposition to HomeSide's Motion.

### III. ARGUMENT

#### A. Homeside's Motion To Intervene Pursuant To Fed. R. Civ. P. 24 Is Procedurally Improper

The intervention rule, Federal Rule of Civil Procedure 24, is intended to prevent multiple lawsuits where common questions of law or fact are involved. Washington Elec. Coop v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92 (2d Cir. 1990). That rule, however, was not intended to permit the creation of whole new lawsuits by the intervenors. Id.; Sierra Club v. U.S. Army Corps of

-3-

Engineers, 709 F.2d 175, 176-77 (2d Cir. 1983)(per curiam). Indeed, it is well established that intervenors must take the pleadings in an action as they find them. General Ins. Co. of America v. Hercules Construction Co., 385 F.2d 13, 18 (8th Cir. 1967); In re V-I-D, Inc., 177 F.2d 234, 236 (7th Cir. 1949), cert. denied, 339 U.S. 904, 70 S.Ct. 518, 94 L.Ed.2d 1333 (1950). Further, "[i]ntervention is generally not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." Deus v. Allstate Ins. Co., 15 F.3d 506, 526 (5th Cir. 1994), citing Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

Here, Movant HomeSide seeks leave of Court to intervene in the presently pending mold litigation. Even though its Motion is styled as one seeking "intervention," HomeSide does not intend to adopt the pleadings of Plaintiffs or Defendants in this case as they presently exist nor does it seek to become either a party-plaintiff or a party-defendant. Rather, HomeSide seeks to use the instant action to initiate a wholly new action – a declaratory judgment action – against all of the parties, both Plaintiffs and Defendants. This creation of an entirely new action is simply not permitted under Rule 24. Washington Elec. Coop, supra; Sierra Club, supra.

HomeSide clearly "can protect its interests and/or recover on its claim through some other means." Deus, 15 F.3d at 526. First, HomeSide has already brought a mortgage foreclosure action against Plaintiffs in state court. That action, seeking damages in the amount of the mortgage default plus late charges, interest and fees, is presently pending in the Court of Common Pleas of Lebanon County. HomeSide can protect any interest it has in the subject property through that particular proceeding. Second, HomeSide can file its proposed declaratory judgment action on its own, independent of this case, without intervening here. Consequently, intervention for the purpose of filing the declaratory judgment action is not appropriate in this case and must be denied.

### B. Homeside Fails to Meet the Requirements for Fed. R. Civ. P. 24 Intervention

Even assuming *arguendo* that HomeSide's Motion to Intervene is procedurally correct, it still fails. Intervention is governed by Federal Rule of Civil Procedure 24. A non-party seeking to intervene in a pending action has two options available under Rule 24: first it may intervene under section (a) providing for intervention as of right or it may seek permissive intervention under section (b). HomeSide has moved for both intervention as of right and permissive intervention. Both options fail.

1. <u>Intervention of Right Pursuant to Fed. R. Civ. P. 24(a)</u>

Movant Homeside has moved for leave to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). Rule 24(a) provides in relevant part that:

> [u]pon timely application anyone shall be permitted to intervene in an action:
>
> . . .
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R.C.P. 24(a)

The Court of Appeals for the Third Circuit has ruled that an applicant is entitled to intervention as of right under Rule 24(a)(2) when:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in litigation.

<u>Brody by and through Sugzdinis v. Spang</u>, 957 F.2d 1108, 1115 (3d Cir. 1992) (<u>citing</u> <u>Harris v. Pernsley</u>, 820 F.2d 592, 596 (3d Cir. 1987) <u>cert. denied</u>, 484 U.S. 947; <u>Kleissler v. U.S. Forest Service</u>, 157 F.3d 964, 969 (3d Cir. 1998). Failure on the part of the moving party to satisfy any one of these requirements is a sufficient basis upon which to deny intervention. <u>United States v. New York</u>, 820 F.2d 554,

-6-

556 (2d Cir. 1987). HomeSide asserts that it has met all four requirements of the intervention rule. That assertion is not correct. HouseMaster does not contest that the Motion to Intervene is timely in light of the circumstances of this case, and that HomeSide possesses some direct interest in the subject matter of this litigation, but HomeSide cannot establish that its interest is impaired by the disposition of this action nor can it demonstrate that its interests will not be adequately represented by Plaintiffs in this litigation.

Intervention as of right requires a demonstration that disposition of the proceeding without the involvement of the proposed intervenor may impair the intervenor's ability to protect its interest in the litigation. Fed. R. Civ. P. 24. HomeSide argues only that it has shown a practical impairment of interest "since the disposition of this action may impair or impede HomeSide's financial interest since the Marrones may secure some type of recovery and not compensate HomeSide for the financial losses it incurred in the subject property." Brief, p. 5. This conclusory statement is untrue.

HomeSide's interest in the subject property will not be affected or impaired, as a practical matter, by a disposition here in this action. HomeSide has available to it several alternative venues in which it can pursue its property interest and its concerns can be addressed, such as its state court mortgage foreclosure action.

Indeed, any holding in this action would not extend to the Lebanon County Court case. In that case, HomeSide seeks damages from Plaintiffs Jack and Karen Marrone for the unpaid balance of the mortgage on the subject property plus interest, late charges, escrow credit and attorneys' fees. Any ruling in this case will simply have no impact on HomeSide's ability to recover against the Marrones in that action.

Further, HomeSide has not and cannot show that there will be an inadequate representation of its rights in the case at bar unless it is permitted to intervene. It has been noted that:

> The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented. If his interest is identical to that of one of the present parties, or if there is a party charged with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.

7C Wright, Miller & Kane, Federal Practice & Procedure §1909, at 318-19 (1986).

Here, HomeSide contends that its interests will be inadequately represented by Plaintiffs because a "substantial portion of [Plaintiffs'] claim is for <u>personal injuries</u>" or for non-personal injuries, and not property claims. Brief, p. 5. (emphasis in original). In so arguing, HomeSide conveniently ignores the express

-8-

allegations in the Amended Complaint concerning property damage. For example, in Paragraph 40 of the Amended Complaint, Plaintiffs allege:

> As a direct and proximate result of exposure to said fungal toxins, the Plaintiffs have suffered financial damage, including but not limited to, the economic loss of their home."

Amended Complaint, ¶ 40. Further, in each Count of the Amended Complaint, Plaintiffs seek an amount in excess of One Hundred Thousand Dollars ($100,000) to compensate them for the "complete disruption of their lives, physical and emotional damage and distress, and loss of their home and personal possessions . . .." Amended Complaint, ¶¶ 49, 56, 63, 69, 75, 85, 95, 99, 107 and 110 (emphasis added). There is no evidence that Plaintiffs will not pursue their property damage claims vigorously.

Although HomeSide's ultimate motivation may differ from that of Plaintiffs, their objectives are clearly the same – to seek the greatest possible recovery in the action. As noted above, representation is found to be adequate "when the objective of the applicant for intervention is identical to that of one of the parties." Bottoms v. Dresser Indus., Inc., 797 F.2d 869, 872 (10th Cir. 1986). Thus, absent "a concrete showing of circumstances . . . that make [the existing party's] representation inadequate", id., the application for intervention should be denied. Again, HomeSide has made and can make no such showing here.

Thus, HomeSide has failed to make the requisite showing under <u>Brody</u> that intervention as of right should be granted pursuant to Rule 24(a)(2). Because HomeSide's Motion to Intervene fails to reflect that an adverse decision will cause great loss to HomeSide and fails to reflect that its interest may not be adequately represented by Plaintiffs, this Court should deny the Motion to Intervene as of right.

### 2. Permissive Intervention Pursuant to Rule 24(b)(2)

Alternatively, HomeSide seeks leave to intervene in this action pursuant to Fed. R.C.P. 24(b)(2). Rule 24(b) provides, in relevant part, that:

> Upon timely application anyone may be permitted to intervene in an action:. . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed. R.C.P. 24(b). Whether to grant permissive intervention under Rule 24(b) is within the discretion of the Court. <u>Brody</u>, 957 F.2d at 1124. Here, HomeSide's application for permissive intervention should be denied.

As noted *supra*, HomeSide does not intend to adopt Plaintiff' pleadings in this case. Quite to the contrary, HomeSide seeks to initiate a wholly new action against all of the parties. This is not the purpose behind permissive intervention and, thus, HomeSide should be denied permissive intervention in this action under Fed. R.C.P. 24(b)(2). Indeed, HomeSide can protect any interest it has in the

subject property by proceeding with its mortgage foreclosure action or by filing anew an action for declaratory judgment, independent of the instant case.

## IV.  CONCLUSION

For the reasons set forth herein, the Motion for Leave to Intervene of HomeSide Lending, Inc. should be denied.

Respectfully submitted,

*/s/ Jennifer L. Murphy*
Robert E. Kelly, Jr., Esquire
Attorney Id No. 21925
Jennifer L. Murphy, Esquire
Attorney Id No. 76432
DUANE MORRIS LLP
305 North Front Street, 5th Floor
Harrisburg, PA  17101
(717) 237-5508

Dated:  4/9/02

Counsel for Defendant HouseMaster

HBG\95567.1

## CERTIFICATE OF SERVICE

On this 9th day of April, 2002, I, Nora A. Starnes, a secretary with the law firm of Duane, Morris & Heckscher, LLP, hereby certify that a true and correct copy of the foregoing **Defendant Housemaster's Memorandum of Law in Opposition to Homeside Lending, Inc.'s Motion for Leave to Intervene** was served upon the following individuals at their respective addresses by U.S. first class mail, postage prepaid, at Harrisburg, Pennsylvania:

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA 15219-2191

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
Sixth Floor
Post Office Box 999
Harrisburg, PA 17108

Edward Monsky, Esquire
Fine, Wyatt & Carey, P.C.
25 Spruce Street
Scranton, PA 18503

Joel D. Gusky, Esq.
Harvey, Pennington, Cabot, Griffith &
  Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA 19103

_____
Nora A. Starnes