**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, Plaintiffs, | : : : : : : | NO.: 1:CV-01-0773 |
| v. | : : | (THE HONORABLE JUDGE KANE) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SHAFER, MT. GRETNA REALTY, and HOUSE MASTERS, Defendants. | : : : : : : | FILED HARRISBURG, PA OCT 18 2002 MARY E. D'ANDREA, CLERK JURY TRIAL DEMANDED |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, ALLSTATE INSURANCE COMPANY

1. On or about May 3, 2001, Plaintiffs (Jack, Karen and Vida Marrone) commenced this civil action by filing a Complaint. On or about September 26, 2001, Plaintiffs filed a motion to file an amended Complaint to include an additional plaintiff, Matthew Marrone. Said motion to amend the Complaint was granted by this Honorable Court on October 19, 2001.

2. The Discovery is now closed per this Honorable Court's Order of July 3, 2002. The deposition transcripts of all the Plaintiffs (Jack, Karen, Vida and Matthew Marrone) and Allstate claims representative Larry Miller are attached hereto as exhibits "A", "B", "C", "D", and "E" respectively.

3. The underlying facts giving rise to this cause of action pertain to certain injuries allegedly suffered by the Plaintiffs as a result of a mold infestation occurring in or about July 2000, within the plaintiffs' residence, particularly in the basement, located at 354 Timber Road, Mt. Gretna, Lebanon County, Pennsylvania.

4. By way of background, on August 31, 1999, Plaintiffs, Jack and Karen Marrone, husband and wife, took possession of 354 Timber Road after settlement on said date. Thereafter, the Marrone's children, Plaintiff's Vida and Matthew Marrone, resided with Jack and Karen at the residence in question.

5. Prior to settlement on the aforesaid property, on August 25, 1999, Plaintiff Karen Marrone applied for a homeowners policy with Defendant, Allstate Insurance Company (hereinafter "Allstate"). A true and correct copy of the Allstate application is attached hereto as Exhibit "F".

6. Pursuant to Ms. Marrone's application for Homeowners Insurance, Allstate issued its Deluxe Plus Homeowners Policy identified by policy number: 0 01 657755 (hereinafter "Homeowners Policy"). A true and correct copy of the Homeowners Policy is attached hereto as Exhibit "G".

7. Said Homeowners Policy was effective from 12:01 a.m. on August 25, 1999 to August 25, 2000.

8. The Homeowners Policy was in effect during all relevant times pertaining to the within action.

9. Plaintiffs, who then resided at 354 Timber Lane, took a one-week vacation in July 2000. Upon returning from vacation, the Plaintiffs allegedly discovered mold had infiltrated their basement.

10. Allstate concedes that Plaintiff's filed a claim with Allstate under the Homeowner Policy because of this mold problem.

11. On August 10, 2000, Allstate denied coverage for Plaintiffs' claim under the Homeowners Policy. A true and correct copy of the disclaimer letter sent to the Plaintiffs by Allstate is attached hereto as Exhibit "H".

12. The Allstate Homeowners Policy provides "Losses We Cover Under Coverages A [pertaining to the dwelling] and B [pertaining to other structures on the property]" as follows:

> We will cover sudden and accidental direct physical loss to property described in Coverage A—Dwelling Protection and Coverage B—Other Structures Protection except as limited or excluded in this policy.

See Homeowners Policy at 6.

13. The Homeowners Policy further provides the following specific exclusions:

> In addition, we do not cover loss consisting of or caused by any of the following:
> 13. a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect;
>     b) mechanical breakdown;
>     c) growth of trees, shrubs, plants or lawns whether or not such growth is about or below the ground;
>     d) rust or other corrosion, **mold**, wet or dry rot;
>     e) smog, smoke from the manufacturing of any controlled substance, agricultural smudging and industrial operations;
>     f) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings;
>     g) insects, rodents, birds, or domestic animals. We do not cover the breakage of glass or safety glazing materials caused by birds; or
>     h) seizure by government authority.

Id. at 7 (emphasis added).

14. The injuries alleged in the Complaint are alleged to have been caused by mold in the Plaintiffs' home.

15. As the above-quoted language from the Homeowners Policy clearly indicates, "loss consisting of or caused by . . . mold" is not covered under the Homeowners Policy. *Id.* at 7.

16. Furthermore, Allstate had no duty to warn the Plaintiffs of any potential health concerns stemming from the presence of mold in Plaintiffs' home.

17. No genuine issue of material fact exists and Allstate is entitled to judgment as a matter of law.

**WHEREFORE**, Defendant, Allstate Insurance Company, urges the Honorable Court to enter summary judgment in its favor and dismiss it from the within action.

Respectfully submitted,

NEALON & GOVER, P.C.

By: _____
James G. Nealon, III, Esquire
I.D. #: 46457
2411 North Front Street
Harrisburg, PA  17110
717/232-9900

Date: 10/17/02

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, Plaintiffs, | NO.: 1:CV-01-0773 |
| v. | (THE HONORABLE JUDGE KANE) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SHAFER, MT. GRETNA REALTY, and HOUSE MASTERS, Defendants. | JURY TRIAL DEMANDED |

## CERTIFICATE OF CONCURRENCE

Plaintiffs oppose the within Motion for Summary Judgment. All other defendants take no position regarding Defendant Allstate's Motion for Summary Judgment.

Respectfully submitted,

NEALON & GOVER, P.C.

By_____
James G. Nealon, III, Esquire
Attorney I.D. 46,457
2411 North Front Street
Harrisburg, PA  17110
(717) 232-9900

Date: 10-17-02

# CERTIFICATE OF SERVICE

AND NOW, this 18th day of October, 2002, I hereby certify that I have served the foregoing MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, ALLSTATE INSURANCE COMPANY on the following by depositing a true and correct copy of same in the United States mail, postage prepaid, addressed to:

Louis M. Tarasi, Jr.
TARASI, TARASI & FISHMAN, P.C.
510 Third Avenue
Pittsburgh, PA   15219

John Flounlacker, Esquire
THOMAS, THOMAS & HAFER, LLP
305 North Front Street
Harrisburg, PA   17101

Edward A. Monsky, Esquire
FINE, WYATT & CAREY, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA   18501-0590

Jennifer L. Murphy, Esquire
DUAN, MORRIS & HECKSHER, LLP
305 North Front Street, 5th Floor
Harrisburg, PA   17101

_____
James G. Nealon, III, Esquire