**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor,<br>Plaintiffs, | NO.: 1:CV-01-0773 |
| v. | (THE HONORABLE JUDGE KANE) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SHAFER, MT. GRETNA REALTY, and HOUSE MASTERS,<br>Defendants. | JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
OCT 18 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## STATEMENT OF UNDISPUTED MATERIAL FACTS PER LR 56.1

1. Plaintiffs, Jack and Karen Marrone, entered into an Agreement of Sale on July 7, 1999 to purchase a property located at 354 Timber Road, Mt. Gretna, Lebanon County, Pennsylvania (Jack Marrone N.T. at 18).

2. Plaintiffs did not rely upon any representation made by Defendant Allstate about the habitability of the property prior to purchasing the home. (Jack Marrone N.T. at 18 - 19).

3. Plaintiffs, Jack and Karen Marrone, took possession of 354 Timber Road after settlement on August 31, 1999. (Jack Marrone N.T. at 19).

4. Karen Marrone applied for homeowners insurance on August 25, 1999. (Larry Miller N.T. at Exhibit 6).

5. Pursuant to Karen Marrone's application for insurance, an Allstate Deluxe Plus Homeowners Policy, Policy No. 0 01 657755, was issued. (Larry Miller N.T. at Exhibit 3).

6. The Deluxe Plus Homeowners Policy identified above was effective from 12:01 a.m. on August 25, 1999 until August 25, 1999 until August 25, 2000. The Homeowners Policy in question was in effect during all relevant times pertaining to the within action. (Larry Miller N.T. at Exhibit 5).

7. The Deluxe Plus Homeowners Policy, No. 0 01 657755, contains a mold exclusion. (Larry Miller N.T. at Exhibit 3, p. 7).

8. Plaintiffs contend that their alleged injuries were caused only by a mold infestation in their residence located at 354 Timber Road, Mt. Gretna, Lebanon County, Pennsylvania. (Karen Marrone N.T. at 16 – 17; Jack Marrone N.T. at 23).

9. Larry Miller, a claims adjustor from Allstate, went to the Marrone residence on behalf of Allstate to inspect the property on August 9 or 10, 2000 after the mold problem was reported to Allstate by Plaintiffs. (Karen Marrone N.T. at 17; Jack Marrone N.T. at 25).

10. While at the Plaintiffs' residence, Larry Miller suggested Plaintiffs contact Fire Tech to correct the mold problem in the Plaintiffs' basement. Larry Miller also

recommended the Claimants spray mildicide in the basement to address the mold problem. (Karen Marrone N.T. 18 – 19, 21).

Respectfully submitted,

NEALON & GOVER, P.C.

By_____
James G. Nealon, III, Esquire
Attorney I.D. 46,457
2411 North Front Street
Harrisburg, PA  17110
(717) 232-9900

Date: 10-17-02

# CERTIFICATE OF SERVICE

AND NOW, this 18th day of October, 2002, I hereby certify that I have served the foregoing STATEMENT OF UNDISPUTED MATERIAL FACTS PER LR 56.1 on the following by depositing a true and correct copy of same in the United States mail, postage prepaid, addressed to:

Louis M. Tarasi, Jr.
TARASI, TARASI & FISHMAN, P.C.
510 Third Avenue
Pittsburgh, PA   15219

John Flounlacker, Esquire
THOMAS, THOMAS & HAFER, LLP
305 North Front Street
Harrisburg, PA   17101

Edward A. Monsky, Esquire
FINE, WYATT & CAREY, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA   18501-0590

Jennifer L. Murphy, Esquire
DUAN, MORRIS & HECKSHER, LLP
305 North Front Street, 5th Floor
Harrisburg, PA   17101

_____
James G. Nealon, III, Esquire