**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, KAREN MARRONE, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW MARRONE<br>    Plaintiffs | : CIVIL ACTION - LAW<br>:<br>:<br>:<br>: |
| v. | : CASE NO.: 1:CV-01-0773<br>:<br>: JURY TRIAL DEMANDED |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTER<br>    Defendants | : (JUDGE KANE)<br>:<br>: |

FILED
HARRISBURG, PA
OCT 24 2002
MARY E. D'ANDREA, CLE[RK]
Per _____
Deputy Clerk

## DEFENDANT HOUSEMASTER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Defendant HouseMaster, by and through its attorneys, Duane Morris LLP, files this Response in Opposition to Plaintiffs' Motion for Extension of Time as follows:

1. Plaintiffs Jack Marrone, Karen Marrone, and Vida Marrone initiated this action by filing a Complaint with this Court on or about May 3, 2001.

2. A Case Management Order was entered by the Court on September 27, 2001, setting a deadline for discovery of February 28, 2002 and a mutual exchange of expert reports on March 29, 2002.

3. Upon leave of court, Plaintiffs filed an Amended Complaint, adding Matthew Marrone as a party-plaintiff to the action.

4. Plaintiffs' counsel, Richard F. Stevens, Esquire, filed a Motion to Withdrawal as Counsel for Plaintiffs on November 23, 2001.

5. The Court granted Attorney Stevens' Motion to Withdrawal as Counsel for Plaintiffs on or about December 19, 2001.

6. Then, by way of an Order dated December 21, 2001, the Court granted Plaintiffs thirty (30) days in which to obtain new counsel for this litigation.

7. On or about January 15, 2002, Plaintiffs filed a Motion for Extension, requesting an extension of an additional forty-five (45) days to obtain new legal counsel and to hold a teleconference with the Court. Plaintiffs sought this extension in part because they were to be Albany, New York, for medical examinations.

8. By Order dated January 28, 2002, this Court re-scheduled the teleconference scheduled for January 30, 2002 to February 15, 2002.

9. Louis M. Tarasi, Esquire, then entered his appearance on behalf of Plaintiffs on February 1, 2002.

10. The Court held the teleconference on February 15, 2002 and, on February 19, 2002, entered a Case Management Order providing, *inter alia*, a June 28, 2002 deadline for fact discovery and a July 12, 2002 deadline for mutual exchange of expert reports.

11. Plaintiffs then filed a Motion for Extension of Time on July 2, 2002, seeking an additional sixty (60) days of time to complete fact discovery.

12. On July 5, 2002, the Court granted Plaintiffs' Motion for Extension, amending the February 19, 2002 Case Management Order to reflect deadlines for fact discovery and exchange of expert reports of August 30, 2002, and September 13, 2002 respectively.

13. Discovery closed on August 30, 2002.

14. The deadline for the identification and production of expert witnesses and reports, previously extended twice, then expired on September 13, 2002, with no indication from Plaintiffs that they had a medical causation expert. Rather, by way of correspondence dated September 13, 2002, Plaintiffs produced expert reports of Tom Moore, a home inspector, and Robert A. Pfromm, a Certified Industrial Hygentist.

15. Indeed, to date Plaintiffs have failed to reveal the identity of any medical expert who will testify on their behalf on the issues of liability, causation, and damages or produce a report from a medical expert.

16. Pursuant to the Court's July 3, 2002 Case Management Order, dispositive motions and Daubert motions with supporting briefs were due to the Court on or before October 18, 2002.

17. Defendant HouseMaster filed a Motion for Summary Judgment and supporting brief on October 18, 2002, seeking, *inter alia*, dismissal of Plaintiffs' claims for personal injury damages on the grounds that Plaintiffs failed to proffer the requisite medical expert testimony in support of their claims.

18. Thereafter, on or about October 21, 2002, some five (5) weeks following the close of expert discovery, Plaintiffs filed a Motion for Extension of Time, seeking an additional sixty (60) days in which to disclose their still unidentified medical expert's reports to Defendants. According to Plaintiffs' Motion, their "medical causation expert was unable to generate his expert reports by September 13, 2002 due to the doctor's busy schedule."

19. Defendant HouseMaster strongly opposes Plaintiffs' Motion for Extension of Time.

20. The purpose of the discovery rules is to prevent trial by surprise and to promote judicial economy.

21. Plaintiffs knew of the necessity to obtain a medical causation expert well before the twice-extended case management deadline of September 13, 2002. Indeed, Plaintiffs have alleged medical problems dating back to 1999 and apparently were scheduled to see a medical specialist in Albany, New York in January, 2002. Despite having ample time, Plaintiffs apparently made no effort to secure same until after the deadline for producing expert reports had passed. Plaintiffs should have been more diligent in protecting their rights in light of their full knowledge of the case management deadlines in this litigation.

22. Further, Defendants will suffer prejudice from the continued delay in the progress of this case.

23. First, similar to Defendant Edleman's situation, the litigation against HouseMaster has impacted its insurance coverage, resulting in an increased deductible required by the insurer to maintain coverage.

24. Second, HouseMaster has expended considerable resources, effort and expense to timely and properly respond to Plaintiffs' baseless claims, including producing timely expert reports and preparing and filing its Motion for

Summary Judgment and supporting brief, in part based upon the absence of any medical causation expert testimony by Plaintiffs.

25. Plaintiffs' delay and request to extend the Case Management Order once more will require HouseMaster to expend additional time, effort and expense on responsive expert reports, and preparing and filing revised dispositive motions/briefs and Daubert motions/briefs.

26. HouseMaster has already been forced to expend significant resources defending itself before this Court and Plaintiffs, whose responsibility it is to cooperate in moving their case forward, have done little in pursuit of this privilege.

27. This Court should not tolerate this costly delay on the part of Plaintiffs. An additional sixty (60) day extension will mean that the case cannot proceed toward resolution to the prejudice of Defendants.

WHEREFORE, Defendant HouseMaster respectfully requests that this Court deny Plaintiffs' Motion for Extension of Time and require that the parties proceed as provided for in the Court's July 3, 2002 Case Management Order.

Respectfully submitted,

DUANE MORRIS LLP

Date: October 24, 2002

*[signature]*
Paul E. Scanlan, Esquire
Attorney ID No. 75733
Jennifer L. Murphy, Esquire
Attorney ID No. 76432
305 North Front Street, 5th Floor
P.O. Box 1003
Harrisburg, PA 17108-1003
(717) 237-5500

Attorneys for Defendant HouseMaster

HBG\105313.1

## CERTIFICATE OF SERVICE

AND NOW, this 24th day of October, 2002, I, Ruth M. Forsythe, an employee of Duane Morris LLP, hereby certify that I have served a copy of Defendant HouseMaster's Response In Opposition to Plaintiffs' Motion for Extension of Time on the following by depositing a true and correct copy of the same in the U.S. Mail at Harrisburg, Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Grover, P.C.
2411 North Front Street
Harrisburg, PA 17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA 18501-0590

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Louis M. Tarasi, Jr., Esquire
510 Third Avenue
Pittsburgh, PA 15219

By: *Ruth M. Forsythe*
Ruth M. Forsythe