IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

· · · 4 2002

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, **Plaintiffs** | |
| v. | CIVIL ACTION NO. 1:CV-01-0773 (Judge Kane) |
| ALLSTATE INSURANCE CO., et al. **Defendants** | |

### MEMORANDUM & ORDER

Now before the Court is a Motion to Intervene filed by HomeSide Lending, Inc. ("HomeSide"). Defendant HouseMasters has filed a Brief in Opposition to the Motion but Plaintiffs and the other named Defendants do not object to HomeSide's Motion. The Motion is ripe for disposition and for the reasons explained herein, the Motion is granted for a limited purpose.

**I.   Background**

The underlying suit arises out of Plaintiff's purchase and subsequent mortgage of real estate located at 354 Timber Road, Mt. Gretna, Lebanon County, Pennsylvania. Plaintiffs allege that the house they purchased had undisclosed water drainage problems which caused the building to become infested with toxic mold. Their homeowners' insurance company, Allstate Insurance Company, denied Plaintiff's claim for the damage caused by the mold. Plaintiffs then filed this action against their insurer, the seller of the property, the seller's real estate agent and agency, and the home inspection company; alleging bad faith, breach of contract, misrepresentation, negligence and unfair trade practices. Plaintiffs seek damages from all

Defendants and, with respect to Defendants Edlman, Schafer, and Mt. Gretna Realty, demand rescission of the real estate transaction. Plaintiffs do not seek any action or remedy concerning the restoration or repair of the property, nor do they seek to return to the house. According to the Complaint, the property remains vacant and unsaleable due to the toxic mold.

When Plaintiffs purchased the real estate in August of 1999, they executed a note and mortgage in the amount of $165,000 with Equity One, Inc. The original mortgage was assigned to HomeSide on December 6, 1999. Upon discovering the mold, Plaintiffs moved out and, in November of 2000, stopped making their mortgage payments. On April 10, 2001, HomeSide filed a Complaint in Mortgage Foreclosure against Plaintiffs in the Court of Common Pleas, Lebanon County, seeking an in rem judgment for the subject property. HomeSide provides no further information with respect to the status of those proceedings.

HomeSide now seeks to intervene in the present suit for two reasons: (1) so that it may enter the property and make the repairs necessary to sell the property and (2) so that in the event that Plaintiffs prevail, it may receive proceeds from the action to satisfy the mortgage and related debts before funds are distributed to Plaintiffs.

## II. Discussion

### (A) Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure states:

> **Intervention of Right**. Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

2

An applicant seeking intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) must prove four elements: (1) the proposed intervenor has a sufficient interest in the litigation; (2) the suit presents a threat that the proposed intervenor's interest will be impaired or affected, as a practical matter, by the disposition of the action; (3) the existing parties to the litigation will not adequately represent the interests of the proposed intervenor; and (4) the application for leave to intervene is timely. Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995).

First, HomeSide alleges intervention is proper so it can enter the subject property, make repairs, and sell the property. However, HomeSide has not established that it now has the right to possess, enter, repair or sell the property. There is no evidence that the Complaint in Mortgage Foreclosure has been decided. Nor has HomeSide provided support for the proposition that it may enter and repair the property before judgment has been entered in Lebanon County. Either way, discovery is closed and HomeSide is free to enter the house and do as it pleases once the right arises under state law. HomeSide does not need to intervene to accomplish this purpose.

Second, HomeSide alleges intervention is proper so it can advance claims to any monetary judgment received by Plaintiffs in order to satisfy the money it is owed under the mortgage. If this were sufficient grounds for intervention, then any creditor could intervene in an action filed by its debtor regardless of whether it had an interest in the claims of the underlying suit. HomeSide has provided no authority, not even a theory, which would entitle it to intervene in the entire action for the purpose of being paid if the Plaintiffs eventually prevail. To reach the proceeds, if any, from this litigation, HomeSide must take the necessary steps to get a personal judgment against the Plaintiffs and wait in line as an unsecured creditor. Completion of

HomeSide's in rem mortgage foreclosure will only entitle it to the real estate and will not create any personal liability on the part of the Plaintiffs. Meco Realty Co. v. Burns, 200 A.2d 869, 871 (Pa. 1964); see also People's Nat. Bank of Lebanon v. Noble, 487 A.2d 912 (Pa. Super. 1985) (holding that an in rem mortgage foreclosure proceeding does not give rise to a deficiency judgment). Therefore, the mortgage and subsequent foreclosure proceeding do not give HomeSide an interest in any proceeds from this litigation.

However, to the extent that HomeSide is claiming a right to proceeds in the event of recission (i.e. return of the purchase price), the mortgage and subsequent foreclosure proceeding may give HomeSide a reason to intervene. Therefore, the Court will address the requirements of intervention as of right with respect to this claim only. Since the parties do not dispute the timeliness of the motion for leave to intervene, only the first three elements are addressed below.

### (1)    Interest Relating to the Property

Rule 24(a)(2) requires the proposed intervenor to have a "significantly protectable." interest "relating to the property or transaction which is the subject of the action." Donaldson v. United States, 400 U.S. 517, 531 (1971). There is no "precise and authoritative definition" of the interest that satisfies Rule 24(a)(2). Kleissler v. United States Forest Serv., 157 F.3d 964, 968 (3d Cir. 1998). Often the determination of whether an interest is significantly protectable is colored to some extent by the second requirement of a practical impairment. Id. at 969.

While HomeSide's interest is not related to the issues of bad faith, breach of contract, misrepresentation, negligence and unfair trade practices; the mortgage and subsequent foreclosure proceeding provide HomeSide with a right in the real estate which is the subject of this action. See J.C. Wyckoff & Assoc., Inc. v. Aetna Cas. & Surety Co., 41 B.R. 791 (E.D. Mich. 1984) (holding that a mortgagee of property which was the subject of a suit between the

4

mortgagor and the insurance company met the first requirement). In fact, the parties agree that HomeSide has some direct interest related to the property in this litigation. (See Br. Opp. at 7.) Therefore, HomeSide meets the first requirement of Rule 24(a)(2).

### (2)    Threat the Interest will be Impaired

Rule 24(a)(2) requires the proposed intervenor to "demonstrate that there is a tangible threat to a legally cognizable interest." Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987). Since Plaintiffs request recission, HomeSide's security interest in the real estate may be impaired or impeded as a result of this suit. The goal of recission is to place the parties to the contract in their former positions with regard to the subject of the contract. Sullivan v. Allegheny Ford Truck Sales, Inc., 423 A.2d 1292, 1295 (Pa. Super. 1980). This would require the return of the real estate to Defendant Edelman and return of the purchase price to Plaintiffs. However, at the close of the foreclosure proceeding HomeSide will have significant rights in the real estate, including the right to sell the real estate. While HomeSide does not argue exactly how its interests will be impaired by a recission remedy, it is clear that the present action threatens to impair those rights.

### (3)    Inadequate Representation of the Interest

Finaly, Rule 24(a)(2) requires that the proposed intervenor's interest be inadequately represented by the existing parties. The burden of establishing inadequate representation varies with each case. Kleissler, 157 F.3d at 972. In this case, HomeSide's mortgage and foreclosure rights are not adequately represented by any of the parties currently before the Court. First, Plaintiffs are seeking recission. HomeSide may argue for or against recission and, in the event recission is granted, argue it has a right to a portion of the returned funds equal to the unpaid mortgage. Second, while both the Defendants and HomeSide may argue against recission, the

Defendants may advance arguments that are not linked to HomeSide's interest in the property. Therefore, HomeSide meets the third requirement of Rule 24(a)(2) and is entitled to intervention as of right in the remedy phase of this case.

### (B) Permissive Intervention

Alternatively, HomeSide argues for permissive intervention. Rule 24 of the Federal Rules of Civil Procedure states:

> **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

HomeSide's claim that it is entitled the money owed pursuant to a mortgage has no question of law or fact in common with the claims of bad faith, breach of contract, misrepresentation, negligence and unfair trade practices advanced against the Defendants. Moreover, granting HomeSide's request to intervene would unduly delay, complicate and prejudice this action. Therefore, the motion for permissive intervention will be denied.

### III. Conclusion

HomeSide has shown no interest in the true subject of this litigation; i.e. the claims of bad faith, breach of contract, misrepresentation, negligence and unfair trade practices arising out of the sale of the real estate located at 354 Timber Road, Mt. Gretna, Pennsylvania. Therefore, this Court sees no need for HomeSide to participate in every aspect of what may be a complicated case. HomeSide meets the Rule 24(a)(2) intervention test only with respect to the issue of recission in the remedy phase. HomeSide's intervention is properly limited to this aspect of the

6

case.[1] Moreover, allowing HomeSide to intervene in the entire action would unduly delay, complicate and prejudice the action. Therefore, HomeSide's motion to intervene will be granted but their intervention will be limited to the remedy phase of this suit and only with respect to the issue of recission.

IV. **Order**

**THEREFORE,** for the reasons stated above, **IT IS HEREBY ORDERED THAT** the Motion to Intervene by HomeSide Lending, Inc. (Doc. No. 43) is **GRANTED FOR A LIMITED PURPOSE.** HomeSide may intervene in the remedy phase of this action and only with respect to the recission issue.

Yvette Kane
United States District Judge

Dated: 11/4, 2002

---

[1] See Kleissler, 157 F.3d at 971-72 for discussion of granting a motion to intervene but limiting the intervenor's participation. See also Brody v. Spang, 957 F.2d 1108 (3d Cir. 1992); Harris v. Pemsley, 820 F.2d 592 (3d Cir. 1987).

7