ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE,<br><br>Plaintiffs<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | Civil Action No.: 1:CV-01-0773<br><br>FILED<br>HARRISBURG,<br><br>NOV 06 2002<br><br>(U.S. District Judge Yvette Kane)<br>MARY E. D'ANDREA,<br>Deputy Clerk<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT ALLSTATE INSURANCE COMPANY**

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Plaintiffs' Response to the Motion for Summary Judgment of Defendant Allstate Insurance Company, reserving the right to supplement and amend this response should Plaintiffs' motion for extension of time to file responses to Defendants motions for summary judgment be granted, and in support thereof set forth the following:

1. Admitted.

2. Admitted in part and denied in part. It is admitted that discovery is closed pursuant to this Honorable Court's Order of July 3, 2002, but is denied that discovery is closed pursuant to three outstanding motions filed on behalf of the Plaintiffs (1) to extend discovery for purposes of filing their medical causation expert reports; (2) to be permitted to file their medical

causation expert reports *nunc pro tunc*; and (3) to extend the time in which to file this and the other responses to all the Defendants' motions for summary judgment.

3. Denied. By way of further response, the underlying facts reveal that mold was present in the subject home throughout August of 1999 to the present. (Depo. of Karen Marrone at p. 69, lns. 16 - p. 70, ln. 17; Report of Tom Moore, attached to the Motion for Summary Judgment of Defendant Edleman; Report of Robert Pfromm, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman) (Supporting Affidavits will be filed within ten (10) days.) The Plaintiffs were therefore exposed to said mold at various times, depending on the particular Plaintiff, throughout August of 1999 to October 14, 2000. (Depo. of Karen Marrone at p. 162, lns. 10-24)

4. Admitted.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that the Marrones went through an application process for their home insurance, but it is denied as suggested that the application was all that was required for the issuance of insurance by Allstate, it having had one of its representatives inspect the premises prior to issuing a home insurance policy to the Marrones. (Depo. of Karen Marrone p. 11, ln. 14 - p. 16, ln. 6)

7. Admitted.

8. Admitted.

9. Admitted in part and denied in part. It is admitted that after the Plaintiffs return from their trip that they discovered the mold infestation or "explosion" as it has been termed. It is denied that "Plaintiffs allegedly discovered mold had infiltrated their basement," when

Allstate's own inspector observed the conditions and described it as a "major mold and mildew problem." (Depo. of Larry Miller p. 29, ln. 24 - p. 30, ln. 24; Ex. 2, p. 12)

10. Denied. By way of further response, a claim was filed with Allstate because when the Marrones returned from their trip they found that they had a basement full of mold and no idea how it got there. (Depo. of Jack Marrone at p. 23, ln. 23 - p. 26, ln. 25; Depo. of Karen Marrone at p. 17, ln. 8 - p. 26, ln. 23)

11. Admitted.

12. Admitted. By way of further response, the document speaks for itself.

13. Admitted in part and denied in part. It is admitted that the referenced document says what its says, by way of further response, the document speaks for itself. It is denied as suggested that the referenced text can be construed as "specific exclusions," no such language ("specific") appears on the document itself. (Depo. of Larry Miller at Ex. 3, p. 7, ¶ 13)

14. Admitted in part and denied in part. It is admitted that the mold caused some of the Plaintiffs damages, but it is denied that the mold infestation was the sole cause of the Plaintiffs' damages, their expert Tom Moore, the Plaintiffs expert regarding home inspections found that there was evidence of leaking pipes in the ceiling of the basement. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.) Such evidence indicates that more than just the mold was to blame for this condition, a sudden and accidental release from a leaking pipe caused an additional water problem at this home. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.) Larry Miller testified that Allstate received a statement from the

Marrones on August 8, 2000, where an Allstate employee, Lauren Hittle, noted that "[w]ater has caused damage to his basement floor and ceiling. He is not sure where the problem is originating but it appears there is a pipe inside the basement where the water came from. Floor is damp and panels are buckled." (Depo. of Larry Miller at p. 25, ln. 4 - p. 26, ln. 20; Ex. 2 at p. 6) Although Mr. Miller said he did not find a broken pipe, he never examined above the ceiling for the leaking pipe. (Depo. of Larry Miller at p. 26, lns. 16-20; p. 61, ln. 3 - p. 63, ln. 4) He was able to make a coverage determination at that time, without examining the above the ceiling where the pipe was leaking, blaming the situation on mold and not one of the primary causes, a leaking pipe. (Depo. of Larry Miller at p. 30, ln. 8 - p. 31, ln. 9) Moreover, such a determination demonstrated Allstate's bad faith in not properly investigating the claim, *i.e.*, how could the loss not be termed "sudden and accidental" if it occurred within approximately one (1) week. (Depo. of Larry Miller at p. 36, lns. 2-18; Ex. 2, pp. 16-17) Allstate knew prior to Mr. Miller's investigation a possible source of the leaking water. (Depo. of Larry Miller at p. 44, ln. 2 - p. 45, ln. 8; Ex. 2, p. 22)

15.     Denied as a conclusion of law for which no response is required. By way of further response, and insofar as one is required, it is denied that the mold damage is exclude from coverage under the home policy, especially in light of the opinion of the Plaintiffs expert regarding home inspections who found that there was evidence of leaking pipes in the ceiling of the basement. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.) Such evidence indicates that more than just the mold was to blame for this condition, water problems existed at this home as well in the form of water penetration from the outside and leaking pipes

from the inside. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.)

16. Denied. The inspector who was sent out to the Plaintiffs home should have advised the Plaintiffs of the potential for adverse health effects of mold exposure, Allstate having known of such claims previously; Mr. Miller himself testified that he knew of the potential health hazards of exposure to mold, but the Plaintiffs claim that he failed to warn the Plaintiffs of this fact, Mr. Miller stated otherwise. (Depo. of Larry Miller at p. 31, ln. 21 - p. 32, ln. 7; p. 56, lns. 17-25; Plaintiffs' Answers and Objections to Interrogatories Filed on Behalf of Defendant Housemaster at Int. 9 ("At no did he state at any time did he state that there was a mold problem."))

17. Denied. Genuine issues of material fact exist that preclude the entry of default judgment on behalf of this Defendant.

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendant Allstate Insurance Company.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By: _____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P: (412) 391-7135
F: (412) 471-2673

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs | |
| vs. | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | **JURY TRIAL DEMANDED** |

---

## PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS REGARDING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ALLSTATE INSURANCE COMPANY

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Plaintiffs' Counter Statement of Undisputed Material Facts Regarding the Motion for Summary Judgment of Defendant Allstate Insurance Company, reserving the right to supplement and amend this counter statement of undisputed material facts should Plaintiffs' motion for extension of time to file responses to Defendants motions for summary judgment be granted, and in support thereof set forth the following:

1. Admitted.

2. Admitted in part and denied in part. It s admitted that prior to the time of settlement that Allstate did not meet with the Marrones regarding the house, but it is denied that

there was no representations made prior to the Marrones being issued a policy of insurance, an Allstate representative inspected the home. (Depo. of Karen Marrone p. 11, ln. 14 - p. 16, ln. 6)

3. Admitted.

4. Admitted.

5. Admitted in part and denied in part. It is admitted that the Marrones went through an application process for their home insurance, but it is denied as suggested that the application was all that was required for the issuance of home owner's insurance by Allstate, it having had a representative inspect the premises prior to issuing a policy to the Marrones. (Depo. of Karen Marrone p. 11, ln. 14 - p. 16, ln. 6)

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. It is admitted that the mold caused some of the Plaintiffs damages, but it is denied that the mold infestation was the sole cause of the Plaintiffs' damages, their expert Tom Moore, the Plaintiffs expert regarding home inspections found that there was evidence of leaking pipes in the ceiling of the basement. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.) Such evidence indicates that more than just the mold was to blame for this condition, a sudden and accidental release from a leaking pipe caused an additional water problem at this home. (Report of Tom Moore, attached as Ex. B to the Motion for Summary Judgment of Defendant Edleman.) (A supporting Affidavit will be filed within ten (10) days.) Larry Miller testified that Allstate received a statement from the Marrones on August 8, 2000, where an Allstate employee, Lauren Hittle, noted that "[w]ater has

caused damage to his basement floor and ceiling. He is not sure where the problem is originating but it appears there is a pipe inside the basement where the water came from. Floor is damp and panels are buckled." (Depo. of Larry Miller at p. 25, ln. 4 - p. 26, ln. 20; Ex. 2 at p. 6) Although Mr. Miller said he did not find a broken pipe, he never examined above the ceiling for the leaking pipe. (Depo. of Larry Miller at p. 26, lns. 16-20; p. 61, ln. 3 - p. 63, ln. 4) He was able to make a coverage determination at that time, without examining the above the ceiling where the pipe was leaking, blaming the situation on mold and not one of the primary causes, a leaking pipe. (Depo. of Larry Miller at p. 30, ln. 8 - p. 31, ln. 9) Moreover, such a determination demonstrated Allstate's bad faith in not properly investigating the claim, *i.e.*, how could the loss not be termed "sudden and accidental" if it occurred within approximately one (1) week. (Depo. of Larry Miller at p. 36, lns. 2-18; Ex. 2, pp. 16-17) Allstate knew prior to Mr. Miller's investigation a possible source of the leaking water. (Depo. of Larry Miller at p. 44, ln. 2 - p. 45, ln. 8; Ex. 2, p. 22)

9. Admitted.

10. Admitted.

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendant Allstate Insurance Company.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By:_____
Gianni Floro, Esquire
PA I.D. No. 85837

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ALLSTATE INSURANCE COMPANY AND PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS REGARDING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ALLSTATE INSURANCE COMPANY**, were served on counsel for the Defendants on this __5th__ day of November, 2002, by the United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
Nealon & Grover, P.C.
2411 North Front Street
Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA 18501-0590

Jennifer L. Murphy, Esquire
Duane, Morris & Heckscher, LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17108-1003

TARASI, TARASI & FISHMAN, P.C.

Date: 11/5/02

By: _____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673