

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, : : : : : : : Plaintiffs : : vs. : : ALLSTATE INSURANCE COMPANY, : LINDA M. EDLEMAN, FRED SCHAFER, : MT. GRETNA REALTY, and HOUSE : MASTERS : | Civil Action No.: 1:CV-01-0773<br><br>FILED<br>HARRISBURG, PA<br><br>NOV 06 2002<br><br>MARY E. D'ANDREA, CL<br>Deputy Clerk<br><br>(U.S. District Judge Yvette Kane)<br><br>**JURY TRIAL DEMANDED** |

---

### PLAINTIFFS' RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LINDA M. EDLEMAN

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Plaintiffs' Response to the Motion for Summary Judgment of Defendant Linda M. Edleman, reserving the right to supplement and amend this response should Plaintiffs' motion for extension of time to file responses to Defendants motions for summary judgment be granted, and in support thereof set forth the following:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted. By way of further response the reports of Advanced Applied Science

speaks for themselves.

6. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B.

7. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B.

8. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B. The Plaintiffs did seek qualified medical testing and qualified medical personnel to determine the Plaintiffs susceptibility to the mold contamination in their home, the reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

13. Admitted. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

14. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

15. This paragraph sets forth conclusions of law for which no response is required.

16. Denied. The Plaintiffs did seek qualified medical testing and qualified medical personnel to determine the Plaintiffs susceptibility to the mold contamination in their home, the reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

By way of further response, Mr. Schaeffer did admit to advising Ms. Edleman with regard to the sale of her property, and it is important to note that Mr. Schaeffer was also aware <u>or should have been aware</u> that Ms. Edleman's Seller's Disclosure Statement misrepresented material facts regarding the house at issue, 354 Timber Road. The second page of the Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate indicates that Mr. Schaeffer and Ms. Edleman were both aware that the basement was improved, *see item* "L: Basement" in which option 4 "Improved" is selected. However, paragraph 7 of the Seller's Disclosure Statement indicates that there was "no additions" or "remodeling" undertaken by the Seller; however, it is clear that both Ms. Edleman and Mr. Schaeffer knew of the addition and remodeling that Ms. Edleman's ex-husband undertook. (Depo. of Linda M. Edleman at Ex. 5, p.2) An examination of the writing (Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate) and of Exhibit 3 (second document) reveals that Mr. Schaeffer himself, in his own writing, filled the Lebanon

County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate form and would have known that the basement was improved. (Depo. of Fred Schaeffer at Ex. 3 (second document); p. 13, lns. 13-22) Mr. Schaeffer admits to having filled out the Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate with Ms. Edleman. (Depo. of Fred Schaeffer Exs. 12-13; p. 23, ln. 10 - p. 24, ln. 18) Mr. Schaeffer also admits to having gone through the Seller's Property Disclosure Statement with Ms. Edleman to ensure that she knew how items on the Seller's Property Disclosure Statement affected the price of the home. (Depo. of Fred. Schaeffer at p. 58, ln. 25 - p. 59, ln. 24) The Plaintiffs have made out a claim misrepresentation against the Defendant Linda M. Edleman. The elements of an intentional misrepresentation have been made out by the Plaintiffs:

   a. <u>A representation</u>: The Seller, with the advise and assistance of her agent, misrepresented that there was no improvements made to the basement (this representation hid the fact that such improvements were made to conceal that there was problems with water penetration in the basement);

   b. <u>which is material to the transaction at hand</u>: The problem of water penetration into the basement was certainly material to the transaction at hand (such knowledge would have allowed the Plaintiffs to avoid the transaction) (Mr. Marrone testified that if he would have been advised not to purchase the home by his inspector, who was also unaware of the improvements, then he would have not undertaken the transaction. Deposition of Jack Marrone at p. 219, ln. 5 - p. 220, ln. 8)

   c. <u>made falsely, with knowledge of its falsity or recklessness as to whether it is true or false</u>: The Seller, with the advise and assistance of her agent, misrepresented that there was no improvements made to the basement (this representation hid the fact that such improvements were made to conceal that there was problems with water penetration in the basement);

   d. <u>with the intent of misleading another party into relying upon it</u>: A result is deemed to be "intended" if the actor either acts with a

reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

22.   This paragraph sets forth conclusions of law for which no response is required.

23.   Denied. The Plaintiffs did seek qualified medical testing and qualified medical personnel to determine the Plaintiffs susceptibility to the mold contamination in their home, the reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

24.   Denied. By way of further response there are numerous issues of material fact that preclude the granting of the motion for summary judgment of the Defendant Edleman; moreover, as is evident from the Plaintiff timely expert reports submitted on September 13, 2002. (Motion for Summary Judgment of the Defendant Linda M. Edleman at Ex. B and C.)

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendant Linda M. Edleman.

25.   Paragraphs 1 through 24 are incorporated by reference, as fully as if they were set forth at length herein.

26.   Denied. By way of further response the Plaintiffs are entitled to such emotional distress damages under a breach of contract theory because the harm caused was at least reckless and caused the Plaintiffs bodily harm; such transactions are of such importance to our society

that the Defendant Edleman should have known that such acts or omissions would cause great mental suffering and pecuniary loss.

27. This paragraph sets forth conclusions of law for which no response is required.

28. Denied. The Defendant is not entitled to judgment regarding bodily injuries as stated above.

29. Denied. By way of further response there are numerous issues of material fact that preclude the granting of the motion for summary judgment of the Defendant Edleman; moreover, as is evident from the Plaintiff timely expert reports submitted on September 13, 2002. (Motion for Summary Judgment of the Defendant Linda M. Edleman at Ex. B and C.)

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendant Linda M. Edleman.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By:_____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs | |
| vs. | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | **JURY TRIAL DEMANDED** |

---

### PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS REGARDING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LINDA M. EDLEMAN

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Plaintiffs' Counter Statement of Undisputed Material Facts Regarding the Motion for Summary Judgment of Defendant Linda M. Edleman, reserving the right to supplement and amend this counter statement of undisputed material facts should Plaintiffs' motion for extension of time to file responses to Defendants motions for summary judgment be granted, and in support thereof set forth the following:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves.

6. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B.

7. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B.

8. Admitted. By way of further response the reports of Advanced Applied Science speaks for themselves. Those reports are attached to this Defendant's motion for summary judgment at Ex. C, not Ex. B. The Plaintiffs did seek qualified medical testing and qualified medical personnel to determine the Plaintiffs susceptibility to the mold contamination in their home, the reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

13. Admitted. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

14. By way of further response the report of Tom Moore speaks for itself. That reports is attached to this Defendant's motion for summary judgment at Ex. B, not Ex. C.

15. Denied. The Plaintiffs did seek qualified medical testing and qualified medical personnel to determine the Plaintiffs susceptibility to the mold contamination in their home, the reports of Eckardt Johanning, M.D., M.Sc., were attached to their Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*. As such, Dr. Johanning provided medical causation for each of the Plaintiffs' medical conditions, linking them, as stated in his report, to their mold exposure. (A supporting Affidavit will be filed within ten (10) days.)

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendant Linda M. Edleman.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By:_____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LINDA M. EDLEMAN AND PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS REGARDING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LINDA M. EDLEMAN**, were served on counsel for the Defendants on this __5th__ day of November, 2002, by the United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
Nealon & Grover, P.C.
2411 North Front Street
Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA 18501-0590

Jennifer L. Murphy, Esquire
Duane, Morris & Heckscher, LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17108-1003

TARASI, TARASI & FISHMAN, P.C.

Date: 11/5/02

By: _____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673