IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs | |
| vs. | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | **JURY TRIAL DEMANDED** |

FILED
HARRISBURG, PA
DEC 0 2 2002
MARY E. D'ANDREA, CLERK

---

## BRIEF IN SUPPORT OF MOTION TO PERMIT THE FILING OF PLAINTIFFS' MEDICAL CAUSATION EXPERT REPORTS *NUNC PRO TUNC*

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Brief in Support of Motion to Permit the Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*.

**Introduction:**

On July 3, 2002, the Honorable Yvette Kane entered an Order, after a status conference with the parties in this matter. The date set for the Report of Experts was September 13, 2002. Attached as exhibits 1-4 to the Plaintiffs' motion are the Plaintiffs' medical causation expert reports received by the undersigned on October 31, 2002.

The Plaintiffs' medical causation expert was unable to generate his expert reports by September 13, 2002, due to the doctor's busy schedule; unbeknownst to the Plaintiffs their medical causation expert was traveling in Poland, Germany, Texas and California for two

months from the middle of August to the middle of October in association with his practice. Fact Dicovery in this matter ended on August 30, 2002. The Plaintiffs respectfully request that the Court allow the Plaintiffs to disclose to the Defendants their medical causation expert reports in this matter *nunc pro tunc*. Counsel for the Defendants who were reached did not concur in the presentment of a motion for an extension of time to file the attached reports, and those who were unavailable would not have concurred due to their previous positions with discussion the undersigned. (L.R. 7.1)

**Argument:**

The Defendants will not be prejudiced by the filing of the Plaintiffs' medical causation expert reports *nunc pro tunc* since the time for trial in this matter has yet to occur and they will further not be surprised or delayed since the Plaintiffs had previously permitted the Defendants the opportunity to conduct medical examinations of the Plaintiffs and generate their own medical causation expert report in the matter. Trial in this matter is set for February 3, 2002, and the Defendants will have sufficient time to prepare for trial without prejudice. Pursuant to LR 16.5 this District Court has the authority to make special pre-trial orders governing this action, and it well settled that is within a District Court's sound discretion to expand the time for filing such expert reports as are attached hereto and as necessary in the interests of justice. Buffington v. Wood, 351 F.2d 292 (3rd Cir. 1964).

In Buffington, the United States Court of Appeals for the Third Circuit discussed the ability of a District Court Judge to regulate pre-trial discovery, therein it was determined that the District Court Judge has "wide discretion and power to advance causes and simplify procedure before presentation of cases to juries." Plaintiffs submit that the pre-trial scheduling order in the case *sub judice* was designed to keep the parties moving toward trial, and not to cause injustice. As stated in their motion, the Plaintiffs were unable to produce their expert reports regarding

medical causation due to their experts unavailability at the time reports were to be furnished. After the close of discovery, August 30, 2002, and up until September 13, 2002, the date the expert reports were due, the Plaintiffs could not obtain their reports from their expert because he was out of the country in association with his practice for two months.

By the time the expert had returned and sent his reports to the Plaintiffs' counsel, October 31, 2002 had arrived. The Defendants were informed of this unanticipated delay, and Defendants would not agree to an extension of time, and thus nothing could be done on the Plaintiffs' behalf. The Plaintiffs therefore request that an Order be entered permitting them to file their medical causation expert reports *nunc pro tunc*.

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order permitting them to file their medical causation expert reports, attached as exhibits 1-4, *nunc pro tunc*.

                                          Respectfully submitted,

                                          TARASI, TARASI & FISHMAN, P.C.

                                          By:_____
                                               Gianni Floro, Esquire
                                               PA ID No. 85837
                                               Attorney for the Plaintiffs
                                               510 Third Avenue
                                               Pittsburgh, PA  15219
                                               P:  (412) 391-7135
                                               F:  (412) 471-2673

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion to File Plaintiffs' Medical Causation Expert Reports** *Nunc Pro Tunc*, **Brief in Support of Motion to File Plaintiffs' Medical Causation Expert Reports** *Nunc Pro Tunc*, **Certificate of Nonconcurrence, and attached Order of Court** was served on counsel for the Defendants on this  27th  day of November, 2002, by the United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
Nealon & Grover, P.C.
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA  17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
Duane, Morris & Heckscher, LLP
305 North Front Street, 5th Floor
Harrisburg, PA  17108-1003

TARASI, TARASI & FISHMAN, P.C.

Date: 11/27/02

By: _____
Gianni Floro, Esquire
PA I.D. No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P: (412) 391-7135
F: (412) 471-2673