


THOMAS, THOMAS & HAFER, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

John Flounlacker, Esquire
Attorney I.D. 73112
(717)237-7134
Attorneys for Defendant Edleman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>    Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>    Defendants | : NO.: 1:CV-01-0773<br>:<br>:<br>:<br>:   FILED<br>:   HARRISBURG, PA<br>:<br>:   DEC 4 2002<br>: JUDGE KANE<br>:   MARY E. D'ANDREA CLERK<br>:   Per ___ Deputy Clerk<br>: Civil Action Law<br>:<br>:<br>:<br>: Jury Trial Demanded<br>: |

### DEFENDANT LINDA M. EDLEMAN'S BRIEF IN
### OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT THE FILING
### OF MEDICAL CAUSATION EXPERT REPORTS *NUNC PRO TUNC*

**I.   COUNTERSTATEMENT OF FACTS & PROCEDURAL HISTORY**

Plaintiffs and their former legal counsel initiated this lawsuit by filing their Complaint on May 3, 2001. On or about September 21, 2001, a Joint Case Management Plan was submitted to the Court.

On September 26, 2001, the parties participated in the initial Case Management Conference.

On September 27, 2001, this Honorable Court entered a Case Management Order which, among other things, required that all fact discovery be concluded by

February 28, 2002 and that the parties were required to produce their expert reports by March 29, 2002. A copy of the docket sheet indicating the filing of this Order is attached hereto as Exhibit A.

On November 2, 2002, upon receiving leave of Court, Plaintiffs filed an Amended Complaint. On November 6, 2001, Plaintiffs' former counsel advised all of the parties that he would be withdrawing his representation of Plaintiffs.

Ultimately, on November 21, 2001, a Motion to Withdraw as Counsel was filed by Attorney Richard F. Stevens. On December 19, 2001, this Honorable Court granted Attorney Stevens' request to withdraw his representation of Plaintiffs. On December 21, 2001, this Honorable Court granted Plaintiffs' first request for an extension of time requested for the purpose of securing new legal counsel.

On January 15, 2002, this Honorable Court granted Plaintiffs' second request for an extension of time which was requested for the purpose of securing new counsel to proceed with this litigation.

On February 1, 2002, Louis M. Tarasi, Jr., Esquire, of the law firm of Tarasi, Tarasi & Fishman, P.C., entered his appearance for Plaintiffs. On or about February 19, 2002, this Honorable Court entered a Revised Case Management Order which provided, among other things, that the discovery cut off for this case was to occur on June 28, 2002 and that expert reports were to be produced by the parties by July 12, 2002. See Exhibit A.

On July 2, 2002, Plaintiffs filed a Motion seeking a third extension for additional time for the purposes of pursuing further fact discovery. On July 5, 2002, this Honorable Court granted the above-referenced Motion and issued a new case management order which provided that discovery was to conclude by August 30, 2002, reports of experts were due on September 13, 2002 and supplemental expert

reports were due by September 27, 2002. A true and correct copy of this Court's July 5, 2002 case management Order is incorporated herein and attached hereto as Exhibit B..

On October 18, 2002, Defendant Edleman filed a Motion for Summary Judgment alleging that, *inter alia*, after discovery Plaintiffs were unable to meet their burden of proof on the essential elements of their case against Defendant Edleman. Also on October 18, 2002, moving Defendant received a facsimile copy of Plaintiffs' request, seeking a fourth extension of time for the purposes of securing a report from an unidentified medical expert.

To that date, Plaintiffs had not produced any report from a medical expert. Nor had Plaintiffs identified any medical expert they planned to use in connection with prosecuting this case.

The Motion for Extension of Time in which to File Expert Reports filed by Plaintiffs was their fourth request for enlargements of time in connection with this lawsuit. Moreover, this request was made approximately thirty (30) days after the deadline for production of expert reports expired.

On October 31, 2002, before the Court ruled on Plaintiffs' Motion for Extension of Time, Plaintiffs filed this motion to permit the filing of Plaintiffs' medical causation expert reports *nunc pro tunc*. This Motion is Plaintiffs' fifth attempt to somehow extend time in this case.

On November 5, 2002, this Honorable Court entered an Order stating that the Plaintiffs' Motion for Extension of Time was denied, and that "all parties shall comply with the deadlines previously set in this Court's Order of July 5, 2002." A copy of this Court's November 5, 2002 Order denying Plaintiffs' Motion to Extend Time is attached hereto as Exhibit C.

On November 27, 2002, this Court entered an Order deeming the Plaintiffs' original Motion to permit the filing of medical causation experts *nunc pro tunc* withdrawn for failure to file a brief in support or a certificate of concurrence. A true and correct copy of this Court's November 27, 2002 Order deeming the Plaintiffs' Motion withdrawn is incorporated herein and attached hereto as Exhibit D.

The Plaintiffs' re-filed their Motion to permit the filing of medical causation experts *nunc pro tunc* on November 27, 2002. Defendant Edleman files this brief in opposition to said Motion.

## II. ARGUMENT

Defendant Edleman submits that Plaintiffs' Motion should be denied as there is no good cause shown for why Plaintiffs were unable to meet the deadlines set by the Court and granting the Motion would be greatly prejudicial to Defendant Edleman.

In dealing with appeals sought *nunc pro tunc*, the courts have held that such motions are rarely granted and are allowed only in exceptional circumstances. Zdrok v. Montgomery County Court of Common Pleas, 1991 U.S. Dist. LEXIS 14496 (E.D. Pa. 1991); Smith v. Commonwealth of Penna., Dept. of Transport., 749 A.2d 1065, 1066 (Pa.Cmwlth. 2000). In fact, *nunc pro tunc* relief in appeal requests is granted in civil cases only where the cause was fraud, a breakdown in the court's operations, or extraordinary circumstances decided on a case by case basis. Smith, 749 A.2d at 1066. Defendant Edleman respectfully submits that given the long history of extensions and the specific facts of this case, Plaintiffs cannot establish good cause or lack of prejudice to Defendant, no less a higher threshold.

As with the Plaintiffs' Motion to extend time, moving Defendant strongly opposes the Plaintiffs' instant request because it would affect all of the other

previously established deadlines in this case, and Plaintiffs' request is simply their motion to extend time dressed in different clothing. This Motion is a fifth attempt to somehow extend deadlines or set aside Court Orders.

The original deadline for expert reports was September 13, 2002. See Exhibit B. Over thirty (30) days went by after the deadline before Plaintiffs ever mentioned an inability to obtain an expert report on the basis of their expert's busy schedule. No experts were ever mentioned in discovery. In fact, it was only after Defendant Edelman filed her Motion for Summary Judgment on the basis that Plaintiffs were unable to meet their burden of proof that Plaintiffs claimed that an expert's busy schedule was the reason for their inability to comply with any of the previous deadlines. Before Defendant Edleman's Motion for Summary Judgment was filed, Plaintiffs were completely silent about any medical expert reports that were expected by Plaintiffs, no less any reasons for their delay.

Moreover, each report of Eckhardt Johanning, M.D., M.Sc. specifically states on the first page that his visit with the Plaintiffs was January 17, 2002. Yet, there is no explanation as to why it took until October for Plaintiffs to realize that Johanning's busy schedule was going to prevent the production of a report for ten months. See Bass v. Commonwealth, 485 Pa. 256, 401 A.2d 1133 (1979) (where Court reversed grant of *nunc pro tunc* appeal as Plaintiff was unable to provide any convincing independent evidence substantiating counsel's explanation for lateness). Defendant Edleman submits that the reason provided by Plaintiffs to date to explain the ten (10) month delay in producing their expert report does not provide this court with a sufficient reason to provide the Plaintiffs with their requested relief.

Furthermore, Plaintiffs' claim that Defendant Edleman would not be prejudiced is not true. Defendant Edelman submits that she would be greatly prejudiced by the allowance of any such motion.

Specifically, throughout the course of discovery, even when directly asked what physicians or other experts Plaintiffs had seen with regard to this litigation, Plaintiffs have refused to name any experts that they "may or may not have seen." Plaintiffs instant motion, and their failure to comply with this Court's case management plan of July 5, 2002, are tantamount to attempting trial by surprise.

Additionally, this litigation has caused significant and personal harm to Defendant Edelman. Since this lawsuit has been filed, Ms. Edelman has had a very difficult time in securing homeowner's coverage for her residence. In fact, Ms. Edelman has been placed on a high risk homeowner status as a direct consequence of this litigation, and accordingly, her premiums have gone up substantially since Plaintiffs initiated this lawsuit. Defendant Edelman fears that the longer this litigation is allowed to exist, the more likely it is that her prior homeowner's insurance carrier will not provide her with a defense to the claims that are being made by Plaintiffs in this litigation. This carrier has already filed a declaratory action seeking a declaration from the court which would provide the carrier with a basis to withdrawal the defense that it has provided to Ms. Edleman in this litigation.

This litigation has also cast a cloud over Ms. Edelman's finances and her ability to borrow money for her other personal needs.

Defendant Edelman submits that this Honorable Court and the parties to this litigation have been more than fair to Plaintiffs in regard to their repeated requests for extensions of time for the prosecution of this litigation and in regard to their repeated attempts to submit expert reports over two months late.

### III. CONCLUSION

For the reasons set for above, Defendant Edleman respectfully requests that this Honorable Court deny the Plaintiffs' Motion to permit the filing of medical causation expert reports *nunc pro tunc* and that the case management Order dated July 5, 2002 remain effective.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By: *John Flounlacker*
John Flounlacker, Esquire
Attorney I.D. # 73112
Shawn E. Smith, Esquire
Attorney I.D. # 86121
P.O. Box 999
305 N. Front Street
Harrisburg, PA  17108-0999
(717)237-7134

Date: 12/4/02

7

## CERTIFICATE OF SERVICE

I, Jeannie L. Kawalec, an employee for the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Louis M. Tarasi, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA 15219

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA 17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA 18501-0590

Paul E. Scanlan, Esquire
Duane Morris & Heckscher
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

THOMAS, THOMAS & HAFER, LLP

Dated: 12/4/02

Jeannie L. Kawalec