ORIGINAL

THOMAS, THOMAS & HAFER, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

John Flounlacker, Esquire
Attorney I.D. 73112
(717)237-7134
Attorneys for Defendant Edleman

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>Defendants | : NO.: 1:CV-01-0773<br>:<br>:<br>: FILED<br>: HARRISBURG, PA<br>:<br>: DEC 4 2002<br>: JUDGE KANE<br>: MARY E. D'ANDREA, CLERK<br>: Per _____ Deputy Clerk<br>: Civil Action Law<br>:<br>:<br>:<br>: Jury Trial Demanded<br>: |

## DEFENDANT LINDA M. EDLEMAN'S
## REPLY TO PLAINTIFFS' AMENDED RESPONSE TO
## DEFENDANT EDLEMAN'S MOTION FOR SUMMARY JUDGMENT

I. **COUNTER ARGUMENT**

The issue before the Court is far more simple than Plaintiffs' Amended Response suggests: can Plaintiffs establish a *prima facie* case on each element upon which they bear the burden of proof? The moving Defendant suggests that they cannot.

The burden upon the party moving for summary judgment may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. APT Pittsburgh Ltd. Partnership v. Lower Yoder Twp., 111 F.Supp.2d 664, 668 (W.D. Pa. 2000). Since a complete failure of proof

concerning an essential element on which a party bears the burden of proof at trial establishes that the moving party is entitled to judgment as a matter of law, the nonmoving party must establish the existence of every element essential to its case. Id. Such evidence must be significantly probative and more than "merely colorable." Id. at 668-669. If the evidence of the nonmoving party is "merely colorable," or is "not significantly probative," summary judgment may be granted. Arnett v. Aspin, 846 F.Supp. 1234, 1237 (E.D. Pa. 1994). For example, a nonmoving party may not successfully oppose a summary judgment motion by simply replacing the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Id. Rather, the nonmoving party must offer specific facts contradicting the facts averred by the movant which indicate that there is a genuine issue for trial. Id.

While it is true that inferences should be drawn in the nonmoving party's favor, whether an inference is justifiable depends on the evidence adduced. APT Pittsburgh Ltd. Partnership v. Lower Yoder Twp., 111 F.Supp.2d 664, 669 (W.D. Pa. 2000). An inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat a motion for summary judgment. Id. (citing, Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3rd Cir. 1990). Moreover, the mere existence of some evidence in support of the nonmoving party will not be sufficient to support the denial of a motion for summary judgment. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3rd Cir. 1995). To show a material issue, there must be enough evidence to enable a jury to reasonably find for the nonmoving party on the issue by establishing evidence of record sufficient to make out every element essential to the claim. Id.

Defendant submits that Plaintiffs have failed to meet their burden and that their response to moving Defendant's Motion for Summary Judgment contains mere allegations and conclusory statements.[1]

Plaintiffs' response almost wholly focuses on whether or not there was a water problem which was undisclosed by Defendant Edleman on the real estate seller disclosure statement. Plaintiffs generally allege that since the basement was finished, Defendant was hiding water problems. Moreover, Tom Moore's report is cited as supporting this statement. See Plaintiffs' Amended Brief in Response, p.9. Plaintiffs neglect to explain how the statements regarding what he found at the time of the inspection translate into a condition preexisting the sale of the home. Moore's inspection was two years after the sale of the property, and almost a year after the property was left completely vacant. Yet, there is no explanation, facts or argument presented supporting Plaintiffs' bold allegations that Defendant Edleman knew of a problem and failed to disclose said problem.

Plaintiffs also do not present any evidence that any preexisting water condition that may or may not have been known to exist by Defendant Edleman was the cause of the Plaintiffs' injuries. Water does not equal mold and other conditions must exist for the mold to have formed, as is explained by Robert Pfromme's report. Yet, Plaintiffs provide no evidence, facts, or argument to

---

[1] Defendant would first note that the authority relied upon in Plaintiffs' brief is misleading. First, Plaintiffs rely cite and rely upon Fidelty Bank v. Tiernan, 249 Pa.Super. 216, 375 A.2d 1320 (1977). The Supreme Court of Pennsylvania vacated the Superior Court's opinion in Fidelity Bank. See Fidelity Bank v. Tiernan, 487 Pa. 484, 410 A.2d 292 (1979). Second, Plaintiffs cite and rely upon DeJoseph v. Zamelli, 392 Pa. 24, 139 A.2d 644 (1958). In DeJoseph, the Supreme Court of Pennsylvania reprinted the opinion of the chancellor assigned to hear the case out of Montgomery County and affirmed without opinion. Id. Thus, the Supreme Court quoted the chancellor, and the same opinion may be found at 11 D&C2d 447 (Montgomery Co. 1958). Third, the Plaintiffs quote and rely upon Quashnock v. Frost, 299 Pa.Super. 9, 445 A.2d 121 (1982). The quote cited by Plaintiffs was the Superior Court noting the law in other jurisdictions, not a "holding" as Plaintiffs state, and is a quote from the Supreme Court of Washington. See id. at 21 n.7, 445 A.2d at 127 n.7 (quoting, Perkins v. Marsh, 37 P.2d 689, 690 (Wash. 1934)). Finally, Plaintiffs cite and rely upon Thomas v. Seaman, 451 Pa. 347, 304 A.2d 139 [sic] (1973). The Atlantic reporter citation is incorrect, and should be 304 A.2d 134.

3

establish that any condition that may or may not have predated the sale of the home caused the mold condition and caused the injuries claimed by the Plaintiffs.[2]

Plaintiffs also fail to show any evidence of injury suffered as a result of any actions by the Defendant. As noted in the moving Defendant's accompanying Motion to Strike, Plaintiffs attempt to now attach an expert report regarding medical causation which is improper. Plaintiffs have not proven any physical injury.

Plaintiffs next contend that they have shown justified reliance upon any alleged misrepresentations that Defendant Edleman may or may not have made. See Plaintiffs' Amended Brief in Response, p. 9, 11. However, Plaintiffs provide no evidence and merely bold allegations regarding this essential element. To the contrary, the evidence of record belies Plaintiffs' contentions.

When shown the real estate sellers' disclosure form, Plaintiff Jack Marrone testified at his deposition as follows:

> Q: This document is captioned sellers property disclosure statement. Do you see that?
>
> A: Yes.
>
> Q: Would you agree with me that handwritten under that statement it says property address, 354 Timber Road, Mount Gretna?
>
> A: Yes.

---

[2] Plaintiffs suggest in their brief that simply pointing to the language of their own expert's use of the word "recent" raises a question a material fact for the jury. See Plaintiffs' Amended Brief in Response, p. 10. This is meritless. First, simply showing some metaphysical doubt or question does not present a genuine issue of material fact. APT Pittsburgh Ltd. Partnership v. Lower Yoder Twp., 111 F.Supp.2s 664, 669 (W.D. Pa. 2000). Finally, that language was cited in addition to the fact that no evidence has been presented regarding what Defendant Edleman knew or should have known at the time of the sale, when the mold growth took place, what the incubation period is, how eleventh months went by with no notable problems, or how anything Defendant Edleman may or may not have known lead to the injuries of which Plaintiffs complain. In addition to all of this, Defendant Edleman simply pointed out that Plaintiffs own expert said that there must have been a "recent development" for this mold growth to take place. This does not create an issue of material fact. If anything, it lays credence to the fact that there is no genuine issue, or any evidence linking Plaintiffs' alleged injuries to anything Defendant Edleman may or may not have represented.

> Q: **Do you have any recollection of ever seeing that document prior to today?**
>
> A: **No.**
>
> Q: **Did you – by that I would take it then that you did not rely on what is contained within sellers property disclosure statement in making your decision to buy this house?**
>
> A: **I don't know. I relied on what people stated to me, that's all,** fact or fiction – fact, you know.
>
> Q: **Did you have any recollection at all prior to today regarding anything Miss Edleman said about the condition of this property before you bought it?**
>
> A: **No.**
>
> Q: **As you sit here today, do you have any recollection of ever relying upon anything that Miss Edleman may have told you about the condition of this property prior to buying it?**
>
> A: **I don't believe she ever stated anything about the condition of the home. The only thing we ever talked about was the neighborhood.**

Deposition of Jack Marrone, pp. 84, l. 23 through p. 86 l. 1 (emphasis added). A true and correct copy of the above-referenced deposition pages of Plaintiff Jack Marrone is incorporated herein and attached hereto as Exhibit A. (For economy's sake Defendant has not attached a complete copy of Jack Marrone's deposition transcript, however, a complete copy has already been filed of record by Co-Defendant.)

When asked questions regarding the sellers disclosure statement, Karen Marrone had this to say:

5

> Q: Did you ever see the seller's disclosure statement before you had the closing?
>
> A: Prior to the closing?
>
> Q: Yes.
>
> A: Yes, sir.
>
> Q: When did you first see the seller's disclosure statement?
>
> A: I honestly don't remember.
>
> Q: Was it before, after or at the time that you signed the agreement for sale of the property?
>
> A: I don't remember.

Deposition of Karen Marrone, Vol. II, p. 67, ll. 15-25. A true and correct copy of the above-referenced deposition pages of Plaintiff Karen Marrone is incorporated herein and attached hereto as Exhibit B. (For economy's sake, Defendant has not attached a complete copy of Karen Marrone's deposition transcript, however, a complete copy has already been filed of record by Co-Defendant.)

As is seen from the above, Plaintiffs' contentions are contradicted by their testimony. In their brief in response to this Motion for Summary Judgment, Plaintiffs contend that they have proven detrimental reliance with nothing more than a bold allegation. The testimony of both Karen and Jack Marrone bely this averment. Karen Marrone cannot remember when she even saw the disclosure statement. More importantly, however, Jack Marrone clearly and unequivocally testified that he has no recollection of seeing the statement prior to his deposition, he relied upon what people said to him, and that nothing was said to him whatsoever by Defendant Edleman regarding the condition of the home. Clearly,

Plaintiffs have not, and can not, establish justifiable reliance based merely on their contention in their brief that they relied upon the sellers disclosure statement. Plaintiffs have provided no actual evidence regarding their reliance upon anything that Defendant Edleman may or may not have said or done. Given the language of their own depositions, moving Defendant would submit that Plaintiffs can not meet their burden in this regard.

Moving Defendant submits that the issues presented for this Court's resolution are far more simple than Plaintiffs suggest. Plaintiffs evidence proves that at the time of Moore's report there was water seepage, and at the time of Pfromme's inspection there was a mold condition. Plaintiffs have not, and can not, prove that Defendant Edleman misrepresented a condition that existed at the time of the sale of the home, that Plaintiffs justifiably relied upon any misrepresentation Edleman may or may not have made, that any misrepresentation which may or may not have been made by Edleman caused the resulting mold, that the resulting mold caused the injuries claimed by the Plaintiffs or that there was any intent to mislead the Plaintiffs. Plaintiffs merely make general allegations and bold assertions, which is clearly insufficient. Evidence of fraud must be clear, precise and convincing, not merely by a preponderance. <u>Thomas v. Seaman</u>, 451 Pa. 347, 350-351, 304 A.2d 134, 137 (1973). Plaintiffs must prove each and every element of their claim, and they have not met their burden. Defendant is therefore entitled to judgment as a matter of law.

## II. CONCLUSION

For the reasons set forth above, Plaintiffs cannot meet their burden of proof with regard to the elements of Misrepresentation, Negligent Misrepresentation, or Breach of Contract and Defendant Edleman is therefore entitled to judgment as a matter of law.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By: _/s/ John Flounlacker_
John Flounlacker, Esquire
Attorney I.D. # 73112
Shawn E. Smith, Esquire
Attorney I.D. # 86121
P.O. Box 999
305 N. Front Street
Harrisburg, PA  17108-0999
(717)237-7134

Date:



```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JACK MARRONE, HUSBAND,              :
KAREN MARRONE, WIFE, BOTH           :
INDIVIDUALLY AND IN THEIR           :
CAPACITY AS PARENTS AND             :
GUARDIANS FOR VIDA MARRONE,:
A MINOR, AND MATTHEW ADAM           :
MARRONE,                            :
          PLAINTIFFS                :
                                    :
     V                              :   NO. 1:CV-01-0773
                                    :
ALLSTATE INSURANCE COMPANY,:
LINDA M. EDLEMAN, FRED              :
SHAFER, MT. GRETNA REALTY,  :
AND HOUSE MASTERS,                  :
          DEFENDANTS                :   JURY TRIAL DEMANDED

          DEPOSITION OF:   JACK MARRONE

          TAKEN BY:        DEFENDANT ALLSTATE INSURANCE
                           COMPANY

          BEFORE:          MARIA N. O'DONNELL, RPR
                           NOTARY PUBLIC

          DATE:            MAY 29, 2002, 9:21 A.M.

          PLACE:           NEALON & GOVER, PC
                           2411 NORTH FRONT STREET
                           HARRISBURG, PENNSYLVANIA

APPEARANCES:

     TARASI, TARASI & FISHMAN
     BY: LOUIS M. TARASI, JR., ESQUIRE
         GIANNI FLORO, ESQUIRE
         FOR - PLAINTIFFS



          2080 Linglestown Road • Suite 103 • Harrisburg, PA 17110
          717.540.0220 • Fax 717.540.0221 • Lancaster 717.393.5101

1  basement to the home?

2   A   No. I had no idea.

3       MR. FLOUNLACKER: Off the record.

4       (Discussion held off the record.)

5       MR. FLOUNLACKER: Just for the record, counsel, I
6  believe we are in agreement that the first exhibit to
7  Mr. Marrone's deposition is a copy of the sales agreement
8  along with the sellers property disclosure statement?

9       MR. TARASI: Right.

10      MR. FLORO: In addition I think there is an
11 estimated buyers closing cost estimate as well is the second
12 attachment, and then the third attachment is the sellers
13 property disclosure.

14      MR. FLOUNLACKER: Fine.

15 BY MR. FLOUNLACKER:

16  Q   Mr. Marrone, I believe your lawyer's just handed
17 you something I would like you to look at.

18  A   Marrone.

19  Q   I am sorry?

20  A   Marrone.

21  Q   Did I say it was wrong?

22  A   Marrone.

23  Q   This document is captioned sellers property
24 disclosure statement. Do you see that?

25  A   Yes.

1  Q  Would you agree with me that handwritten under that statement it says property address, 354 Timber Road, Mount Gretna?

4  A  Yes.

5  Q  Below that it says seller, Linda M. Edleman?

6  A  Yes.

7  Q  Do you have any recollection of ever seeing that document prior to today?

9  A  No.

10 Q  Did you -- by that I would take it then that you did not rely on what is contained within sellers property disclosure statement in making your decision to buy this house?

14 A  I don't know. I relied on what people stated to me, that's all, fact or fiction -- fact, you know.

16 Q  Did you have any recollection at all prior to today regarding anything Miss Edleman said about the condition of this property before you bought it?

19 A  No.

20 Q  As you sit here today, do you have any recollection of ever relying upon anything that Miss Edleman may have told you about the condition of this property prior to buying it?

24 A  I don't believe she ever stated anything about the condition of the home. The only thing we ever talked

1  about was the neighborhood.
2      Q   Very well.
3          Sir --
4          MR. FLORO:  He'll ask you a question and you will
5  answer it.  Okay?
6  BY MR. FLOUNLACKER:
7      Q   You understand that, don't you?
8      A   Yes.
9      Q   I am going to change gears a little bit.
10     A   Okay.
11     Q   We have been provided with some information
12 regarding you and your wife regarding your medical
13 conditions.
14     A   Yes.
15     Q   I am going to tell you right now I don't have the
16 whole picture, so forgive me if I ask what seems to be to
17 you silly questions.  All right?
18     A   Okay.
19     Q   My understanding is that prior to purchasing this
20 home on July or August '99, that you had certain health
21 problems?
22     A   Yes.
23     Q   Tell me what you understand to be a list or an
24 outline of the health problems that you had just prior to
25 buying this home.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
. . . . . . . . . . . . . . . .
JACK MARRONE, husband,          .  Civil Action No.:
KAREN MARRONE, wife, both       .  1:CV-01-0773
individually and in their       .
capacity as parents and         .
Guardians for VIDA MARRONE      .
a minor, and MATTHEW ADAM       .
MARRONE,                        .
              Plaintiffs        .  (U.S. District Judge
                                .    Yvette Kane)
         vs.                    .
                                .
ALLSTATE INSURANCE COMPANY,     .
LINDA M. EDLEMAN, FRED          .
SCHAFFER, MT. GRETNA REALTY,    .
and HOUSEMASTERS,               .
              Defendants        .
. . . . . . . . . . . . . . . .
```

## VOLUME II

```
   Deposition of: KAREN MARRONE

   Taken by      : Defendants

   Date          : June 27, 2002, 10:50 a.m.

   Place         : Nealon & Gover
                   2411 North Front Street
                   Harrisburg, Pennsylvania

   Before        : Ann M. Wetmore
                   Reporter - Notary Public
```

Exam./Monsky - K. Marrone                                          67

1            any documentation either at that time or before
2            you went to the house?  In other words, did you
3            see a photograph of the house or did you see a
4            seller's disclosure statement?
5     A.     Prior to seeing the house?
6     Q.     Right, right.
7     A.     I don't know if Chip had given us one of the
8            papers with the picture and description on it or
9            not, but I never saw a disclosure at all.
10    Q.     There's a one-page document that's been circulated
11           that shows a picture of the house and kind of a
12           rough description of the house.  Is that what you
13           are referring to?
14    A.     Correct.
15    Q.     Did you ever see the seller's disclosure statement
16           before you had the closing?
17    A.     Prior to the closing?
18    Q.     Yes.
19    A.     Yes, sir.
20    Q.     When did you first see the seller's disclosure
21           statement?
22    A.     I honestly don't remember.
23    Q.     Was it before, after or at the time that you
24           signed the agreement for sale of the property?
25    A.     I don't remember.

CERTIFICATE OF SERVICE

I. Jeannie L. Kawalec, an employee for the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Louis M. Tarasi, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA 15219

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA 17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA 18501-0590

Paul E. Scanlan, Esquire
Duane Morris & Heckscher
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

THOMAS, THOMAS & HAFER, LLP

Dated: 12/4/02

Jeannie L. Kawalec