JUDGE'S COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACK MARRONE, KAREN : 
MARRONE, both individually and :
in the capacity as parents and : CIVIL ACTION - LAW
guardians for VIDA MARRONE, a :
minor, and MATTHEW MARRONE, :
      Plaintiffs :
  :
  :
    v. : CASE NO.: 1:CV-01-0773
  :
ALLSTATE INSURANCE : JURY TRIAL DEMANDED
COMPANY, LINDA M. EDELMAN, :
FRED SCHAFER, MT. GRETNA : (JUDGE KANE)
REALTY, and HOUSEMASTER, :
      Defendants :

FILED
HARRISBURG, PA

DEC 1 0 2002

MARY E. D'ANDREA, CL
Per _____
Deputy Clerk

## DEFENDANT HOUSEMASTER'S REPLY BRIEF IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

Paul E. Scanlan, Esq.
Attorney ID. No. 75733
Jennifer L. Murphy, Esq.
Attorney ID. No. 76432
305 North Front St., 5th Floor
P.O. Box 1003
Harrisburg, PA  17108-1003
(717) 237-550

Attorneys for Defendant
Housemaster

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................... ii

I.      INTRODUCTION ....................................................................... 1

II.     REPLY TO PLAINTIFFS' ARGUMENT ..................................... 3

      A.    Summary Judgment Standard ................................................ 3

      B.    HouseMaster is Entitled to Judgment as a Manner of Law on Plaintiffs' Breach of Contract Claim ...................................... 4

      C.    Plaintiffs' Attempts to Recover Under Theories of Negligence, Misrepresentation and Violation of the UTPCPL are Barred by the "Gist of the Action" Doctrine ........................................ 8

      D.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Negligence Claim ............................................... 9

      E.    HouseMaster is Entitled Judgment as a Matter of Law on Plaintiffs' Misrepresentation Claim. .................................... 12

      F.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' UTPCPL Claim. ............................................... 14

      G.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Claims for Personal Injury Damages. ................... 16

III.    CONCLUSION........................................................................ 17

# TABLE OF AUTHORITIES

## CASES

*Albert v. Alter,*
252 Pa. Super. 203, 381 A.2d 459 (1977)................................................................ 16

*Bash v. Bell Telephone Company,*
411 Pa. Super. 347, 601 A.2d 825 (1992)................................................................ 8

*Bollinger v. Central Pennsylvania Quarry Stripping
& Construction Company,*
425 Pa. 430, 229 A.2d 741 (1967) ....................................................................... 5

*Booze v. Allstate Insurance Co.,*
750 A.2d 877 (Pa. Super. 2000)............................................................................ 14

*Estate of Brant,*
463 Pa. 230, 344 A.2d 806 (1975) ....................................................................... 5

*Celotex Corp v. Catrett,*
477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).......................................... 3

*Cipriani v. Sun Pipeline Company,*
393 Pa. Super. 471, 574 A.2d 706 (1990)............................................................. 2

*Closed Circuit Corp. of Am. v. Jerrold Electric Corporation,*
426 F. Supp. 361 (E.D. Pa. 1977) ....................................................................... 8

*DeFiore v. Vignola,*
835 F. Supp. 249 (E.D. Pa. 1993) ....................................................................... 3

*Hamil v. Bashline,*
481 Pa. 256, 392 A.2d 1280 (1978)...................................................................... 16

*Matsushita Elec. Indus. Company v. Zenith Radio Corp.,*
475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)........................................ 3

*Montgomery  v. Levy,*
406 Pa. 547, 177 A.2d 448 (1962) ....................................................................... 5

# TABLE OF AUTHORITIES

## CASES (CONT'D)

*Orner v. T.W. Phillips Gas & Oil Company,*
401 Pa. 195, 163 A.2d 880 (1960) .......................................................... 1

*Powell v. Risser,*
375 Pa. 60, 99 A.2d 454 (1953) .............................................................. 9

*Ridgewood Bd. of Educ. v. N.E. for M.E.,*
172 F.3d 238 (3d Cir. 1999).................................................................... 14

*Robinson v. Wirts,*
387 Pa. 291, 127 A.2d 706 (1956) .......................................................... 10

*Simone v. Simone,*
525 Pa. 392, 581 A.2d 162 (1990) .......................................................... 6

*Sparler v. Fireman's Insurance Co. of Newark, New Jersey,*
360 Pa. Super. 597, 521 A.2d 433 (1987)................................................ 6

*Standard Venetian Blind Company v. American Empire Insurance Company,*
503 Pa. 300, 469 A.2d 563 (1983) .......................................................... 5

*Storm v. Golden,*
371 Pa. Super. 368, 538 A.2d 61 (1988)................................................. 9, 11

*USX Corp. v. Prime Leasing, Inc.,*
988 F.2d 433 (3d Cir. 1993)................................................................... 8

*Vaughn v. Didizian, M.D.,*
436 Pa. Super. 436, 648 A.2d 38 (1994)................................................. 6

*Weisblatt v. Minnesota Mutual Life Ins. Co.,*
4 F. Supp. 2d 371 (E.D. Pa. 1998) ......................................................... 14

## MISCELLANEOUS

Moore Report, p. 1 ................................................................................ 10

## I.   **INTRODUCTION**

Defendant HouseMaster respectfully submits this Reply Brief in support of its Motion for Summary Judgment.  Plaintiffs here have failed to meet their burden of identifying sufficient evidence creating general issues of material fact for trial and, as a result, Counts VIII through XI of the Amended Complaint should be dismissed.

First, Plaintiffs' breach of contract claim fails as a matter of law.  The Inspection Order Agreement sets forth the terms and conditions of the parties' agreement.  The Inspection Order Agreement expressly provides that Plaintiffs contracted for a home inspection and not an environmental evaluation and that Plaintiffs agreed the HouseMaster's liability to them, if any, would be limited.  The fact that Plaintiffs failed to read the Agreement "is an unavailing excuse or defense . . .."  Orner v. T.W. Phillips Gas & Oil Company, 401 Pa. 195, 199, 163 A.2d 880, 883 (1960).  HouseMaster met its contractual obligations to Plaintiffs and, thus, Count X of the Amended Complaint must be dismissed.

Second, Plaintiffs' claims of negligence, misrepresentation and violation of the Unfair Trade Practices and Consumer Protection Law must be dismissed.  These claims all duplicate the breach of contract claim.  Plaintiffs' attempt to recover under these tort theories for a mere breach of contract mandates dismissal

of Counts VIII, IX, and XI of Plaintiffs' Amended Complaint under the "Gist of the Action" doctrine.

Third, even if Plaintiffs have set forth a valid negligence claim, it fails because Plaintiffs have failed to proffer expert testimony to establish HouseMaster's standard of care. The issues in the case are "not so simple and the want of care so obvious," as to require only lay person testimony. Cipriani v. Sun Pipeline Company, 393 Pa. Super. 471, 574 A.2d 706 (1990). Since Plaintiffs cannot establish a prima facia case of negligence, Count VIII must be dismissed.

Fourth, even assuming, *arguendo,* that Plaintiffs' claims for misrepresentation and violation of the Unfair Trade Practices Consumer Protection Law claims are not barred by the "Gist of the Action" doctrine, those claims fail. In particular, Plaintiffs have not indicated under which theory of misrepresentation they are claiming (negligent or fraudulent), have failed to establish a misrepresentation of material fact by HouseMaster and have failed to set forth any intent on the part of HouseMaster to defraud them under both of these claims.

Finally, Plaintiffs have not and can not contest HouseMaster's argument that it is entitled to judgment as a manner of law on Plaintiffs' claims for personal injury damage. Specifically, Plaintiffs have failed to proffer any expert testimony establishing a causal relationship between the injuries complained of by them and

2

the alleged negligent acts of HouseMaster to be entitled to recover for such injuries.  Accordingly, Plaintiffs' claims for personal injuries fail.

## II. REPLY TO PLAINTIFFS' ARGUMENT

### A.    Summary Judgment Standard

On the issues raised in HouseMaster's Motion for Summary Judgment, Plaintiffs bear the burden of proof at trial.  Thus, even as the non-moving party, Plaintiffs must prove the existence of specific facts which "establish the existence of every element essential to [their] case." DeFiore v. Vignola, 835 F. Supp. 249, 251 (E.D. Pa. 1993).  See Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986) (Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and . . . designate "specific facts showing there is no general issue for trial."); Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986) (non-moving party must come forward with "specific facts").  If Plaintiffs do not establish "specific facts" as to each element of their case, summary judgment must be entered favor of HouseMaster.

Here, the issues are straightforward.  Plaintiffs failed to raise genuine issues of material fact with regard to their claims of breach of contract, negligence, misrepresentation and violation of the Unfair Trade Practices and Consumer Protection Law.  Further, Plaintiffs failed to contest HouseMaster's argument in

support of Summary Judgment of their tort claims under the Gist of the Action
doctrine and on their claims for personal injury damages.  Consequently, Summary
Judgment must be entered in favor of HouseMaster and against Plaintiffs, thereby
dismissing Plaintiffs' Amended Complaint as to HouseMaster in its entirety.

**B.      HouseMaster is Entitled to Judgment as a Manner of Law on
        Plaintiffs' Breach of Contract Claim**

In Count X of the Amended Complaint, Plaintiffs assert a claim for breach
of contract.  Although the Inspection Order Agreement ("Agreement") was signed
by Karen Marrone and expressly states that the document "represents a binding
contract between the Client Jack-Karen Marrone and the Company", Plaintiffs here
contend that the Agreement did not contain the terms of the parties' contract.
Rather, Plaintiffs argue that they and HouseMaster entered into an oral contract,
the terms being "you come out to the house and inspect it, because your [sic] a
professional home inspector, and we will pay you to advise us if there are any
problems that should preclude us from buying the house."  Plaintiffs' Brief, p. 4.
Thus, according to Plaintiffs, HouseMaster's duties and liabilities to Plaintiffs are
not limited in any way, shape or form.  This, however, is simply not the case.

The Agreement is, as it explicitly provides, "a binding contract" between the
parties hereto.  The Agreement lists the parties thereto, the property to be
inspected, the cost for such inspection and related services, and the terms and

4

conditions of the contract.  Further, the record clearly reflects that Karen Marrone

received the Agreement from Housemaster on the day of the inspection and signed

and dated the Contract Acknowledgement therein.  Inspection Order Agreement,

Contract Acknowledgement.

Plaintiffs, however, argue that Karen Marrone never read the document

before signing it and that, had she known the Agreement would extinguish

Plaintiffs' rights with regard to HouseMaster's alleged negligence, she never

would have signed it.  Plaintiffs' Brief, p. 4.[1]  Notably, however, as the

Pennsylvania Supreme Court stated in Simone v. Simone:

> Contracting parties are normally bound by their agreements, without
> regard to whether the terms thereof were read and fully understood
> and irrespective of whether the agreements embodied reasonable or
> good bargains.  See Standard Venetian Blind Company v. American
> Empire Insurance Company, 503 Pa. 300, 305, 469 A.2d 563, 566
> (1983) (failure to read a contract does not warrant avoidance or a
> nullification of its provisions); Estate of Brant, 463 Pa. 230, 235, 344
> A.2d 806, 809 (1975); Bollinger v. Central Pennsylvania Quarry
> Stripping & Construction Company, 425 Pa. 430, 432, 229 A.2d 741,
> 742 (1967) ("Once a person enters into a written agreement he builds
> around himself a stone wall, from which he cannot escape by merely
> asserting he had not understood what he was signing."); Montgomery

---

[1] Significantly, terms or conditions of the Agreement that limit HouseMaster's
liability or the scope of its duties to Plaintiffs or that outline Plaintiffs'
responsibility to Housemaster are highlighted in **bold print.**  Thus, Plaintiffs'
contention that such matters were not in contemplation of the parties is simply not
true.

v. Levy, 406 Pa. 547, 550, 177 A.2d 448, 450 (1962) (one is legally
bound to know the terms of a contract entered).

525 Pa. 392, 400, 581 A.2d 162, 165-66 (1990). Thus, "[b]ased upon these

principles, the terms of the present [Inspection Order Agreement] must be regarded

as binding, without regard to whether the terms were fully understood by

[Plaintiffs]. *Ignorantia non excusat*." Id. In other words, whether or not Karen

Marrone read the Agreement prior to her signing the Contract Acknowledgment

acknowledging "that this Contract (both sides) was read and its terms and

conditions are understood" is of no moment. She entered into the Agreement on

behalf of her and her husband and they are therefore bound to it.

No oral representation by HouseMaster or an alleged oral contract with

HouseMaster changes that fact. Indeed, the Agreement contains an integration

clause that states:

> 7. **ORAL REPRESENTATIONS.** No oral statements made by the
> Inspector or any other Company representative shall expand the scope
> of nor change the terms of this Agreement or the Inspection Report.
> Furthermore, the written report shall be considered the inspection
> result and **no oral representations shall alter the results or their
> interpretation.**

Inspection Order Agreement, ¶7 (emphasis in original).[2]

---

[2] Further, the cases Plaintiffs cite regarding releases are inapposite to the instant
case. Indeed, Sparler v. Fireman's Insurance Co. of Newark, New Jersey, 360 Pa.
Super. 597, 521 A.2d 433 (1987), concerned a general release releasing the insurer,
who was not a party to the release, from its contractual obligations. In this case,

(Continued...)

6

Simply put, the Inspection Order Agreement contains the terms and conditions of the parties' contract and, as more fully set forth in HouseMaster's original Brief, HouseMaster acted in accordance with such terms and conditions. In particular, HouseMaster provided Plaintiffs with an evaluation of the specific elements of the subject property on the date and time of the inspection, based on a visual assessment of the home's accessible elements. In particular, HouseMaster alerted Plaintiffs to the fact that the basement showed signs of prior water penetration including water marks/stains and advised Plaintiffs, in its comments to the Water Penetration section, that: "It would be prudent in all cases to discuss local conditions and concerns with the present owner and local authorities." Express Report, p. 12, Water Penetration – General Considerations. Plaintiffs, on the other hand, did not act in accordance with their duties under the Inspection Order Agreement, never providing written notice and an opportunity to assess the property to Housemaster, pursuant to ¶10 of the Agreement.

---

(Continued...)

however, Housemaster was a party to the Agreement and any limitations of liability were in bold print, emphasized in the Agreement and, thus, were in contemplation of the parties. Likewise, in <u>Vaughn v. Didizian, M.D.</u>, 436 Pa. Super. 436, 648 A.2d 38 (1994), the general release executed in regard to an automobile accident was determined not to bar a medical malpractice action for negligent treatment of injuries sustained in the accident when such treatment occurred nine months after the release. Again, in the case at bar, Housemaster was a party to the Agreement and such injuries as are now claimed by Plaintiffs were addressed in the Agreement.

For all of the foregoing reasons in this and HouseMaster's Original Brief, Count X fails as a matter of law.

**C.      Plaintiffs' Attempts to Recover Under Theories of Negligence, Misrepresentation and Violation of the UTPCPL are Barred by the "Gist of the Action" Doctrine**

Plaintiffs, in their Opposition Brief, do not even appear to address HouseMaster's "Gist of the Action" doctrine argument. HouseMaster has fully briefed this argument in its original Brief in Support of its Motion for Summary Judgment and will not repeat the entirety of the argument here. Simply stated, Plaintiffs' claims for negligence, misrepresentation and violation of the UTPCPL essentially duplicate their breach of contract claim. Indeed, the allegations underlying the tort claims mirror those supporting the contract claim, as does the relief sought under each of the claims. As the negligence, misrepresentation and UTPCPL claims are collateral to the contract, they must be dismissed. See Bash v. Bell Telephone Company, 411 Pa. Super. 347, 356, 601 A.2d 825, 829 (1992) (affirming dismissal of negligence claim where the gist of the plaintiffs' complaint was that the defendant failed to perform under the contract); USX Corp. v. Prime Leasing, Inc., 988 F.2d 433, 440 (3d Cir. 1993)(affirming dismissal of tortious misrepresentation claim based on the same acts that gave rise to contract claims); Closed Circuit Corp. of Am. v. Jerrold Electric Corporation, 426 F. Supp. 361, 364

8

(E.D. Pa. 1977) (dismissing fraud claim where the allegations "[rose] no higher than that the defendant failed to comply with contract specifications").

### D.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Negligence Claim

Plaintiffs argue that summary judgment is not warranted on their negligence claim in Count VIII of the Amended Complaint because:  (1) expert testimony is not required to establish the standard of care for HouseMaster, and (2) genuine issues of material fact exist concerning the disclosure of mold by HouseMaster. Both of these arguments, however, lack merit.

First, it is clear that expert testimony is required for Plaintiffs to establish the breach of standard of care of HouseMaster.  As a general rule, "expert testimony is necessary to establish negligent practice in any profession." Powell v. Risser, 375 Pa. 60, 65, 99 A.2d 454, 456 (1953).  This general rule "exhibits a recognition that when dealing with the higher standards attributed to a professional in any field a lay person's views cannot take priority without guidance as to the acceptable practice in which the professional must operate." Storm v. Golden, 371 Pa. Super. 368, 375, 538 A.2d 61, 64 (1988).

The requirement applies equally to the negligence claim against Housemaster under the circumstances presented in this case.  Indeed, the only exception to the requirement that expert testimony must be proffered is "where the

9

matter under investigation is so simple and the lack of skill or want of care is so obvious, as to be within the range of the ordinary experience and comprehension of even non-professional persons . . .." Robinson v. Wirts, 387 Pa. 291, 297, 127 A.2d 706 (1956).  Contrary to Plaintiffs' contentions otherwise[3], the exception is not applicable here.  The standard of care for home inspectors certified by the American Society of Home Inspectors in conducting a specific element inspection in 1999 related to foundation, water penetration and radon on simply cannot be determined by a lay person, a person untrained in home inspections.  Indeed, at the least, one would expect expert testimony on the standard of care, the extent of damage to the property and the repair costs.  Plaintiffs have presented none in this regard, even though they hired the ASHI-certified home inspector to opine on other matters.

Accordingly, "[Plaintiffs'] failure to produce an expert witness as to the standard of care under which [Housemaster] should have conducted [itself] and as to any deviation from that standard that may have occurred makes [Plaintiffs']

---

[3]  Housemaster respectfully submits that Plaintiffs' argument that expert testimony is not required with regard to the professional negligence claim is entirely contradictory of Plaintiffs' actions in the hire and payment of a certified home inspector, Tom Moore, "to examine the house [in 2002 – three years after the original inspection] for moisture and water problems that possibly may have contributed to a mold and mildew condition resulting in the occupants having to move out of the house."  Moore Report, p. 1.

claim defective as a matter of law . . ." <u>Storm v. Golden</u>, <u>supra</u>, 371 Pa. Super. at 378, 538 A.2d at 65.

Second, there are no genuine issues of material fact with regard to the negligence claim. Plaintiffs contend that whether or not the "black spot" was disclosed and identified as mold by Housemaster is an issue of material fact defeating summary judgment. However, the home inspection "is not intended to detect, identify or disclose any . . . environmental concerns regarding this house or property such as the presence of . . . fungi . . . ." Inspection Order Agreement, ¶5. Further, no oral statements by Housemaster either expand or change the scope of the Agreement, nor do the statements constitute inspection results. Inspection Order Agreement, ¶7. In short, Housemaster's duty to Plaintiffs is limited by the express terms and conditions of the Inspection Order Agreement. Thus, since Housemaster was under no contractual obligation to identify the alleged "black spot" on the pegboard in the home's basement as mold, whether Housemaster did so or not is not an issue of material fact. Housemaster met its contractual obligations to Plaintiffs – nothing more, nothing less. Accordingly, Count VIII of the Amended Complaint should be dismissed.

### E.    Housemaster is Entitled Judgment as a Matter of Law on Plaintiffs' Misrepresentation Claim.

Plaintiffs' argument B [sic] from pages 6 through 9 of the Opposition Brief appears to address Plaintiffs' misrepresentation claim, even though the heading of the Argument section mentions only Plaintiffs' negligence and UTPCPL claims. Plaintiffs have yet to reveal under what theory of misrepresentation they are proceeding – negligent or fraudulent. However, the crux of their argument appears to be that summary judgment is not appropriate because a question of fact exists as to whether Housemaster failed to disclose the condition of the house to Plaintiffs. This is simply not the case.

First, a review of Plaintiffs' argument against summary judgment reveals that the misrepresentation claim should be barred under the "Gist of the Action" doctrine – it is a mere duplicate of the breach of contract claim.

Second, Housemaster never misrepresented the condition of the subject property, either negligently or fraudulently. Plaintiffs argue that Housemaster: (1) should have been aware that the basement remodeling by the seller was intended to disguise a latent defect – a dampness/water problem; and (2) should have informed Plaintiffs that the "black spot" was indication of potential problems with a foundation wall so that Plaintiffs could have insisted on destructive testing prior to purchase of the property. These arguments fail upon review of the express provisions of the Inspection Order Agreement and the Express Report.

Indeed, Housemaster's duties were limited by the contract terms and conditions and Housemaster fully met its contractual duties. For example, the Agreement expressly provides: "the Inspection is not intended to detect latent conditions or concealed defects." Inspection Order Agreement, ¶1. Thus, Plaintiffs' conclusory argument that Housemaster knew or should have known of the latent defect lacks any support in the record. Further, with regard to the "black spot," Housemaster informed Plaintiffs through the Express Report that there were indications of water penetration conditions, water marks/stains, in the basement along with indications of possible prior remedial work, construction/ coatings. In addition, Housemaster recommended further inquiry by Plaintiffs to the seller of the home. Specifically, in the comments to the Water Penetration Section, Housemaster states:

> it would be prudent in all cases to discuss local conditions and concerns with the present owner and local authorities. Any comments made in this report are based on evidence/indication present at the time of inspection only. It is not possible to accurately determine the extent of past conditions or to predict future concerns. If there are indications of prior remedial work intended to reduce water penetration concerns, documentation should be obtained from the owner/installer.

Express Report, p. 12, Water Penetration – General Considerations. Thus, Housemaster did precisely what Plaintiffs now ask, within its contractual duties.

13

Third, Plaintiffs have still not established that Housemaster intended to mislead Plaintiffs with respect to the condition of the property.  Indeed, Housemaster alerted Plaintiffs to evidence of water penetration, advised them to seek additional information regarding conditions and prior remedial work and also provided them with recommendations to help prevent further water penetration. There was, in fact, no intent to deceive Plaintiffs on the part of Housemaster.

Clearly, no genuine issues of material fact exist as to this claim. Accordingly, Count IX fails as a matter of law.

### F.    Housemaster is Entitled to Judgment as a Matter of Law on Plaintiffs' UTPCPL Claim.

Count XI of Plaintiffs' Amended Complaint fails because Plaintiffs have failed to set forth specific facts establishing the existence of every element of their UTPCPL claim.[4]

Plaintiffs must establish every element of fraud by clear, precise and convincing evidence.  Weisblatt v. Minnesota Mutual Life Ins. Co., 4 F. Supp. 2d 371, 384 (E.D. Pa. 1998).  This they have not done.[5]  Plaintiffs contend that they

---

[4]  Plaintiffs must prove the elements of fraud in order to set forth a UTPCPL claim. These elements include: (1) a material misrepresentation of an existing fact; (2) scienter; (3) justifiable reliance on the misrepresentation; and (4) damages.  Booze v. Allstate Insurance Co., 750 A.2d 877, 880 (Pa. Super. 2000).

[5]  Indeed, the majority of Plaintiffs' argument in support of their UTPCPL claim is merely a recitation of the history and purpose of the UTPCPL and Plaintiffs' conclusory allegations concerning the elements of fraud.  Notably, however,

(Continued...)

14

have demonstrated the deceptive business practices/material misrepresentation of Housemaster -- Housemaster's failure to disclose the "black spot" as being of concern. Plaintiffs' Brief, p. 9. However, as discussed more fully supra, Housemaster disclosed the presence of prior water penetration (water marks and stains) in the basement. Further, Housemaster advised Plaintiffs to discuss local conditions and the prior remedial work with the home's seller.

Plaintiffs have also not established scienter with regard to Housemaster. Indeed, Plaintiffs have not and cannot demonstrate that Housemaster acted with the intent to deceive Plaintiffs with regard to the condition of the home. Further, Plaintiffs were Housemaster's client. Why would the Company deceive them? Indeed, if there was any latent defect with the home as Plaintiffs allege, Housemaster would not have known of the same, inspecting and reporting only visible and accessible elements of the home with no destructive testing. Inspection Order Agreement, ¶1.

Thus, Plaintiffs cannot set forth at least two of the elements of fraud. Accordingly, Count XI of Plaintiffs' Amended Complaint must be dismissed.

---

(Continued...)

Plaintiffs cannot rely on speculation and conclusory allegations to avoid a motion for summary judgment. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999)(citation omitted).

**G.    Housemaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Claims for Personal Injury Damages.**

Plaintiffs, in their Opposition Brief, do not even address Housemaster's argument concerning their personal injury damages.  Housemaster has fully briefed this argument in its Original Brief in Support of its Motion for Summary Judgment and will not repeat the entirety of the argument here.

Simply stated, "unequivocal medical testimony is necessary to establish the causal connection" in the case at bar.  Albert v. Alter, 252 Pa. Super. 203, 224, 381 A.2d 459, 470 (1977) (citation omitted).  However, as of October 18, 2002, Plaintiffs had not produced a report from a medical expert nor had they identified a medical expert who they planned to use in connection with establishing their alleged bodily injuries.  This is so even though such information was due on or before September 13, 2002.  Thus, through their failure to act accordingly, Plaintiffs have failed to establish the existence of a causal relationship between the personal injuries they complain of and the alleged negligent actions of Housemaster.  Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978). Accordingly, Plaintiffs' claims for personal injuries fail as a matter of law.

## III.    <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Housemaster's Original Brief in Support of its Motion for Summary Judgment, Housemaster respectfully requests this Court to enter summary judgment in its favor and to dismiss Counts VIII, IX, X and XI of the Amended Complaint with prejudice.

DUANE MORRIS LLP

By: _____
Paul E. Scanlan, Esq.
Attorney ID. No. 75733
Jennifer L. Murphy, Esq.
Attorney ID. No. 76432
305 North Front St., 5th Floor
P.O. Box 1003
Harrisburg, PA  17108-1003
(717) 237-550

Date:  December 10, 2002          Attorneys for Defendant HouseMaster

HBG\107393.1

17

## CERTIFICATE OF SERVICE

AND NOW, this 10th day of December, 2002, I hereby certify that I, Denise

L. Huber, an employee of Duane Morris LLP, have served a copy of the Defendant

HouseMaster's Reply Brief in Support of Motion for Summary Judgment on the

following by depositing a true and correct copy of the same in the U.S. Mail at

Harrisburg, Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Gover, P.C.
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA  18501-0590

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

Joel D. Gusky, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA  19103

By: _____
Denise L. Huber