

ORIGINAL

FILED
HARRISBURG PA

DEC 11 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband,<br>KAREN MARRONE, Wife,<br>Both Individually and in Their Capacity<br>as Parents and Guardians for<br>VIDA MARRONE, a Minor and<br>MATTHEW ADAM MARRONE<br>    Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>LINDA M. EDLEMAN, FRED SCHAEFFER,<br>MT. GRETNA REALTY and<br>HOUSE MASTERS,<br>    Defendants | CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>JUDGE KANE<br><br>1:CV-01-0773 |

### REPLY BRIEF OF DEFENDANTS FRED SCHAEFFER AND MT. GRETNA REALTY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Fred Schaeffer and Mt. Gretna Realty, by and through their counsel, Fine, Wyatt & Carey, P.C., hereby submit this Reply Brief in Support of their Motion for Summary Judgment.

First, Defendants Schaeffer and Mt. Gretna Realty incorporate by reference as if set forth fully herein the Reply of Defendant Linda Edleman to the Plaintiffs' Amended Response to Edelman's Motion for Summary Judgment. The Plaintiffs point to no representations by Defendant Schaeffer or Defendant Edelman upon which they relied in connection with the purchase of the subject property.

Second, the Plaintiffs' Amended Response to the Motion for Summary Judgment of Schaeffer and Mt. Gretna Realty does not demonstrate any specific acts of fraud or misrepresentation on the part of

Defendant Schaeffer. The Amended Response merely asserts that Defendant Schaeffer should have been aware of alleged misrepresentations of material facts in the Seller's Disclosure Statement executed by Defendant Edleman. However, Plaintiffs do not point to any evidence in the record that Defendant Schaeffer was aware of any misrepresentations in the Seller's Disclosure Statement. Indeed, Defendant Schaeffer testified that when he walked through the property, including the basement, he did not notice any water stains or water spots in the basement and that Mrs. Edleman never reported any such problems to him. (Schaeffer dep., pp. 26, 59). There is also no evidence in the record that the Plaintiffs ever relied on any representations of Defendant Schaeffer with regard to the subject property. While the Amended Response refers to Schaeffer completing the Lebanon County Multi-List Services Exclusive Right to Sell Agreement for the Sale of Real Estate with Ms. Edleman, this was not a document that the Plaintiffs ever received or reviewed in connection with their purchase of the subject property.

Third, the instant action, contrary to the assertion in the Plaintiffs' Brief, is not " akin to the condition at issue" in *Ledonne v. Kessler, 256 Pa. Super. 88, 389 A.2d 1123 (1978),* which is cited at p. 6 of the Plaintiffs' Brief in Opposition to the Motion for Summary Judgment of Schaeffer and Mt. Gretna Realty. The factual background in *Ledonne,* which alleged fraud on the part of the sellers, is quite different than the factual background in the instant matter. In *Ledonne,* the buyers filed depositions which indicated that Mr. Ledonne and his father-in-law, a carpenter, noticed black spots underneath the sun deck and on plywood paneling in the garage directly beneath the sun deck, which definitely suggested a water leakage problem. When Mr. Ledonne questioned the seller about the black spots, the seller responded that there had been a leak around the chimney but the problem had been corrected. Ledonne also specifically asked about the septic system and the purchaser assured him that the septic system functioned properly despite a small problem the previous summer. Furthermore, in *Ledonne,* Mrs. Ledonne

2

testified that an inspection of the cellar, which immediately adjoined the garage, revealed damp conditions which again suggested a water leakage problem. These wet conditions triggered questions concerning possible water leakage problems and the sellers again offered reassuring answers. . *Id.* 389 A.2d at 1125-1126.

The factual background in *Ledonne* is quite different than that in the instant matter. In the instant matter, the Plaintiffs neither noticed nor inquired about any moisture, drainage or septic problems. There is no evidence that Plaintiffs ever questioned either the Seller, Linda Edleman, or Seller's Agent, Fred Schaeffer, about such conditions. Plaintiffs instead obtained an inspection of the premises from Defendant Housemasters prior to closing. Indeed, the Plaintiffs' depositions indicate that they never even met Mr. Schaeffer until closing, and that he did not make any representations to them at the time of closing.

## II.  CONCLUSION

Wherefore, for all of the foregoing reasons, and for the reasons set forth in the Motion for Summary Judgment of Moving Defendants, and in the Briefs of moving Defendants and Defendant Edleman in support of their motions for summary judgment, Defendants Schaeffer and Mt. Gretna Realty respectfully request that this Honorable Court enter summary judgment in their favor and against the Plaintiffs.

Respectfully submitted,

**FINE, WYATT & CAREY, P.C.**

By: *Edward A. Monsky*
Edward A. Monsky, Esquire
Attorneys for Defendants
Fred Schaeffer and Mt. Gretna Realty

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband,<br>KAREN MARRONE, Wife,<br>Both Individually and in Their Capacity<br>as Parents and Guardians for<br>VIDA MARRONE, a Minor and<br>MATTHEW ADAM MARRONE<br>    Plaintiffs<br><br>v.<br>ALLSTATE INSURANCE COMPANY,<br>LINDA M. EDLEMAN, FRED SCHAEFFER,<br>MT. GRETNA REALTY and<br>HOUSE MASTERS,<br>    Defendants | CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>JUDGE KANE<br><br>1:CV-01-0773 |

## CERTIFICATE OF SERVICE

I, **EDWARD A. MONSKY, ESQUIRE,** hereby certify that I forwarded a true and correct copy of the foregoing Reply Brief of Defendants Fred Schaeffer and Mt. Gretna Realty in Support of their Motion for Summary Judgment upon the following individuals by first class U.S. Mail, postage prepaid, on the 9th day of December, 2002:

        Louis M. Tarasi, Esquire
        Tarasi, Tarasi & Fishman, P.C.
        510 Third Ave.
        Pittsburgh, PA 15219

James G. Nealon, III, Esquire
Nealon & Grover
2411 N. Front St.
Harrisburg, PA 17110

John Flounlacker, Esquire.
Thomas, Thomas & Hafer
P.O. Box 999
Harrisburg, PA 17108

Paul E. Scanlan, Esquire
Duane Morris
P.O. Box 1003
Harrisburg, PA 17108

**FINE, WYATT & CAREY, P.C.**

By: _____*Edward A. Monsky*_____
      Edward A. Monsky, Esquire