IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, KAREN MARRONE, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW MARRONE<br>　　　　　Plaintiffs | : <br>: <br>: CIVIL ACTION - LAW<br>: <br>: <br>: |
| v. | : CASE NO.: 1:CV-01-0773 |
| | : JURY TRIAL DEMANDED |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTER<br>　　　　　Defendants | : <br>: <br>: (JUDGE KANE)<br>: <br>: |

## DEFENDANT HOUSEMASTER'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT FILING OF MEDICAL CAUSATION EXPERT REPORTS *NUNC PRO TUNC*

**I.    INTRODUCTION**

Defendant HouseMaster ("HouseMaster") respectfully submits this Brief in Opposition to Plaintiffs' Motion to Permit Filing of Medical Causation Expert's Reports *Nunc Pro Tunc*. For the reasons set forth herein, HouseMaster requests that this Court deny Plaintiffs' Motion and order the parties to fully comply with the case management deadlines set forth in this Court's July 5, 2002 Order.

## II. STATEMENT OF THE CASE

Plaintiffs Jack Marrone, Karen Marrone, and Vida Marrone initiated this action by filing a Complaint with this Court on or about May 3, 2001 against Defendants Allstate Insurance Company, Linda Edleman, Fred Schaeffer, Mt. Gretna Realty and HouseMaster. Upon leave of court, Plaintiffs filed an Amended Complaint, adding Matthew Marrone as a party-plaintiff to the action.

A Case Management Order was entered by the Court on September 27, 2001, setting a deadline for discovery of February 28, 2002 and a mutual exchange of expert reports on March 29, 2002. On November 23, 2001, Plaintiffs' counsel, Richard F. Stevens, Esquire, filed a Motion to Withdrawal as Counsel for Plaintiffs. The Court granted Attorney Stevens' Motion to Withdrawal as Counsel for Plaintiffs on or about December 19, 2001. Then, by way of an Order dated December 21, 2001, the Court granted Plaintiffs thirty (30) days in which to obtain new counsel for this litigation. On or about January 15, 2002, Plaintiffs filed a Motion for Extension, requesting an extension of an additional forty-five (45) days to obtain new legal counsel and to hold a teleconference with the Court. Plaintiffs sought this extension in part because they were to be Albany, New York, for medical examinations.

By Order dated January 28, 2002, this Court re-scheduled the teleconference scheduled for January 30, 2002 to February 15, 2002. Louis M. Tarasi, Esquire, then entered his appearance on behalf of Plaintiffs on February 1, 2002. The Court held the teleconference on February 15, 2002 and, on February 19, 2002, entered a Case Management Order providing, *inter alia*, a June 28, 2002 deadline for fact discovery and a July 12, 2002 deadline for mutual exchange of expert reports.

Plaintiffs then filed a Motion for Extension of Time on July 2, 2002, seeking an additional sixty (60) days of time to complete fact discovery. On July 5, 2002, the Court granted Plaintiffs' Motion for Extension, amending the February 19, 2002 Case Management Order to reflect deadlines for fact discovery and exchange of expert reports of August 30, 2002, and September 13, 2002 respectively.

Discovery closed on August 30, 2002. The deadline for the identification and production of expert witnesses and reports, previously extended twice, then expired on September 13, 2002, with no indication from Plaintiffs that they had a medical causation expert. Rather, by way of correspondence dated September 13, 2002, Plaintiffs produced expert reports of Tom Moore, a home inspector, and Robert A. Pfromm, a Certified Industrial Hygienist.

Pursuant to the Court's July 3, 2002 Case Management Order, dispositive

motions and <u>Daubert</u> motions with supporting briefs were due to the Court on or before October 18, 2002. Defendant HouseMaster filed a Motion for Summary Judgment and supporting brief on October 18, 2002, seeking, *inter alia*, dismissal of Plaintiffs' claims for personal injury damages on the grounds that Plaintiffs failed to proffer the requisite medical expert testimony in support of their claims. Defendants Linda Edelman, Fred Schaeffer and Mt. Gretna Realty and Allstate Insurance Company also filed motions for summary judgment with the Court on October 18, 2001.

On that same date, October 18, 2002, some five (5) weeks following the close of expert discovery, Plaintiffs filed a Motion for Extension of Time, seeking an additional sixty (60) days in which to disclose their medical expert's reports to Defendants. According to Plaintiffs' Motion, their "medical causation expert was unable to generate his expert reports by September 13, 2002 due to the doctor's busy schedule." Plaintiffs, however, failed to even identify their medical expert in their motion. Indeed, October 18, 2002 was the first date on which Defendants were made aware that Plaintiffs had secured a medical expert to testify on their behalf on the issues of liability, causation and damages. Defendants Edelman, HouseMaster and Schaeffer/Mt. Gretna Realty all filed Responses opposing

Plaintiffs' Motion for Extension of Time on October 21, 2002, October 24, 2002 and November 4, 2002, respectively.

Then, on November 1, 2002, Plaintiffs filed two motions with this Court, a Motion For an Extension of Time until December 4, 2002 in which to file their responses to Defendants' summary judgment motions and a Motion to Permit Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*.

By Order dated November 5, 2002, this Court granted Plaintiffs' Motion for Extension of Time in which to file responses to summary judgment motions, granting Plaintiffs an additional twenty (20) days until November 25, 2002 to respond. Also by Order dated November 5, 2002, this Court denied Plaintiffs' October 18, 2002 Motion for Extension of Time, ordering all parties to comply with the deadlines set in the July 5, 2002 Court Order.

The next day, November 6, 2002, Plaintiffs filed Responses in Opposition to the Defendants' various motions for summary judgment. Plaintiffs then filed Amended Responses to the summary judgment motions as well as supporting briefs and counterstatements of undisputed facts on November 26, 2002. Filed concurrent therewith on November 26, 2002, were Plaintiffs' Written Discovery Materials and Discovery Request Document Responses as well as affidavits from

Tom Moore, Robert Pfromm and Eckardt Johanning, M.D., M.SC.

By Order dated November 27, 2002, the Court ordered that Plaintiffs' Motion to Permit Filing of Plaintiffs' Medical Causation Expert's Reports *Nunc Pro Tunc* be deemed withdrawn for failure to submit either a certificate of concurrence or a supporting brief to the Court. Shortly thereafter, on December 2, 2002, Plaintiffs filed a second Motion to Permit Filing of Plaintiffs' Medical Causation Expert's Reports *Nunc Pro Tunc*, along with a supporting brief. Defendants Edelman and Schaeffer/Mt. Gretna Realty have filed responses and/or briefs opposing Plaintiffs' Motion to Permit Filing Nunc *Pro Tunc*. This Brief is filed in Opposition of Plaintiff's Motion.

### III. ARGUMENT
**PLAINTIFF'S MOTION TO PERMIT FILING OF EXPERT REPORTS NUNC PRO TUNC SHOULD BE DENIED**

Plaintiffs seek an Order allowing them to disclose to Defendants their medical causation expert's reports *nunc pro tunc*. Plaintiffs assert that such an Order is necessary and appropriate because their medical causation expert, Eckardt Johanning, M.D., MSc., was unable to generate his expert reports prior to the Court-ordered deadline of September 13, 2002 due to his travels both abroad and in the United States during the two (2) month period from mid-August through

mid-October, 2002. Plaintiffs argue that Defendants will not be prejudiced by the filing of such reports at this late date because: (1) Plaintiffs had previously permitted Defendants' medical expert to examine and generate an expert report on each of them so Defendants will not be further surprised or delayed; (2) Defendants have sufficient time to prepare for the upcoming February 3, 2003 trial date; and (3) the Court has the discretion to issue pre-trial orders expanding the time for filing expert reports as necessary in the interests of justice. Plaintiffs' Brief, p. 2. Plaintiffs' argument, however, fails for several reasons.

First, this Court has already denied Plaintiffs' earlier Motion for Extension of Time which sought an additional sixty (60) day extension of fact discovery and other court-required dates. See Court's November 5, 2002 Order denying Motion for Extension. Plaintiffs' present Motion is merely a wolf in sheep's clothing. This effort by Plaintiffs to circumvent the Court's November 5, 2002 Order should be denied.

Second, Defendants will suffer prejudice should the Court grant Plaintiffs' Motion to Permit Filing of Expert Reports *Nunc Pro Tunc*. Contrary to Plaintiffs' argument otherwise, resolution of this matter will be further delayed by Plaintiffs' late filing of expert reports. Indeed, should this Court grant Plaintiffs' Motion,

Defendants would require additional time in which to prepare supplemental expert reports as well as <u>Daubert</u> motions.1 The Court would also need to schedule and hold a <u>Daubert</u> hearing. Further, Defendants' motions for summary judgment, at present fully briefed and ripe for disposition by this Court, would need to be revised and resubmitted. Thus, if Plaintiffs' Motion is granted, it will essentially render the dispositive motion practice undertaken by Defendants in accordance with the Case Management Order meaningless, a waste of time and great expense for all involved, and will delay resolution of this action for months.2 And, this extra delay will continue to impact on HouseMaster's insurance coverage, resulting in an increased insurance deductible to simply maintain necessary coverage.

Moreover, while this Court does have the authority to issue pretrial orders in order to control the litigation, the only such order that should be issued here is one excluding the expert reports and testimony of Eckardt Johanning, M.D., MSc., or,

---

1 In fact, in its July 5, 2002 Case Management Order, the Court provided the parties with in excess of one month's time in which to prepare both dispositive and <u>Daubert</u> motions.

2 Defendants were permitted by Plaintiffs to have a medical expert examine them and generate expert reports concerning their claimed bodily injuries. However, since Plaintiffs claim bodily injuries and have placed their physical health at issue, Plaintiffs had no choice but to permit the same. Further, Defendants' expert conducted the IMEs and generated expert reports on each of Plaintiffs in a timely fashion, within the deadlines set forth in the Court's July 5, 2002 Case Management Order.

more appropriately, one denying Plaintiffs' present Motion and ordering the parties to comply with the deadlines previously set in the Court's July 5, 2002 Order. Indeed, Defendants have all been prejudiced by Plaintiffs' failure to produce timely expert reports or to even identify Dr. Johanning as their medical expert. Plaintiffs here had full knowledge of the case management deadlines, including the deadline for production of expert reports. Indeed, they produced the expert reports of Tom Moore and Robert Pfromm in a timely fashion. However, despite having ample time, Plaintiffs apparently made no effort to secure their medical causation expert's reports and chose to wait until five (5) weeks after the deadline for production had passed to move this Court to permit the untimely filing of such reports. Plaintiffs chose to wait until the date on which the parties' dispositive motions and <u>Daubert</u> motions were due to move this Court for yet another extension of time for discovery. Plaintiffs chose to wait until after each Defendant had contacted them regarding their concurrence/nonconcurrence with said Defendant's summary judgment motion before seeking more time from this Court in which to prosecute their case. HouseMaster respectfully submits that this is not excusable neglect by Plaintiffs – especially in light of the fact that their medical expert had examined them in January of this year. Further, Plaintiffs proffer no

explanation as to why they failed to secure said expert reports between January and mid-August, 2002. They have an excuse for only the two month period between August and October; however, Plaintiffs never detail why said reports could not have been faxed to them by their expert while he was in the United States during this time nor why Plaintiffs did not reveal their expert's identity or seek leave from the Court for the untimely production prior to October 18, 2002.

Simply put, Plaintiffs should have been more diligent in protecting their rights in light of their full knowledge of the case management deadlines in this litigation. They were not and, consequently, their present Motion to Permit Filing of Medical Causation Expert's Reports *Nunc Pro Tunc* should be denied.

## IV. CONCLUSION

For the foregoing reasons, HouseMaster respectfully requests this Court to deny Plaintiffs' Motion to Permit Filing of Medical Causation Expert's Reports *Nunc Pro Tunc* and order the parties to comply with the case management deadlines set forth in this Court's July 5, 2002 Order.

DUANE MORRIS LLP

Date: December 13, 2002

Paul E. Scanlan, Esquire
Attorney ID No. 75733
Jennifer L. Murphy, Esquire
Attorney ID No. 76432
305 North Front Street, 5th Floor
P.O. Box 1003
Harrisburg, PA 17108-1003
(717) 237-5500

Attorneys for Defendant HouseMaster

## CERTIFICATE OF SERVICE

AND NOW, this 13th day of December, 2002, I hereby certify that I, Denise L. Huber, an employee of Duane Morris LLP, have served a copy of the Defendant HouseMaster's Brief in Opposition to Plaintiffs' Motion to Permit Filing of Medical Causation Expert Reports *Nunc Pro Tunc* on the following by depositing a true and correct copy of the same in the U.S. Mail at Harrisburg, Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Gover, P.C.
2411 North Front Street
Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA 18501-0590

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA 15219

Joel D. Gusky, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA 19103

By: _____
Denise L. Huber