

ORIGINAL

**FILED**
HARRISBURG, PA

JAN 0 3 2003

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**THOMAS, THOMAS & HAFER, LLP**
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
(717) 237-7134
Attorneys for Defendant Edleman

John Flounlacker, Esquire
Attorney I.D. 73112
John J. McNally III, Esquire
Attorney I.D. 52661
Shawn E. Smith, Esquire
Attorney I.D. 86121

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACK MARRONE, husband, KAREN
MARRONE, wife, both individually and
in their capacity as parents and guardians
for VIDA MARRONE, a minor, and
MATTHEW ADAM MARRONE
           Plaintiffs

     v.

ALLSTATE INSURANCE COMPANY,
LINDA M. EDLEMAN, FRED SCHAFER,
MT. GRETNA REALTY, and
HOUSEMASTERS
           Defendants

: NO.: 1:CV-01-0773
:
:
:
:
:
:
: JUDGE KANE
:
: Civil Action Law
:
:
:
: Jury Trial Demanded
:

## BRIEF IN SUPPORT OF
## DEFENDANT LINDA M. EDLEMAN'S MOTION *IN LIMINE*

## I.    Facts and Procedural History

Plaintiffs and the former legal counsel initiated this lawsuit by filing their
Complaint on May 3, 2001. On November 2, 2002, upon receiving leave of Court,
Plaintiffs filed an Amended Complaint. A true and correct copy of Plaintiffs'
Amended Complaint is attached to Defendant Edelman's Motion *in Limine* as
Exhibit A.

The Amended Complaint alleges that as a direct and proximate result of
exposure to mold Plaintiffs suffered, and will continue to suffer, from the
following things:

- Memory loss
- Mood swings
- Depression
- Severe fatigue
- Sexual dysfunction
- Hair loss
- Abdominal cramping
- Diarrhea
- Sinusitis
- Phlegm and coughing
- Fever
- Dry and itchy skin
- Loss of concentration
- Loss of cognitive functions
- Severe loss of voice
- Continuous headaches

See Exhibit A, Paras. 35-38.

On or about September 21, 2001, a Joint Case Management Plan was submitted to the Court. On September 26, 2001, the parties participated in the Initial Case Management Conference. On September 27, 2001, this Honorable Court entered a Case Management Order which, among other things, required that all fact discovery be concluded by February 28, 2002, and that the parties were required to produce their expert reports by March 29, 2002.

On November 6, 2002, Plaintiffs' former counsel advised all of the parties that he would be withdrawing his representation of Plaintiffs. Ultimately, on November 21, 2001, a Motion to Withdraw as counsel was filed by Attorney Richard F. Stevens. On December 19, 2001, this Honorable Court granted Attorney Stevens' request to withdraw his representation of Plaintiffs.

On December 21, 2001, this Honorable Court granted Plaintiffs' First Request for an Extension of Time for the purpose of securing new legal counsel. On January 15, 2002, the Court granted Plaintiffs' Second Request for an Extension of Time, also for the purpose of securing new counsel to proceed with this litigation. Finally, on February 1, 2002, Louis M. Tarasi, Esquire, of the law firm of Tarasi, Tarasi & Fishman, P.C., entered his appearance for Plaintiffs.

On or about February 19, 2002, this Honorable Court entered a revised Case Management Order which provided, among other things, that a discovery cutoff for this case was to occur on June 28, 2002, and that expert reports were to be produced by July 12, 2002.

On July 2, 2002, Plaintiffs filed a motion seeking a third extension, requesting additional time for the purposes of pursuing further fact discovery. On July 5, 2002, this Honorable Court granted the above-referenced motion and issued a new Case Management Order which provided that discovery was to conclude by August 30, 2002, reports of experts were due on September 13, 2002 and supplemental expert reports were due by September 27, 2002. A true and correct copy of this Court's July 5, 2002 Case Management Order is attached to Defendant Edelman's Motion *in Limine* as Exhibit B.

On October 18, 2002, Defendant Edelman filed a Motion for Summary Judgment alleging that, *inter alia,* after discovery Plaintiffs were unable to meet

their burden of proof on the essential issues of their case against Defendant Edelman. Also on October 18, 2002, Defendant Edelman received a facsimile copy of Plaintiffs' Request, seeking a fourth extension of time for the purposes of securing a report from an unidentified medical expert. To that date, Plaintiffs had not produce any report from a medical expert nor had Plaintiffs identified any medical expert they planned to use in connection with prosecuting this case.

Plaintiffs' Motion for Extension of Time in which to file expert reports was their fourth request for enlargements of time in connection with this lawsuit. Moreover, this request was made approximately thirty (30) days after the deadline for production of expert reports expired. On November 5, 2002, this Honorable Court denied Plaintiffs' Motion to Extend Time in which to file expert reports.

On October 31, 2002, Plaintiffs filed a motion to permit the filing of medical causation expert reports *nunc pro tunc*, which was Plaintiffs' fifth attempt to somehow extend time in this case.

On November 23, 2002, Plaintiffs' filed their Amended Response to Defendant Edelman's Motion for Summary Judgment. Contained in the voluminous documents accompanying Plaintiffs' Response was a document entitled "Affidavit of Eckardt Johanning, M.D., M.Sc.

On December 11, 2002, Defendant Edelman filed a Motion to Strike the Affidavit of Dr. Johanning as violative of both this Court's Case Management Order and the Federal Rules of Civil Procedure.

Defendant Edelman's Motion for Summary Judgment, Plaintiffs' Motion to Permit the Filing of Medical Expert Causation Reports *Nunc Pro Tunc*, and Defendant Edelman's Motion to Strike the Affidavit of Dr. Johanning are currently pending before this Honorable Court.

Defendant Edelman now files this Motion in Limine seeking to have all testimony regarding Plaintiffs' physical injuries and their alleged causation excluded at trial. In the alternative, should this Honorable Court grant Plaintiffs' motion to permit the filing of expert medical causation reports *nunc pro tunc*, Defendant Edelman requests that any and all testimony outside the scope of Dr. Johanning's report be excluded at trial.

## II.    QUESTION PRESENTED

**Should Any and All Testimony regarding Plaintiffs' Alleged Injuries and their Causation Be Excluded at Trial, Or, in the Alternative, Should Testimony Be Limited to the Scope of Dr. Johanning's Report, When There Is No Expert Medical Causation Evidence, and Any Evidence Plaintiffs Do Have in Support of Their Claims Is Very Limited in Nature?**

**(Suggested Answer:  Yes.)**

## III.  **ARGUMENT**

Defendant Edelman respectfully requests that this Honorable Court exclude any and all testimony regarding the physical injuries Plaintiffs claim and their causation.  In the alternative, should this Court grant Plaintiffs' motion to permit the filing of medical expert causation reports *nunc pro tunc*, Defendant Edelman submits that any testimony regarding injury or causation be limited to the scope of Dr. Johanning's expert report and that any evidence of physical injury to Plaintiff Matthew Marrone also be excluded.

If Plaintiffs' Motion to permit the filing of medical expert causation reports *nunc pro tunc* is denied, any and all testimony regarding Plaintiffs' claimed physical injuries and their alleged causation should be excluded from trial. Pennsylvania law is clear that with regard to claims of physical injury or impairment, expert medical testimony is necessary to establish a causal nexus between the injury and the alleged tortious conduct.  Maliszewski v. Renden, 374 Pa.Super. 109, 113, 542 A.2d 170, 172 (1988).  Such testimony is needed to establish that the injury in question did, within a reasonable degree of medical certainty, stem from the complained of act.  Nicklaus v. Vivident, Inc., 767 F.Supp. 94, 96 (M.D. Pa. 1991), aff'd, 986 F.2d 1409 (3rd Cir. 1992).  Medical testimony is needed regarding injuries suffered except in the rare case where there is an obvious causal relationship.  Id.  As this Court has stated, "[a]n obvious causal

relationship exists when the injury is either an 'immediate and direct' or the 'natural and probable' result of the complained act. The injury and the act must be so closely connected that a lay person could diagnose the causal connection." Id.

In the present case, should this Honorable Court deny Plaintiffs' Motion to permit the filing of medical expert causation reports *nunc pro tunc,* there is no medical evidence regarding the connection between any alleged actions by Defendant Edelman, the mold found in the basement, and the injuries of which Plaintiffs complain. Plaintiffs claim numerous injuries in their Amended Complaint from sexual dysfunction, to hair loss, to general respiratory illness. However, Plaintiffs have no medical evidence that any of these alleged injuries resulted from the mold in question.

There is no obvious causal connection in this case. Not even Plaintiffs' industrial hygienist, who may not be a medical expert but is at least familiar with fungi, can say whether Plaintiffs were susceptible or in any way symptomatic of the species of mold found. This is very much out of the ken of a lay person, and medical testimony regarding a causal effect is required. Plaintiffs fail to present any such evidence, and neither Plaintiffs' proposed experts nor the Plaintiffs themselves are qualified to testify as to their specific alleged injuries or their alleged causation. As such, any and all testimony regarding Plaintiffs' alleged injuries and their causation should be excluded at trial.

In the alternative, should this Honorable court grant Plaintiffs' Motion to permit the filing of medical expert causation reports *nunc pro tunc*, any and all evidence produced at trial regarding Plaintiffs' alleged injuries and their causation should be limited to the scope of Dr. Johanning's report.

Federal Rule of Civil Procedure 26(a)(2)(B) provides that any party intending on presenting expert testimony must produce an expert report which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." F.R.C.P. 26(a)(2)(B). The purpose behind "requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." Chladek v. Milligan, 1998 U.S. Dist. LEXIS 9209. p. 9, (E.D. Pa. 1998) (quoting, Reed v. Bender, 165 F.R.D. 424, 429 (D.N.J. 1996)). Thus, in addition to needing expert testimony to create a causal link between injuries and actions, the reports for any expert testimony to be presented must include all opinions to be expressed at trial. See, F.R.C.P. 26(a)(2)(B). Plaintiffs are limited in their presentation of expert evidence to the scope of any expert reports produced. See, e.g., Vitah S.A., Inc. v. Publiker Industries, Inc., 1986 U.S. Dist. LEXIS 20546, p. 3, (E.D. Pa. 1986).

In the present case, Plaintiffs seek to file the expert report of Eckardt Johanning, M.D., M.Sc. See Exhibit C, attached to Defendant Edelman's Motion *in Limine*. Dr. Johanning's reports find that Plaintiffs Jack Marrone, Karen

Marrone and Vida Marrone had a respiratory reaction after exposure to mold and mildew.  See Exhibit C, attached to Defendant Edelman's Motion *in Limine*.  With regard to Plaintiff Matthew Marrone, Dr. Johanning reaches no conclusion within a reasonable degree of medical certainty, nor does he reach any specific opinion as to the cause of any complaints Matthew Marrone might have had.

As to Plaintiffs Jack, Karen and Vida Marrone, any and all testimony regarding their alleged injuries or their causation should be limited to the opinions presented by Dr. Johanning.  As noted above, to create a causal link between Plaintiffs' injuries and the mold in this case, it is necessary that Plaintiffs have expert testimony.  Since Dr. Johanning's opinion is limited regarding the injuries allegedly caused, any testimony regarding injuries outside of those in Dr. Johanning's report have no expert causation basis and therefore should not be presented at trial.

As to Plaintiff Matthew Marrone, there is no expert opinion regarding his health condition.  Dr. Johanning reaches no conclusions to a reasonable degree of medical certainty, nor does he provide any specific opinion regarding his prognosis of Matthew Marrone.  Medical experts who testify with a reasonable degree of medical certainty meet the requirements of the Federal Rules of Evidence.  Shultz v. Celotex Corp., 942 F.2d 204, 208 (3rd Cir. 1991).  While the phrase may not be

dispositive of the issue, "it may indicate the level of confidence the expert has in the expressed opinion." Id. at 209.

Not only does Dr. Johanning's report not state an opinion within a reasonable degree of medical certainty, his report does not reach any specific conclusion at all. See Exhibit C, attached to Defendant Edelman's Motion *in Limine*. To the contrary, the conclusion contained in Dr. Johanning's report with regard to Matthew Marrone is simply speculation. Dr. Johanning's conclusion states, in full:

> Mr. Matthew Marrone had a variety of health complaints including respiratory reaction that are in time and place associated with exposure to mold and mildew in his previous home. He has been advised that in the future he should avoid any of these fungal indoor exposures and related problems. He has been discharged for care and follow-up by his local physicians. Provided that he has no further exposure to the fungi, he should be reasonably well.

See Exhibit C, attached to Defendant Edelman's Motion *in Limine*.

As can be seen by the entire conclusion quoted above, Dr. Johanning stated that the subjective complaints of Matthew Marrone were during the same time period that he was allegedly exposed to the mold and mildew in his previous home. However, Dr. Johanning reaches no specific conclusion as to whether that was the actual cause of any objective problems Matthew Marrone might have had. This is not sufficient for an expert opinion, and therefore Defendant Edelman submits that

no evidence be presented as to any alleged physical injuries Matthew Marrone might have had.

If this Honorable Court grants Plaintiffs' Motion to permit the filing of medical expert causation reports *nunc pro tunc*, any and all testimony regarding alleged physical injuries and their causation should be limited to the scope of Dr. Johanning's expert report. Dr. Johanning's report solely reaches a conclusion regarding the alleged respiratory reaction of Plaintiffs Jack, Karen and Vida Marrone.[1] With regard to Plaintiff Matthew Marrone, Dr. Johanning's report is silent as to his opinion on any injuries he may have sustained. As such, Dr. Johanning's report is insufficient to form a basis to determine the necessary causation, and any and all evidence regarding physical injury to Matthew Marrone or its causation should be excluded from trial.

## IV.    **CONCLUSION**

For the reasons set forth at length above, Defendant Edelman respectfully requests that all evidence regarding alleged injuries sustained by Plaintiffs and their causation be excluded at trial. In the alternative, should this Court grant Plaintiffs' motion to permit the filing of expert medical causation reports *nunc pro*

---

[1]    Since there is no obvious causal connection between the mold and Plaintiffs' other claimed injuries, medical causation evidence is required. See Nicklaus v. Vivident, Inc., 767 F.Supp. 94, 96 (M.D. Pa. 1991).

*tunc*, any and all evidence regarding alleged physical injuries Matthew Marrone

may have sustained should be excluded at trial.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By:_____
     John Flounlacker, Esquire
     John J. McNally III, Esquire
     Shawn E. Smith, Esquire
     P.O. Box 999
     Harrisburg, PA  17108-0999
     (717)237-7134

Date:  January 3, 2003

:216688

## CERTIFICATE OF SERVICE

I. Shawn E. Smith, Esquire, of the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Louis M. Tarasi, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA  17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA  18501-0590

Paul E. Scanlan, Esquire
Duane Morris & Heckscher
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108


                                    THOMAS, THOMAS & HAFER, LLP


Dated:  January 3, 2003                 Shawn E. Smith