IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE,<br>Plaintiffs<br><br>v.<br><br>ALLSTATE INSURANCE CO., et al.<br>Defendants | FILED<br>HARRISBURG<br>JAN 1 4 2003<br>MARY E. D'ANDREA, CLERK<br>Per____<br>DEPUTY CLERK<br><br>CIVIL ACTION NO. 1:CV-01-0773<br>(Judge Kane) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Permit the Filing of Plaintiffs' Medical Expert Reports Nunc Pro Tunc. (Doc. No. 101). The matter has been briefed and is ripe for disposition.

Plaintiffs bring this action against various Defendants for damages suffered as a result of alleged toxic mold that infested their home in Mt. Gretna, Pennsylvania. Plaintiffs commenced this action on May 3, 2001. The progress of the action has been delayed several times on motion of Plaintiffs. The most recent Case Management Order is a result of Plaintiffs' request for extension of all deadlines, including the deadline for the presentation of expert reports. By Order of this Court, those reports were due on September 13, 2002 and the deadline for filing dispositive motions was October 18, 2002. Both deadlines passed with no filings by Plaintiffs and no motion to extend these deadlines.

Defendants filed Motions for Summary Judgment on October 18, 2002, arguing, inter alia, that Plaintiffs' action is unsupported by medical testimony. Apparently on receipt of these motions, on that same day, Plaintiffs' counsel faxed to defense counsel a motion to extend all deadlines in the case by sixty days and filed the motion with the Court. When this Court denied

the motion, Plaintiffs filed the present motion to permit the filing of their medical expert reports nunc pro tunc. In support of this request, Plaintiffs' counsel asserts that his retained expert was absent from the country from the middle of August to the middle of October. Counsel offers no explanation for his failure to request an extension of time before the expiration of the deadline, nor does he explain why his request for an extension came over one month late and then only on receipt of Defendants' summary judgment motions. It would appear that Counsel forgot the deadline or chose to disregard it until it was brought to his attention by the filing of Defendants' motions.

The Federal Rules of Civil Procedure and the scheduling orders that govern this case are designed to ensure fairness, respect for the court, and the expeditious movement of cases through this Court. They are effective to accomplish these goals only if they are evenly and fairly enforced. Defendants have abided by all orders of this Court and with the Federal Rules of Civil Procedure. Plaintiffs have not, and Counsel has offered no reasonable explanations for his failure to comply. Were these considerations the only ones for this Court, fairness would seem to dictate that the evidence in question be excluded from the case as untimely and in violation of the Court's scheduling order. If Defendants are correct that this case cannot be prosecuted without a medical expert, Plaintiffs would ultimately suffer dismissal of their case as a consequence of this missed deadline.

Fortunately for Plaintiffs, Third Circuit case law requires that this Court look beyond a party's noncompliance with court orders and with the Federal Rules of this Civil Procedure. The Third Circuit has held that excluding critical testimony as a discovery sanction is a drastic measure that should be imposed only in extreme situations. Meyers v. Pennyback Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir.1977). The Court has further held that the exclusion

of critical evidence should not occur absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence. Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir.1997). Therefore, before exercising its authority to exclude evidence to sanction discovery misconduct, a trial court must first consider whether the failure is willful or flagrant.

However careless the conduct of Plaintiffs' counsel, this Court cannot say that the failure to disclose the report of Plaintiffs' expert is willful or flagrant. Defendants were made aware of Plaintiffs' intention to offer expert testimony, and Plaintiffs were made available for examination by Defense medical experts. There are no facts to support a finding that Counsel's failure to comply with scheduling deadlines was in any way a tactical move. However, Counsel has to this day failed to offer to this Court any excuse for his failure to notify the Court of scheduling problems and request an extension <u>before</u> the deadline expired. As Counsel is without explanation or apology, it might reasonably be concluded that Counsel's conduct is flagrant within the meaning of Konstantopoulos. 112 F.3d at 719. However, because of the grave importance of this evidence to Plaintiffs, who presumably share no blame for Counsel's lapses, and because this is the first instance of noncompliance, this Court will resolve the doubt over this issue in Plaintiffs' favor, and find that Counsel's conduct was neither willful nor flagrant.

The Third Circuit has elucidated four factors to consider in addition to the importance of the testimony to be excluded in determining whether or not expert testimony should be excluded: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness in failing to comply with the district

3

court's order. Quinn v. Consolidated Freightways Corp., 283 F.3d 572, 577 (3d Cir. 2002); Konstantopoulos, 112 F.3d at 719; Meyers, 559 F.2d at 904-905.

These factors weigh against the exclusion of the evidence. Defendants are inconvenienced, but not surprised. Defendants were aware of the potential medical testimony in the case and how it bears on the ultimate issues before the Court. The prejudice created by the late disclosure of evidence can be minimized by postponing the trial date and all remaining case deadlines. A trial delay will disrupt the Court's calendar and necessitate the rescheduling of other cases, but no serious harm will come to Defendants as a result. With the addition of new evidence, Defendants' dispositive motions may need to be revised or resubmitted. These costs can be shifted to Plaintiffs, and do not necessitate the more drastic remedy of exclusion of the evidence.

In light of all of the circumstances now appearing of record, Plaintiffs' Motion to Permit the Filing of Plaintiffs' Medical Expert Reports Nunc Pro Tunc will be granted. This Court does not find that it is empowered to exclude Plaintiffs' proffered expert as a sanction for violation of the scheduling order in this case. Pursuant to a separate order issued this date, Counsel for Plaintiffs shall show cause why he should not be sanctioned with a monetary fine and/or costs for failure to comply with orders of this Court.

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiffs' Motion to Permit the Filing of Plaintiffs' Medical Expert Reports Nunc Pro Tunc (Doc. No. 101) is **GRANTED**.

2. Plaintiffs may disclose the expert reports of Dr. Eckardt Johanning to Defendants on or before January 17, 2003.

3. Defendant Edelman's Motion to Strike the Affidavit of Eckardt Johanning (Doc.

   No. 119) is **DENIED AS MOOT**.

4. In light of this decision, Defendant Edelman's Motion in Limine (Doc. No. 123) and Defendants Schaeffer and Mt. Gretna Realty's Motion in Limine (Doc. No. 124) are **DENIED** without prejudice to re-file more appropriate motions in limine in accordance with the new scheduling order.

5. All Defendants' Motions for Summary Judgment (Doc. Nos. 53, 58, 64, and 67) are **DENIED** without prejudice to re-file in accordance with the new scheduling order.

6. A new scheduling order shall issue.

                                                          Yvette Kane
                                                          United States District Judge

Date: 14 JAN, 2003