IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE,<br><br>Plaintiffs<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | Civil Action No.: 1:CV-01-0773<br><br>FILED<br>HARRISBURG, PA<br>JAN 2 4 2003<br>MARY E. D'ANDREA, CLERK<br>Per_____ Deputy Clerk<br><br>(U.S. District Judge Yvette Kane)<br><br>**JURY TRIAL DEMANDED** |

**STATEMENT OF PLAINTIFFS' COUNSEL SHOWING CAUSE
WHY SANCTIONS SHOULD NOT BE ORDER**

AND Now come the Plaintiffs' Counsel, Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and Tarasi, Tarasi & Fishman, P.C., and hereby file this Statement of Plaintiffs' Counsel Showing Cause Why Sanctions Should Not Be Ordered, and in support thereof says the following:

1. On February 15, 2002, a telephone conference was held between this Honorable Court and the parties, the Plaintiffs were represented by their counsel of record, Louis M. Tarasi, Jr., Esquire.

2. As a result of the February 15, 2002 teleconference, this Honorable Court entered an Amended Case Management Order on February 19, 2002, setting the close of fact discovery on June 29, 2002, and requiring the filing of expert reports on July 12, 2002.

2. On July 3, 2002, this Honorable Court entered an Order, <u>after a status conference</u>

with the parties regarding a "discovery dispute" in this matter held on June 4, 2002 (these words, i.e., "discovery dispute," are the words set forth in the docket), said Order set the close of fact discovery for August 30, 2002, and required the filing of expert reports on September 13, 2002.

3. That "discovery dispute" was not actually a dispute, but an assessment of the parties regarding their requirement for additional discovery. The "Motion for Extension of Time" filed on July 2, 2002, provided that:

> 2. On June 28, 2002, counsel for the parties were diligently pursuing discovery, and on that day met after two-days of deposition to concur (L.R. 7.1) that discovery should be extended in this matter, with consent of this Honorable Court. The Parties have engaged in a diligent deposition schedule to date.
>
> 3. On June 28, 2002, after two-days of depositions, and after diligently pursuing discovery to date, the parties learned of several additional fact witnesses.
>
> 4. All counsel for the parties have met and concur in the presentment of this motion for an extension of time. (L.R. 7.1)
>
> 5. All counsel for the parties have met and agree that an additional sixty (60) days is necessary to complete fact discovery.
>
> 6. The Plaintiffs therefore request that the Amended Case Management Order be further amended to provide for a sixty (60) day extension of time for fact discovery and other required Court dates accordingly, i.e., that the dates set in the Amended Case Management Order of February 19, 2002 be also extended an additional sixty (60) days.

4. On June 4, 2002, counsel for the Plaintiffs advised Eckardt Johanning, M.D., M.Sc. of the Plaintiffs' requirements for expert reports regarding medical causation. (Ex. 1, "Letter of June 4, 2002 to Dr. Johanning")

5. On June 21, 2002, Mr. Floro spoke with Dr. Johanning assistant regarding the

2

status of Dr. Johanning's reports. (Ex. 2, Affidavit of Gianni Floro, Esquire)

6. On July 19, 2002, Mr. Floro spoke with Mrs. Marrone regarding the status of their testing. (Ex. 2, Affidavit of Gianni Floro, Esquire)

7. On July 22, 2002, Mr. Floro spoke with Dr. Johanning's assistant regarding the status of Dr. Johanning's expert reports. (Ex. 2, Affidavit of Gianni Floro, Esquire)

8. On July 23, 2002, Mr. Floro again spoke with Dr. Johanning's assistant regarding the status of Dr. Johanning's expert reports. (Ex. 2, Affidavit of Gianni Floro, Esquire)

9. On July 23, 2002, Mr. Floro again spoke with Mrs. Marrone regarding the status of their testing. (Ex. 2, Affidavit of Gianni Floro, Esquire)

10. On July 23, 2002, Dr. Johanning's assistant wrote to the Plaintiffs regarding testing that was required to be performed, and which she believed had not been performed after their January 17, 2002, visit with Dr. Johanning. (Ex. 3, "Letter of July 23, 2002 to Mr. and Mrs. Marrone")

11. On August 5, 2002, Mr. Floro received the July 31, 2002 letter Dr. Johanning's assistant wrote to the Plaintiffs regarding the testing Dr. Johanning required to evaluate the Plaintiffs' claims. (Ex. 4, "Letter of July 31, 2002 to Mr. and Mrs. Marrone)

12. On that day, August 5, 2002, Mr. Floro spoke with the Plaintiffs two times regarding the letter he had received from Dr. Johanning's assistant. (Ex. 2, Affidavit of Gianni Floro, Esquire)

13. On August 8, 2002, Mr. Floro again spoke with the Plaintiffs regarding the testing Dr. Johanning required to evaluate the Plaintiffs' claims. (Ex. 2, Affidavit of Gianni Floro, Esquire)

14.     On August 30, 2002, Mr. Floro was advised that testing had been completed by Mr. Marrone by message, and that the testing data was being forwarded to Dr. Johanning. (Ex. 2, Affidavit of Gianni Floro, Esquire)

15.     On September 4, 2002, Mr. Floro sent a letter to Dr. Johanning by telefax and U.S. Mail First Class, again requesting that the expert reports be provided and advising Dr. Johanning of the September 13, 2002 deadline for the disclosure of expert reports. (Ex. 5, "Letter of September 4, 2002 to Dr. Johanning") In that letter, Mr. Floro advised Dr. Johanning that:

> P.S.    It is vital that we obtain these reports in time to provide them to the Defendants. A telefax copy of the reports and supporting information, etc. will do for purposes of this disclosure.

16.     On September 4, 2002, Mr. Floro confirmed with Mrs. Marrone that the IBT Reference Laboratory had transmitted the requested testing to Dr. Johanning's office. (Ex. 2, Affidavit of Gianni Floro, Esquire)

17.     On September 4, 2002, Mr. Floro spoke with Dr. Johanning's assistant regarding the requirement that Dr. Johanning's reports be disclosed on September 13, 2002, and confirming the receipt of the IBT Reference Laboratory testing results by Dr. Johanning's office. (Ex. 2, Affidavit of Gianni Floro, Esquire)

18.     On September 13, 2002, Mr. Floro again spoke with Dr. Johanning's assistant regarding Dr. Johanning's expert reports, Mr. Floro was advised that Dr. Johanning was out of town, but that she would try to reach him regarding the matter.

19.     In the Plaintiffs' "Motion to Permit the Filing of Plaintiffs' Medical Causation

Expert Reports *Nunc Pro Tunc*," the Plaintiffs stated that:

> 3. The Plaintiffs' medical causation expert was unable to generate his expert reports by September 13, 2002, due to the doctor's busy schedule; unbeknownst to the Plaintiffs their medical causation expert was traveling in Poland, Germany, Texas and California for two months from the middle of August to the middle of October in association with his practice. Fact Discovery in this matter ended on August 30, 2002.

20. This Honorable Court has provided Plaintiffs' counsel the opportunity to provide an explanation for not filing a more timely motion for an extension of time in which to file Dr. Johanning's reports.

21. Based upon the foregoing facts, Plaintiffs' counsel states that they believed that Dr. Johanning would provide the reports in a timely manner, based upon the September 4, 2002 discussion regarding the matter with his assistant. Had the Plaintiffs' counsel been aware that Dr. Johanning would be unable to draft said reports because of his absence from his office we should have filed for an extension of time and the matter would have been brought to this Honorable Court's attention immediately.

Plaintiffs' counsel was under the impression that the expert reports would be momentarily arriving at our office for disclosure to defense counsel. Unfortunately, this did not happen. We at that time should have filed for an extension of time. However, we were under the impression the reports would be in our office forthwith for disclosure to defense counsel. Once it became clear they were not, we filed for an extension of time.

We apologize to the Court and counsel that we did not act sooner, but we were not aware until the actual date requiring disclosures of the reports on September 13, 2002, that Dr. Johanning was not even in his office. We were under the impression even then as soon as Dr.

Johanning was contacted we would receive the reports. This did not happen. And when it became clear it was not momentarily going to happen after repeated phone calls we filed for an extension of time.

Wherefore, the Plaintiffs respectfully request that this District Court not order sanctions due to the foregoing circumstances that were not within counsels' control.

                        Respectfully submitted,

                        TARASI, TARASI & FISHMAN, P.C.

By: _____
    Louis M. Tarasi, Jr.
    PA ID No. 01042

By: _____
    Gianni Floro, Esquire
    PA ID No. 85837
    Attorney for the Plaintiffs
    510 Third Avenue
    Pittsburgh, PA 15219
    P: (412) 391-7135
    F: (412) 471-2673

LOUIS M. TARASI, JR.
CERTIFIED CIVIL TRIAL ADVOCATE BY THE NATIONAL
BOARD OF TRIAL ADVOCACY, A PENNSYLVANIA
SUPREME COURT APPROVED AGENCY.
ELIZABETH M. TARASI
CRAIG L. FISHMAN

CHRISTINA K. HURNYAK
C. WILLIAM KENNY
GIANNI FLORO

# TARASI, TARASI & FISHMAN, P.C.

ATTORNEYS AND COUNSELORS AT LAW

510 THIRD AVENUE
PITTSBURGH, PENNSYLVANIA 15219-2191
(412)391-7135  FAX: (412)471-2673
WEBSITE: WWW.TARASILAW.COM
E-MAIL: TARASILAW@AOL.COM

June 4, 2002

Eckardt Johanning, M.D., M.Sc.
Occupational and Environmental Life Sciences
650 Warren Street (Medical Arts Building)
Albany, NY 12208

Re:  Jack Marrone, husband, Karen Marrone, wife, both individually and in their capacity as parents and natural guardians for Vida Marrone, a minor, and Matthew Adam Marrone v. Allstate Insurance Company, Linda M. Edleman, Fred Schafer, Mt. Gretna Realty and House Masters
In the United States District Court for the Middle District of Pennsylvania
Civil Action No. 1: CV-01-0073

Dear Dr. Johanning:

Please be advised that we represent Jack, Karen, Vida and Matthew Marrone with regard to the injuries that they suffered after their exposure to Aspergillus, Penicillium and Stachybotrys as a result of fungal contamination in their former home located at 354 Timber Drive, Mt. Gretna, Lebanon, PA. Enclosed you will find medical authorizations permitting the release of their medical information to my firm. I am enclosing a copy of the Indoor Air Quality/Indoor Environmental Quality (IAQ/IEQ) survey of Advanced Applied Science Inc. together with a copy of the Marrones' medical records and Amended Complaint for your review.

We need one separate report for each of the four members of the Marrone Family indicating the history given to you by or on behalf of each, their initial complaints, your initial findings and diagnosis, a summary of your testing to date, and your prognosis relative to their physical conditions.

I will also need to have your medical opinion as to whether each presents complaints that are related to the above noted exposure. This opinion should be stated "within a reasonable degree of medical certainty."

We have also enclosed a medical report form which you may use in preparing your report if you so desire.

Eckardt Johanning, M.D., M.Sc.
June 3, 2002
Page 2

       You may, of course, bill our office for your fee in preparing these reports for me. If you should have any questions or comments regarding this matter, please do not hesitate to contact me directly.

       Very truly yours,

       TARASI, TARASI & FISHMAN, P.C.

       Louis M. Tarasi, Jr.

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE,  :  :  :  :  : | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs : | |
| vs. : | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS  :  :  :  : | **JURY TRIAL DEMANDED** |

---

COMMONWEALTH OF PENNSYLVANIA  )
)ss
COUNTY OF ALLEGHENY  )

## AFFIDAVIT OF GIANNI FLORO, ESQUIRE

BEFORE ME, the undersigned authority, a Notary Public in and for the County and State aforesaid, personally appeared Gianni Floro, Esquire, known to me (or satisfactorily proven) to be the person whose name is subscribed, and having been duly sworn, deposes and states under oath as follows:

1.   I am above the age of 18, of sound mind and capable of executing this Affidavit. I am an associate with the law firm of Tarasi, Tarasi & Fishman, P.C.

2.   On June 21, 2002, I spoke with Dr. Johanning assistant regarding the status of Dr. Johanning's reports.

3.   On July 19, 2002, I spoke with Mrs. Marrone regarding the status of their testing.

4. On July 22, 2002, I spoke with Dr. Johanning's assistant regarding the status of Dr. Johanning's expert reports.

5. On July 23, 2002, I again spoke with Dr. Johanning's assistant regarding the status of Dr. Johanning's expert reports.

6. On July 23, 2002, I again spoke with Mrs. Marrone regarding the status of their testing.

7. On August 5, 2002, I received the July 31, 2002 letter Dr. Johanning's assistant wrote to the Plaintiffs regarding the testing Dr. Johanning required to evaluate the Plaintiffs' claims.

8. On that day, August 5, 2002, I spoke with the Plaintiffs two times regarding the letter I had received from Dr. Johanning's assistant.

9. On August 8, 2002, I again spoke with the Plaintiffs regarding the testing Dr. Johanning required to evaluate the Plaintiffs' claims.

10. On August 30, 2002, I was advised that testing had been completed by Mr. Marrone by voice mail message, and that the testing data was being forwarded to Dr. Johanning.

11. On September 4, 2002, I sent a letter to Dr. Johanning by telefax and U.S. Mail First Class, again requesting that the expert reports be provided and advising Dr. Johanning of the September 13, 2002 deadline for the disclosure of expert reports. In that letter, I advised Dr. Johanning that:

> P.S. It is vital that we obtain these reports in time to provide them to the Defendants. A telefax copy of the reports and supporting information, etc. will do for purposes of this disclosure.

12. On September 4, 2002, I confirmed with Mrs. Marrone that the IBT Reference Laboratory had transmitted the requested testing to Dr. Johanning's office.

(3)

13. On September 4, 2002, I spoke with Dr. Johanning's assistant regarding the requirement that Dr. Johanning's reports be disclosed on September 13, 2002, and confirming the receipt of the IBT Reference Laboratory testing results by Dr. Johanning's office.

14. On September 13, 2002, I again spoke with Dr. Johanning's assistant regarding Dr. Johanning's expert reports, and I was advised that Dr. Johanning was out of town, but that she would try to reach him regarding the matter to insure the reports were forthwith coming.

_____01·23·03_____  _____
DATE                   Gianni Floro, Esquire

SWORN TO and SUBSCRIBED TO

before me this __23nd__ day

of January 2003.

_____Becky Richard_____
(Notary)

Notarial Seal
Becky Richard, Notary Public
Pittsburgh, Allegheny County
My Commission Expires Nov. 13, 2003
Member, Pennsylvania Association of Notaries

# Eckardt Johanning, M.D., M.Sc.

Occupational and Environmental Life Science
Fungal Research Group (FRG), Inc.
650 Warren Street – Medical Arts Building
Albany, N.Y. 12208
Phone: (518) 459-3336
Fax: (518) 459-4646

Offices also in New York City and Frankfurt

# Fax Transmittal

DATE: 7/23/02

To: GIANNI FIORO

Organization: _____

Fax: (412) 471-2673

Phone: (412) 391-7135

From: Hedy

Subject: the MARRONE FAMILY

Number of pages including cover sheet: 6

Original scripts will be forwarded to Mr. + Mrs. Marrone and Dr J's Fee Schedule.

This information and accompanying documents are confidential and intended only for the use of the addressee named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, disclosure, distribution, use or copying of this communication or any part hereof, is strictly prohibited. If you have received this communication in error, please notify us by phone immediately so that we can arrange for the return of this material at no cost to you. Thank you.

③

Eckardt Johanning, M.D., M.Sc.
Occupational and Environmental Life Science



Fungal Research Group (F.R.G.), Inc.

650 Warren Street, POB 3148
Medical Arts Building
Albany N.Y. 12203
518 459 3336
fax - 459 4646
eckardtjohanning@attglobal.net
www.fungalresearchgroup.com

Re.: Consultation Fee Schedule (2001)

1. My fee for reading discovery information, telephone consultations, expert review of documents and opinion will be $300.00 per hour.

2. My fee for deposition and court testimony / arbitration appearance is $ 575.00 per hour, with a $1500.00 minimum. Should a deposition be requested by opposing counsel, a $1500.00 deposit plus travel $funds must be paid one week in advance of the deposition or court testimony.

3. If you or opposing counsel intends to take my deposition, court room / arbitration appearance or testimony at a location away from my office in Albany, N.Y., or if the trial is held outside of Albany, N.Y., my fee for travel time is $ 100.00 per hour for time greater than one hour. If the deposition or testimony is outside of the State on New York, a flat fee of $ 1500.00 per day travel time away from N.Y. must be paid one week prior to my departure. All usual travel expenses will be paid by you or opposing counsel.

4. Please send a retainer of $1500.00 for any future work.

5. All fees are payable within 30 days of my billing to your firm.

6. This fee structure is subject to change without notice. Any unused portion of your deposit/retainer check will be refunded if requested by you.

7. Clinical patient examination services are billed at the usual customary rates.

8. Payment of any recommended laboratory tests and diagnostic procedures are the responsibility of the patient (client) or the patient's attorney and shall be arranged directly with the laboratory. Reimbursement of costs by private health insurance may be possible. A diagnostic billing code will be provided by me upon review of the medical problems and findings.

9. Any motion to exclude my testimony or parts of it ("Daubert" or "Frey") must be communicated to me immediately, so an approximate response can be prepared.

Sincerely,

Eckardt Johanning, M.D., M.Sc.

# Eckardt Johanning, M.D., M.Sc.
## Occupational and Environmental Life Science - Fungal Research Group, Inc. (FRG)

650 Warren Street - Medical Arts Building
Albany, N.Y. 12208 U.S.A.
518-459-3336 • fax - 4646
www.fungalresearchgroup.com

Offices:
Albany,
New York City
Frankfurt/Main, FRG

Mr. and Mrs. Jack Marrone
11673 Highway PP
Dixon, MO 65459

Albany, July 23, 2002

**Reference:   Required Testing**

Dear Mr. and Mrs. Marrone:

Enclosed are 4 scripts from Dr. Johanning for testing that you did not have performed from your office evaluation on January 17, 2002. Please have the testing performed immediately as it is needed in order for Dr. Johanning to provide your attorney with the necessary reports.

If you have any questions, please feel free to contact the office.

Sincerely,

Hedy E. Stockler
Fungal Research Group

Enclosures

Fax to: Mr. Giani Floro
        Tarasi, Tarasi & Fishman, PC

"is a member of"  

American College of Occupational and Environmental Medicine

# Eckardt Johanning, M.D., M.Sc.
Occupational and Environmental Life Science - Fungal Research Group, Inc. (FRG)

650 Warren Street - Medical Arts Building
Albany, N.Y. 12208 U.S.A.
518-459-3336 • fax - 4646
www.fungalresearchgroup.com

*[Stamp: RECEIVED AUG - 5 2002]*

*[Handwritten note, dated 7/30/02: "Giani, I understand they are having difficulty with the VA approving the IBT Lab tests but there is nothing Dr. Johanning can do about that. Hope this keeps you up to date. Hedy"]*

Mr. and Mrs. Jack Marrone
11673 Highway PP
Dixon, MO 65459

Albany, July 31, 2002

**Reference: Update to Required Testing**

Dear Mr. and Mrs. Marrone:

This letter is in regard to my phone conversation with Mrs. Marrone concerning the July 23 letter mailed to the family. Some of the previous test results the family had performed will be acceptable but there is still outstanding testing that should be performed.

Dr. Johanning has no test results or any information at all on Matthew. On Vida, he only has the Specialty Lab results. She still needs to have her IBT Lab testing, chest x-ray and pulmonary function performed. Mrs. Marrone still needs the IBT Lab testing as well as a pulmonary function test. Mr. Marrone needs to have the IBT Lab testing performed. Please have the testing performed immediately as it is needed in order for Dr. Johanning to provide your attorney with the necessary reports.

If you have any questions, please feel free to contact the office.

Sincerely,

*Hedy*

Hedy E. Stockler
Fungal Research Group

Enclosures

Fax to: Mr. Giani Floro
Tarasi, Tarasi & Fishman, PC

*"is a member of"*  AMERICAN COLLEGE OF OCCUPATIONAL AND

LOUIS M. TARASI, JR.
CERTIFIED CIVIL TRIAL ADVOCATE BY THE NATIONAL
BOARD OF TRIAL ADVOCACY. A PENNSYLVANIA
SUPREME COURT APPROVED AGENCY.
ELIZABETH M. TARASI
CRAIG L. FISHMAN

# TARASI, TARASI & FISHMAN, P.C.
ATTORNEYS AND COUNSELORS AT LAW

CHRISTINA K. HURNYAK
C. WILLIAM KENNY
GIANNI FLORO

510 THIRD AVENUE
PITTSBURGH, PENNSYLVANIA 15219-2191
(412)391-7135   FAX: (412)471-2673
WEBSITE: WWW.TARASILAW.COM
E-MAIL: LAWYERS@TARASILAW.COM

Via Telefax (518) 459-4646
and U.S. Mail First Class

September 4, 2002

Eckardt Johanning, M.D., M.Sc.
Occupational and Environmental Life Sciences
650 Warren Street (Medical Arts Building)
Albany, NY 12208

Re:   Jack Marrone, husband, Karen Marrone, wife, both individually and in
their capacity as parents and natural guardians for Vida Marrone, a minor,
and Matthew Adam Marrone v. Allstate Insurance Company, Linda M.
Edleman, Fred Schafer, Mt. Gretna Realty and House Masters
In the United States District Court for the Middle District of Pennsylvania
Civil Action No. 1: CV-01-0073

Dear Dr. Johanning:

As I advised in my June 3, 2002 correspondence to you, we represent Jack, Karen, Vida and Matthew Marrone with regard to the injuries that they suffered after their exposure to Aspergillus, Penicillium and Stachybotrys as a result of fungal contamination in their former home located at 354 Timber Drive, Mt. Gretna, Lebanon, PA. On September 13, 2002, we must file all of our expert reports. The Marrones have recently advised us that their testing has been completed and that all of that testing information has been forwarded to your office by the IBT testing lab.

We need one separate report for each of the four members of the Marrone Family indicating the history given to you by or on behalf of each, their initial complaints, your initial findings and diagnosis, a summary of your testing to date, and your prognosis relative to their physical conditions.

I will also need to have your medical opinion as to whether each presents complaints that are related to the above noted exposure. This opinion should be stated **"within a reasonable degree of medical certainty."** Federal Rule of Civil Procedure 26(a)(2) Disclosure of Expert Testimony (B) provides that:

> Except as otherwise stipulated or directed by the court, this disclosure

Eckardt Johanning, M.D., M.Sc.
September 4, 2002
Page 2

shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by *a written report prepared and signed by the witness*. The report **shall** contain:

1) a complete statement of all opinions to be expressed and the basis and reasons therefore;

2) **the data or other information considered by the witness in forming the opinions;**

3) **any exhibits to be used as a summary of or support for the opinions;**

4) **the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;**

5) the compensation to be paid for the study and testimony; and

6) **a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.**

Enclosed is a check for fifteen hundred dollars ($1,500.00) that will represent your retainer in this matter. You may, of course, bill our office for your fee in preparing these reports for me. If you should have any questions or comments regarding this matter, please do not hesitate to contact me directly.

Very truly yours,

TARASI, TARASI & FISHMAN, P.C.

Gianni Floro

Enclsoure

P.S.   It is vital that we obtain these reports in time to provide them to the Defendants. A telefax copy of the report and supporting information, etc. will do for purposes of this disclosure.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Statement of Plaintiffs' Counsel Showing Cause Why Sanctions Should Not Be Ordered was served on counsel for the Defendants on this ___23nd___ day of January, 2003, by the United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
Nealon & Grover, P.C.
2411 North Front Street
Harrisburg, PA 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA 18501-0590

Jennifer L. Murphy, Esquire
Duane, Morris & Heckscher, LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17108-1003

Joel D. Gusky, Esquire
Harvey Pennington & Renneisen, Ltd.
1835 Market Street, 29th Floor
Philadelphia, PA 19103

TARASI, TARASI & FISHMAN, P.C.

Date: 01·23·03

By: _____
Gianni Floro, Esquire
PA ID No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE,<br><br>Plaintiffs<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS | Civil Action No.: 1:CV-01-0773 |

**ORDER**

AND NOW, this _____ day of _____, 2003, upon the "Statement of Plaintiffs' Counsel Showing Cause Why Sanctions Should Not Be Ordered" and with good cause shown, it is hereby ORDERED that the Plaintiffs' counsel shall not be sanctioned regarding this matter.

BY THE COURT:

_____
Date

_____
Yvette Kane, Judge
Middle District of Pennsylvania