

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor,<br>Plaintiffs, | NO.: 1:CV-01-0773 |
| v. | (THE HONORABLE JUDGE KANE) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SHAFER, MT. GRETNA REALTY, and HOUSE MASTERS,<br>Defendants. | JURY TRIAL DEMANDED |

FILED
HARRI??????
FEB 03 2003
MARY E. D'A????
Per_____

### REPLY OF DEFENDANT ALLSTATE INSURANCE COMPANY TO STATEMENT OF PLAINTIFFS' COUNSEL SHOWING CAUSE WHY SANCTIONS SHOULD NOT BE ORDERED

1.  On or about January 14, 2003, this Honorable Court, per the Honorable Yvette Kane, issued a Memorandum and Order, which, *inter alia*, permitted the Plaintiffs to use at trial the testimony of their expert, Eckardt Johanning, M.D., M.Sc., despite the fact that Dr. Johanning's identity and report were not disclosed in compliance with the Court's prior Scheduling Order. At the same time, the Order denied all outstanding Motions for Summary Judgment, without prejudice for them to be re-filed. In addition, the Court issued a Rule upon the Plaintiffs to show cause why sanctions and/or costs should not be awarded.

2. On or about January 23, 2003, counsel for the Plaintiffs filed a Statement as to why sanctions should not be ordered.

3. Allstate Insurance Company does not dispute the factual allegations contained in the statement or supporting documentation. However, Allstate believes that sanctions and/or costs should still be awarded for the following reasons:

   a. Dr. Johanning examined the Plaintiffs on January 17, 2002. At that time, he apparently advised the Plaintiffs that additional testing needed to be performed in order for Dr. Johanning to complete his report. The testing was not performed until August of 2002. Plaintiffs have offered no explanation for the delay of eight months in completing the testing required of Dr. Johanning. While Dr. Johanning may have been out of his office "from the middle of August to the middle of October" as alleged by the Plaintiffs, if the Plaintiffs had timely obtained the testing required by Dr. Johanning, there is every indication to believe that he could have provided a report in compliance with the Court's prior Scheduling Order.

   b. Plaintiffs offer no explanation for their failure to obtain an extension of time of the Court's deadline of September 13, 2002 to provide expert reports. If the information contained in Plaintiffs' Statement Why Sanctions Should Not be Ordered had been conveyed to the Court in a timely fashion, this Court may very well have extended the deadline. The extension of the deadline would have eliminated substantial costs to all Defendants. Since Plaintiffs had not complied with the deadline of the Court, all parties

filed Motions for Summary Judgment. In addition, substantial time was spent preparing the case as if it were going to go trial in February 2003, including participation in the mandatory conference of attorneys, preparation of proposed Points for Charge, and general preparation for trial. This could have been avoided had a timely motion for extension been filed.

WHEREFORE, Defendant Allstate Insurance Company urges this Honorable Court to issue an appropriate award of costs for the Plaintiffs' failure to comply with the Scheduling Order.

Respectfully submitted,

NEALON & GOVER, P.C.

By: _____
James G. Nealon, III, Esquire
I.D. #: 46457
2411 North Front Street
Harrisburg, PA 17110
717/232-9900

Date: 1/30/02

## CERTIFICATE OF SERVICE

**AND NOW**, this ____ day of January, 2003, I hereby certify that I have served the foregoing REPLY OF DEFENDANT ALLSTATE INSURANCE COMPANY TO PLAINTIFFS' STATEMENT WHY SANCTIONS SHOULD NOT BE AWARDED on the following by depositing a true and correct copy of same in the United States mail, postage prepaid, addressed to:

Gianni Floro, Esquire
TARASI, TARASI & FISHMAN, P.C.
510 Third Avenue
Pittsburgh, PA 15219

John Flounlacker, Esquire
THOMAS, THOMAS & HAFER, LLP
305 North Front Street
Harrisburg, PA 17101

Edward A. Monsky, Esquire
FINE, WYATT & CAREY, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA 18501-0590

Jennifer L. Murphy, Esquire
DUANE, MORRIS & HECKSHER, LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17101

Joel D. Gusky, Esquire
1835 Market Street
29th Floor
Philadelphia, PA 19103

James G. Nealon, III