| | |
|---|---|
| **THOMAS, THOMAS & HAFER, LLP**<br>305 North Front Street<br>P.O. Box 999<br>Harrisburg, PA  17108 | **John Flounlacker, Esquire**<br>Attorney I.D.  73112<br>(717)237-7134<br>Attorneys for Defendant Edleman |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>　　　　Plaintiffs<br><br>　　　　v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>　　　　Defendants | : NO.: 1:CV-01-0773<br>:<br>:<br>:<br>: Electronically Filed<br>:<br>:<br>:  JUDGE KANE<br>:<br>: Civil Action Law<br>:<br>:<br>:<br>: Jury Trial Demanded<br>: |

### DEFENDANT LINDA M. EDLEMAN'S
### MOTION FOR SUMMARY JUDGMENT

AND NOW, Defendant Linda M. Edleman, by and through her attorneys, Thomas, Thomas & Hafer, LLP, hereby file this Motion for Summary Judgment, and in support thereof aver as follows:

**I.     Factual Background**

1.     On August 31, 1999, Plaintiffs purchased a home located at 354 Timber Road, Mount Gretna, Pennsylvania, from moving-Defendant Linda M. Edleman (hereinafter "Defendant"), and took immediate possession.  A copy of the Amended Complaint, where this information was obtained, may be found in the Appendix as Exhibit A.

2.     Approximately eleven (11) months later, in July of 2000, Plaintiffs went on a week long vacation.  Exhibit A, para. 22.

1

3. When Plaintiffs returned, they found mold in the basement of their home. Exhibit A, para. 22.

4. This was the first time Plaintiffs had noted any problem with mold. Exhibit A, para. 22.

5. On or about August 28, 2000, Plaintiffs had their home inspected by Advanced Applied Sciences, Inc., which consisted of a bioaerosol survey. Exhibit D, para. 30. A copy of Robert A. Pfromm's report may be found in the Appendix as Exhibit D.

6. The results found that at the time of testing, there was a fungal contamination. Exhibit D, para. 33.

7. The report of the industrial hygienist, Robert A. Pfromm, also found that such contamination could possibly be at symptomatic concentrations, depending on the sensitivity of the exposed person to the species found. Exhibit D, p. 6.

8. Pfromm also suggested that Plaintiffs seek "appropriate medical testing" by "qualified medical personnel" to determine the Plaintiffs' susceptibility to any such contamination. Exhibit D, p. 6.

9. Upon receiving Pfromm's report, Plaintiffs' vacated the home. Exhibit A, para. 34.

10. On November 2, 2001, Plaintiff's filed their Amended Complaint alleging causes of action for Misrepresentation (Count III), Negligence (Count VI), and Breach of Contract (Count V) against Linda M. Edleman. Exhibit A, para. 57 - 75.

11. As against Defendant Edleman, Plaintiffs claimed damages for physical and emotional damages as well as pecuniary losses. Exhibit A, para. 63, 69 and 75.

12. On August 12, 2002, Tom Moore, a home inspector, inspected the home in question at Plaintiffs request. A copy of Tom Moore's report may be found in the Appendix as Exhibit C, p. 1.

13. At the time of the inspection, the house had been vacant for approximately two (2) years. Exhibit C, p. 1.

14. Moore found that, as of the date of the inspection, there was a small pipe leak and evidence of pipe condensation. Exhibit C, p. 1.

II. **Summary Judgment is Appropriate as to Counts III, IV, and V When Plaintiffs Cannot Prove Knowledge or Causation on Part of Defendant Edleman**

15. Paragraphs 1 through 14 are incorporated herein as if set forth in full.

16. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Smith v. CGU, 179 F.Supp.2d 425, 427 (M.D. Pa. 2001).

17. Plaintiffs have failed to produce any proof whatsoever that the condition which caused the injuries they claim was a preexisting one that was either known, or reasonably knowable by, Defendant.

18. Additionally, Plaintiffs have failed to prove that assuming *arguendo* there was an intentional or negligent misrepresentation or breach of warranty, that the injuries they claim resulted from said misrepresentation or breach.

19. As such, Plaintiffs cannot meet the elements of Misrepresentation, Negligent Misrepresentation or Breach of Contract on a breach of warranty theory.

20.   Defendant submits that there are no genuine issues of material fact as she relies upon the facts as alleged by Plaintiffs in their Amended Complaint and the reports of their experts.

WHEREFORE, Defendant respectfully submits that for these reasons and the reasons set forth at length in the brief supporting this Motion, that there are no genuine issues of material fact, that she is entitled to judgment as a matter of law and as such, judgment should be entered in Defendant's favor as to Counts III, IV, and V.

III   **Summary Judgment is Appropriate as to Counts III, IV and V Where Liability For Any Failure to Disclose Was Abrogated by Statute and Plaintiffs Cannot Prove Reliance**

21.   Paragraphs 1 through 20 are incorporated herein as if set forth in full.

22.   Counts III, IV and V are all premised upon a legal duty to disclose a water problem in the basement under the Real Estate Sellers Disclosure Act ("RESDA"), 68 P.S. §1021, *et seq.*; 68 Pa.C.S. §7101, *et seq.* (as reenacted).

23.   However, under RESDA, a seller shall not be liable for an omission or inaccuracy on the disclosure form if the buyer is provided a written report from a home inspector notifying the buyer of the problem.  68 P.S. §1030(c); 68 Pa.C.S. §7309(c).

24.   On July 30, 1999, approximately one month before the purchase of the home in question, Plaintiffs had a home inspection done by Defendant HouseMasters. A copy of the report of HouseMasters' Home Inspection dated July 30, 1999 is attached hereto as Exhibit F.

25.   Plaintiffs not only received a copy of the report, but were in attendance during the inspection.  Exhibit F.

4

26. As documented in the inspection report, the home inspection revealed a dampness/water problem in the basement, indications of water penetration and prior remedial work and even gave suggestions on how to fix the problem. Exhibit F.

27. Accordingly, under RESDA, Defendant Edleman cannot be held liable for any such omissions or inaccuracies.

28. Further, Plaintiffs claim and must prove, reliance upon the statements made by Defendant Edleman.

29. As noted above, Plaintiffs received an inspection report containing the problem and were present during the inspection where such problems were found, Plaintiffs cannot claim reliance on statements they knew to be untrue.

30. Thus, Plaintiffs cannot meet their burden and summary judgment is appropriate.

WHEREFORE, Defendant respectfully submits that for these reasons and the reasons set forth at length in the brief supporting this Motion, that there are no genuine issues of material fact, that she is entitled to judgment as a matter of law and as such, judgment should be entered in Defendant's favor as to Counts III, IV, and V.

IV. **Partial Summary Judgment as to Plaintiff Matthew Marrone's Claims for Personal Injury**

31. Paragraphs 1 through 30 are incorporated herein as if set forth in full.

32. In the alternative, partial summary judgment should be entered as to the claims made by Plaintiff Matthew Marrone as there is no expert opinion regarding his health condition and there is no obvious causal link present in this case.

33. When a party must prove causation through expert testimony, the expert must testify with reasonable certainty that in his professional opinion, the result in

5

question did come from the cause alleged.  <u>Cohen v. Albert Einstein Medical Center</u>, 592 A.2d 720, 723 (Pa.Super. 1991); <u>Shultz v. Celotex Corp.</u>, 942 F.2d 204, 208 (3rd Cir. 1991).

34. An expert fails this standard of certainty if he testifies that the alleged cause "possibly," or "could have" led to the result, that it "could very properly account" for the result, or even that it was "very highly probable" that it caused the result.  <u>Cohen</u>, <u>supra</u>.

35. Dr. Johanning's report reaches no conclusions to a reasonable degree of medical certainty, nor does it provide any specific opinion regarding causation or prognosis at all.  A copy of Dr. Johanning's expert report as to Plaintiff Matthew Marrone is attached as Exhibit G.

36. As a result, Dr. Johanning's report is not sufficient for an expert opinion and therefore there is no evidence to be presented as to any alleged physical injuries Matthew Marrone might have had.

37. Further, Pennsylvania law is clear that with regard to claims of physical injury or impairment, expert medical testimony is necessary to establish the causal nexus of the injury to the tortious conduct.  <u>Maliszewski v. Rendon</u>, 542 A.2d 170, 172 (Pa.Super. 1998).

38. Medical testimony is needed regarding injuries suffered except in rare cases where there is an obvious causal relationship.  <u>Niklaus v. Vivadent, Inc.</u>, 767 F.Supp. 94, 96 (M.D. Pa. 1991).

39.    There is no obvious causal connection in this case as not even Plaintiffs' own industrial hygienist was able to say whether Plaintiffs were susceptible or in any way symptomatic of the species of mold found to be in the home.  Exhibit D.

40.    Defendant Edleman submits that there are no genuine issues of material fact as she relies upon the facts as alleged by Plaintiffs in their Amended Complaint and the information, or lack thereof, contained in the reports of their experts.

WHEREFORE, Defendant Edleman respectfully submits that for these reasons and the reasons set forth at length in the Brief supporting this Motion, that there are no genuine issues of material fact, that she is entitled to judgment as a matter of law and as such, Plaintiff Matthew Marrone should be foreclosed from making any claims as a result of the alleged actions of the Defendant.

>Respectfully submitted,
>
>**THOMAS, THOMAS & HAFER, LLP**
>
>By:  s/John Flounlacker
>John Flounlacker, Esquire
>Attorney I.D. No. 73112
>Shawn E. Smith, Esquire
>Attorney I.D. No. 86121
>P.O. Box 999
>305 N. Front Street
>Harrisburg, PA  17108-0999
>(717)237-7134

Date: May 15, 2003
183148v2

7

CERTIFICATE OF SERVICE

I, John Flounlacker, Esquire, of the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

James G. Nealon, III, Esquire
2411 North Front Street
Harrisburg, PA  17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
P.O. Box 590
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
Duane Morris & Heckscher
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

Joel D. Gusky, Esquire
Harvey, Pennington, et al.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103-2989

THOMAS, THOMAS & HAFER, LLP

  s/ John Flounlacker
Dated:  May 15, 2003          John Flounlacker