| | |
|---|---|
| **THOMAS, THOMAS & HAFER, LLP**<br>305 North Front Street<br>P.O. Box 999<br>Harrisburg, PA  17108 | John Flounlacker, Esquire<br>Attorney I.D.  73112<br>(717)237-7134<br>Attorneys for Defendant Edleman |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>    Plaintiffs<br><br>         v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.: 1:CV-01-0773<br><br>Electronically Filed<br><br>JUDGE KANE<br><br>Civil Action Law<br><br>Jury Trial Demanded |

**DEFENDANT LINDA M. EDLEMAN'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

AND NOW, Defendant Linda M. Edleman, by and through her attorneys, Thomas, Thomas & Hafer, LLP, hereby file a Motion for Summary Judgment in the above-captioned action, and in support thereof provides the following undisputed statement of material facts:

1. On August 31, 1999, Plaintiffs purchased a home located at 354 Timber Road, Mount Gretna, Pennsylvania, from moving-Defendant Linda M. Edleman (hereinafter "Defendant"), and took immediate possession.  A copy of the Amended Complaint, where this information was obtained, may be found in the Appendix as Exhibit A, para. 20.

2. Approximately eleven (11) months later, in July of 2000, Plaintiffs went on a week long vacation. Exhibit A, para. 22.

3. When Plaintiffs returned, they found mold in the basement of their home. Exhibit A, para. 22.

4. This was the first time Plaintiffs had noted any problem with mold. Exhibit A, para. 22.

5. On or about August 28, 2000, Plaintiffs had their home inspected by Advanced Applied Sciences, Inc., which consisted of a bioaerosol survey. Exhibit A, para. 30.

6. The results found that at the time of testing, there was a fungal contamination. Exhibit A, para. 33. A copy of Robert A. Pfromm's report may be found in the Appendix as Exhibit D.

7. The report of the industrial hygienist, Robert A. Pfromm, also found that such contamination could possibly be at symptomatic concentrations, depending on the sensitivity of the exposed person to the species found. Exhibit D, p. 6.

8. Pfromm also suggested that Plaintiffs seek "appropriate medical testing" by "qualified medical personnel" to determine the Plaintiffs' susceptibility to any such contamination. Exhibit D, p. 6.

9. Upon receiving Pfromm's report, Plaintiffs' vacated the home. Exhibit A, para. 34.

10. On November 2, 2001, Plaintiff's filed their Amended Complaint alleging causes of action for Misrepresentation (Count III), Negligence (Count VI), and Breach of Contract (Count V) against Linda M. Edleman. Exhibit A, para. 57 - 75.

11. As against Defendant Edleman, Plaintiffs claimed damages for physical and emotional damages as well as pecuniary losses. Exhibit A, para. 63, 69 and 75.

12. On August 12, 2002, Tom Moore, a home inspector, inspected the home in question at Plaintiffs request. A copy of Tom Moore's report may be found in the Appendix as Exhibit C, p. 1.

13. At the time of the inspection, the house had been vacant for approximately two (2) years. Exhibit C, p. 1.

14. Moore found that, as of the date of the inspection, there was a small pipe leak and evidence of pipe condensation. Exhibit C, p. 1.

15. Dr. Johanning, Plaintiffs' medical expert, does not reach a conclusion to a reasonable degree of medical certainty as to Plaintiff Matthew Marrone's alleged injuries. A copy of Dr. Johanning's report as to Plaintiff Matthew Marrone is attached as Exhibit G.

16. On July 30, 1999, approximately one month before the purchase of the home in question, Plaintiffs had a home inspection conducted by Defendant HouseMasters. A copy of the report of HouseMasters' Home Inspection dated July 30, 1999 is attached as Exhibit F.

17. Plaintiffs were present during the home inspection and received a copy of the report. Exhibit F.

18. The first page of the report explicitly states "structural/wet basemen." Exhibit F.

19. The second page of the report states that the basement had indications of water penetration including water marks and stains and the indications of prior remedial work including construction and/or coatings. Exhibit F.

20 The report gave suggestions as to how Plaintiffs could correct and prevent these conditions, including sloping soil away from the house, keeping downspouts clean and flowing or considering the extension of spouts onto the surface. Exhibit F.

    Respectfully submitted,

    **THOMAS, THOMAS & HAFER, LLP**


    By:   s/John Flounlacker
        John Flounlacker, Esquire
        Attorney I.D. No. 73112
        Shawn E. Smith, Esquire
        Attorney I.D. No. 86121
        P.O. Box 999
        305 N. Front Street
        Harrisburg, PA  17108-0999
        (717)237-7134

Date: May 15, 2003

#1834740v1

CERTIFICATE OF SERVICE

I, John Flounlacker, Esquire, of the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

James G. Nealon, III, Esquire
2411 North Front Street
Harrisburg, PA  17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
P.O. Box 590
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
Duane Morris & Heckscher
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

Joel D. Gusky, Esquire
Harvey, Pennington, et al.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103-2989

                                    THOMAS, THOMAS & HAFER, LLP

                                    _s/ John Flounlacker_____
Dated:  May 15, 2003                  John Flounlacker