# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MARRONE, Husband, | : | |
| KAREN MARRONE, Wife, | : | CIVIL ACTION - LAW |
| Both Individually and in Their Capacity | : | |
| as Parents and Guardians for | : | JURY TRIAL DEMANDED |
| VIDA MARRONE, a Minor  and | : | |
| MATTHEW ADAM MARRONE | : | |
| Plaintiffs | : | JUDGE KANE |
| | : | |
| v. | : | 1:CV-01-0773 |
| ALLSTATE INSURANCE COMPANY, | : | |
| LINDA M. EDLEMAN, FRED SCHAEFFER, | | |
| MT. GRETNA REALTY and | : | |
| HOUSE MASTERS, | : | |
| Defendants | : | |

**FILED**

MAY 1 5 2003

MARY E. D'ANDREA, **CLERK**

PER_____ HBG, PA **DEPUTY CLERK**

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
### FRED SCHAEFFER AND MT. GRETNA REALTY

Defendants, Fred Schaeffer and Mt. Gretna Realty, by and through their counsel, Fine, Wyatt &

Carey, P.C., hereby move this Honorable Court for entry of summary judgment in their favor, and in

support thereof set forth the following:

1.    Plaintiffs Jack Marrone and Karen Marrone entered into a standard agreement for the sale of

real estate with Linda M. Edleman on or about July 7, 1999.  A true and correct copy of the standard

agreement is attached hereto as Exhibit "A" and is incorporated by reference.

2.    The aforesaid agreement sets forth the following, in relevant part:

26.   *RELEASE (7-96)* - *Buyer hereby releases, quit claims and forever discharges SELLER, ALL AGENTS, their SUBAGENTS, EMPLOYEES, and any OFFICER or PARTNER of any one of them and any other PERSON, FIRM, or CORPORATION who may be liable by or through them, from any and all claims, losses or demands, including, but not limited to, personal injuries and property damage and all of the consequences thereof, whether now known or not, which may arise from the presence of termites or other wood-boring insects, radon, lead based pain hazards, environmental hazards, any defects in the individual on-lot sewage disposal system or deficiencies in the on-site water service system, or any defects or conditions on the Property.  This release shall survive settlement.*

## 27.   <u>REPRESENTATIONS (1-98)</u>

(A)   Buyer understands that any representations, claims, advertising, promotional activities, brochures or plans of any kind may by Seller, Agents or their employees are not a part of this Agreement, unless expressly incorporated or stated in this Agreement.

(B)   *It is understood that Buyer has inspected the Property before signing this Agreement of Sale (including fixtures and any personal property specifically scheduled herein), or has waived the right to do so, and has agreed to purchase it in its present condition unless otherwise stated in this Agreement. Buyer acknowledges that the Agents have not made an independent examination or determination of the structural soundness of the Property, the age or condition of the components, environmental conditions, the permitted use, or of conditions existing in the locale where the Property is situated; nor have they made a mechanical inspection of any of the systems contained therein.*

(C)   It is further understood that this Agreement contains the whole agreement between Seller and Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale.

3.   Plaintiffs executed a Receipt and Acknowledgement of the Seller's Property Disclosure Statement on or about July 7, 1999. The Seller's Property Disclosure Statement is not executed by Fred Schaeffer or any other representative of Mt. Gretna Realty. A true and correct copy of the Seller's Property Disclosure Statement is attached hereto as Exhibit "B". The Seller's Disclosure Statement states the following in relevant part by the Seller:

*This statement discloses the Seller's knowledge of the condition of the property as of the date signed by the Seller and is not a substitute for any inspections or warranties that the Buyer may wish to obtain. This statement is not a warranty of any kind by the Seller or a warranty or representation by any listing real estate broker, any selling real estate broker or their agents. (p.1 of Statement).*

*The undersigned seller represents that the information set forth in this disclosure statement is accurate and complete to the best of the seller's knowledge. The seller hereby authorizes any agent for the seller to provide this information to prospective buyers of the property and to other real estate agents. The seller alone is responsible for the accuracy of the information contained in this statement. The seller shall cause the buyer to be notified in writing of any information supplied on this form which is rendered inaccurate by a change in the condition of the property following the completion of this form.*

2

4.      The Receipt and Acknowledgement of the Buyer of the Disclosure Statement sets forth the following by the Plaintiffs:

> The undersigned buyer acknowledges receipt of this disclosure statement. The buyer acknowledges that this statement is not a warranty and that, unless stated otherwise in the sales contract, the buyer is purchasing this property in its present condition. It is the buyer's responsibility to satisfy himself or herself as to the condition of the property. The buyer may request that the property be inspected, at the buyer's expense and by qualified professionals, to determine the condition of the structure or its components. (p. 4 of Statement)

5.      The Plaintiff's claims against moving Defendants are barred pursuant to the provisions of the standard agreement for the sale of real estate and the Seller's Property Disclosure Statement.

6.      Plaintiffs cannot establish a claim for misrepresentation against moving Defendants.

7.      Plaintiffs are unable to establish a claim against moving Defendants pursuant to the Unfair Trade Practice and Consumer Protection Law, hereinafter referred to as "UTPCPL".

8.      Moving Defendants incorporate by reference their Statement of Undisputed Material Facts.

9.      Moving Defendant incorporates by reference all relevant paragraphs of the Motion for Summary Judgment of Defendant Linda M. Edleman.

**WHEREFORE,** moving Defendants respectfully request that this Honorable Court enter summary judgment in their favor, pursuant to F.R.Civ. P. 56(b).

Respectfully submitted,

**FINE, WYATT & CAREY, P.C.**

By: ____Edward A. Monsky____
Edward A. Monsky, Esquire
Attorneys for Defendants
Fred Schaeffer and Mt. Gretna Realty

425 Spruce St., 4th Fl.
Scranton, PA 18503
(570) 343-1197

3