ORIGINAL

$2\,to\ CV$

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MARRONE, Husband, | : | CIVIL ACTION - LAW |
| KAREN MARRONE, Wife, | : | |
| Both Individually and in Their Capacity | : | JURY TRIAL DEMANDED |
| as Parents and Guardians for | : | |
| VIDA MARRONE, a Minor and | : | |
| MATTHEW ADAM MARRONE | : | JUDGE KANE |
|     Plaintiffs | : | |
| | : | 1:CV-01-0773 |
| v. | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| LINDA M. EDLEMAN, FRED SCHAEFFER, | | |
| MT. GRETNA REALTY and | : | |
| HOUSE MASTERS, | : | |
|     Defendants | : | |

FILED

MAY 15 2003

MARY E. D'ANDREA, CLERK

PER _9 16_ HBG, PA DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS FRED SCHAEFFER AND MT. GRETNA REALTY

### I.    PROCEDURAL HISTORY OF THE CASE

This action was commenced on May 3, 2001 with the filing of a Complaint by the Plaintiffs.

Defendants Schaeffer and Mt. Gretna Realty filed a Motion to Dismiss the Complaint on July 6, 2001.

The Court denied the Motion to Dismiss on February 13, 2002.

Plaintiffs filed an Amended Complaint on November 2, 2001.  Defendant Schaeffer and Mt. Gretna

Realty filed an Answer and Affirmative Defenses to the Complaint on March 4, 2002.  The Amended

Complaint purports to set forth two counts against Defendant Schaeffer and Mt. Gretna Realty.  Count VI

of the Complaint claims misrepresentation by Schaeffer and Mt. Gretna Realty, as the agent of the Seller, Linda M. Edleman. Paragraph 78 of the Complaint alleges that Defendant Schaeffer and Mt. Gretna Realty knew or should have known that the property in question, and the area were prone to dampness/water problems. The Amended Complaint alleges that Schaeffer and Mt. Gretna breached their duty to disclose known defects relating to dampness/water (paragraph 80 of Amended Complaint). The Amended Complaint further alleges that these undisclosed problems led to the formation of mold in July of 2000. Count VI of the Complaint alleges that as a result of the alleged misrepresentation, Plaintiffs have sustained physical and emotional damage and distress and loss of their home and personal possessions.

Count VII of the Complaint alleges that Defendant Schaeffer and Mt. Gretna Realty have engaged in unfair and/or deceptive acts or practices as set forth in the Pennsylvania Unfair Trade Practices and Consumer Protection Law, hereinafter referred to as "UTPCPL". Paragraph 84 alleges that Moving Defendants used deceptive representations in connection with the sale of the subject property, engaged in fraudulent conduct which created a likelihood of confusion and/or misunderstanding in the Plaintiff's purchase, ownership and maintenance of the property, and that moving Defendants engaged in this conduct for the sole purpose of concealing the serious and gravity of the defective conditions of the property. (Paragraph 84 of Amended Complaint).

## II.   STATEMENT OF FACTS

Moving Defendants incorporate by reference, as if set forth fully herein, their Statement of Undisputed Material Facts submitted with their Motion for Summary Judgment.

## III.   STATEMENT OF QUESTIONS INVOLVED

1.   Whether the Plaintiffs can establish a claim for misrepresentation against Defendant Schaeffer and Mt. Gretna Realty?

Suggested Answer:   No.

2.    Whether the Plaintiffs can establish a claim for violation of the Unfair Trade Practices and Consumer Protection Law?

Suggested Answer:    No.

## IV.    ARGUMENT

### A.    Plaintiffs Cannot Establish a Claim for Misrepresentation Against Moving Defendant Schaeffer and Mt. Gretna Realty

Moving Defendants submit that there are a multitude of reasons which mandate the grant of summary judgment in their favor.  First, moving Defendants rely upon the express provisions of the Standard Agreement of Sale for real estate executed by the Plaintiffs and Defendant Edleman, which bars their claim for fraud or misrepresentation.

In the instant matter, the Plaintiffs were aware at the time they executed the Standard Agreement for Sale that the Defendant Realtors were exclusively agents for the sellers as was specifically set forth in paragraph 29. (Exhibit A to the Motion to Dismiss).   Furthermore, Plaintiffs acknowledged in the agreement that they entered into the contract for the purchase of the subject property only as a result of their inspection or right to inspect the property and not in reliance upon any representation made by any other party.  Specifically, Paragraph 27 of the Agreement for the Sale of Real Estate states:

### 27.    Representations (1-98)

(A)    Buyer understands that any representations, claims, advertising, promotional activities, brochures or plans of any kind may by Seller, Agents or their employees are not a part of this Agreement, unless expressly incorporated or stated in this Agreement.

(B)    *It is understood that Buyer has inspected the Property before signing this Agreement of Sale (including fixtures and any personal property specifically scheduled herein), or has waived the right to do so, and has agreed to purchase it in its present condition unless otherwise stated in this Agreement.  Buyer acknowledges that the Agents have not made an independent examination or determination of the structural soundness of the Property, the age or condition of the components, environmental*

3

*conditions, the permitted use, or of conditions existing in the locale where the Property is situated; nor have they made a mechanical inspection of any of the systems contained therein.*

(C)    It is further understood that this Agreement contains the whole agreement between Seller and Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale.

Moving Defendants submit that this matter is controlled by the holding in the Bowman v. Meadow Ridge, Inc., 419 Pa. Super. 511, 615 A.2d 755 (1992).  In Bowman, the Pennsylvania Superior Court upheld the dismissal of a Complaint upon Preliminary Objections.   That case arose out of the purchase of a single-family residence by the Bowmans through Weichert Realtors and Barry Starke, the sellers' broker and agent.   In the Complaint, the Bowmans alleged that they was induced to purchase their new home by the representations of Starke, the seller's agent acting through Wiechart Realtors, the seller's real estate broker.   They alleged that the Starke fraudulently misrepresented to them that they were purchasing the premises for the lowest price for which the particular model of house had sold, when they subsequently discovered that the same model had previously sold for a lower price.   They contend that they would not have purchased the home but for the misrepresentation of the real estate agent.

The Court in Bowman held that where a real estate sales agreement had an integration clause similar to the one set forth in Paragraph 27(c) the agreement for the sale of real estate executed by the Plaintiffs, that such provision barred a claim against the seller's broker and agent for fraud.   The Court in Bowman noted that the elements of fraud are as follows: (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby by induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as the proximate result.  Myers v. McHenry, 398 Pa. Super. 100, 580 A.2d 860, 865 (1990).   As noted by the Court in Bowman, the buyers expressly stated in the Agreement of Sale that they did not rely upon the broker's representations, but rather bought the property solely as the result of their own inspection.   The Plaintiffs

4

specifically indicated that they were not purchasing the property in reliance upon any representation made

by the seller, or by any Agent, Subagent, their sales people and employees, officers and/or partners.

Therefore, Plaintiffs' claims against moving Defendants are barred pursuant to the provisions of Paragraph

27 of the Sales Agreement.

Second, moving Defendants did not execute the Property Disclosure Statement of the Seller, Linda

Edleman, upon which Plaintiffs allegedly relied. The Disclosure Statement was executed by the Seller,

Defendant Linda M. Edleman and the Buyers, the Plaintiffs.   The Property Disclosure Statement was not

executed by moving Defendants.  The express language of the Property Disclosure Statement indicates that

the Seller alone, not her real estate agent or broker, is responsible for the information contained therein.

The Disclosure Statement sets forth the following in relevant part:

This statement discloses the Seller's knowledge of the condition of the property as of the
date signed by the Seller and is not a substitute for any inspections or warranties that the Buyer may wish to
obtain.  This statement is not a warranty of any kind by the Seller or a warranty or representation by any
listing real estate broker, any selling real estate broker or their agents.  (p.1 of statement) (emphasis added).

The undersigned Seller represents that the information set forth in this Disclosure Statement is
accurate and complete to the best of the Seller's knowledge. The Seller hereby authorizes any agent for the
Seller to provide this information to prospective Buyers of the property and to other real estate agents.
The Seller alone is responsible for the accuracy of the information contained in this statement. (emphasis
added).

RECEIPT AND ACKNOWLEDGEMENT BY BUYER

The undersigned buyer acknowledges receipt of this disclosure statement.  The buyer acknowledges
that this statement is not a warranty and that, unless stated otherwise in the sales contract, the buyer is
purchasing this property in its present condition.  It is the buyer's responsibility to satisfy himself or herself
as to the condition of the property.   The buyer may request that the property be inspected, at the buyer's
expense and by qualified professionals, to determine the condition of the structure or its components.
(p. 4 of statement).

The Seller's Property Disclosure Statement is devoid of any representation or misrepresentation by

the moving Defendants.  Similarly, the Complaint is devoid of any specific representations or misrepre-

sentations made by moving Defendants with respect to the subject property.  Moving Defendants were in

no way responsible for the accuracy of the Seller's answers to a multitude of questions in the Seller's

Property Disclosure Statement.  When the Plaintiffs executed the Receipt and Acknowledgement of the

Disclosure Statement, they were specifically advised by the language of the statement that the Seller alone

was responsible for the accuracy of the information contained in the Statement.

Both the Standard Agreement for the Sale of Real Estate which is attached as Exhibit "A" to the

Motion to Dismiss, and the Seller's Property Disclosure Statement, acknowledge that moving Defendants,

as the real estate agent/broker, have not made an independent examination or determination of the

soundness or condition of the property, and that the Seller is solely responsible for the accuracy of

information set forth in the Disclosure Statement.

Third, the provisions of the Sales Agreement between the Plaintiffs and Edleman provide for a

release of moving Defendants.  Paragraph 26 of the Agreement of Sale sets forth the following:

> *RELEASE (7-96) - Buyer hereby releases, quit claims and forever discharges SELLER, ALL AGENTS, their SUBAGENTS, EMPLOYEES, and any OFFICER or PARTNER of any one of them and any other PERSON, FIRM, or CORPORATION who may be liable by or through them, from any and all claims, losses or demands, including, but not limited to, personal injuries and property damage and all of the consequences thereof, whether now known or not, which may arise from the presence of termites or other wood-boring insects, radon, lead based pain hazards, environmental hazards, any defects in the individual on-lot sewage disposal system or deficiencies in the on-site water service system, or any defects or conditions on the Property.  This release shall survive settlement.  (emphasis added).*

It is well settled that the effect of a Release must be determined according to its ordinary meaning.

*Wolbach v. Frey, 488 Pa. 239, 412 A.2d 487, 488 (1980).*  When construing the effect and scope of a

Release, as with other contracts, the Court must try to give effect to the intentions of the parties.  *Sparler v.*

*Fireman's Insurance Company of Newark, New Jersey*, 360 Pa. Super. 597, 521 A.2d 433, 435 (1987).

However, the primary source of the Court's understanding of the parties intent must be the document itself.

*Flatley by Flatley v. Penman, 429 Pa. Super. 517, 632 A.2d 1342, 1344 (1993), app. den. 537 Pa. 620, 641*

*A.2d 587 (1993).*  Thus, what a party claims to have intended is not as important as the intent which can be

6

gleaned from a reading of the document itself. *Id.* The Court's primary concern is the party's intent at the time of signing as embodied in the ordinary meaning of the words of the document. *Id.* citing *Steuart v. McChesney, 498 Pa. 45, 444 A.2d 659 (1982).*

In the present case, the express language contained in the Sales Agreement contains clear language which unequivocally expresses Plaintiffs' intention to release and exempt moving Defendants from claims such as the instant one. Accordingly, the Plaintiffs' claims are barred by the terms of the Sales Agreement.

Fourth, moving Defendants did not engage in any misrepresentation whatsoever in connection with the Plaintiff's purchase of the property. Indeed, Plaintiffs testified that they did not meet with Defendant Schaeffer any time prior to the closing, and the Marrone parents were even unable to identify him as participating at closing. Defendant Schaeffer did not attend the inspection by Housemasters and did not receive the Housemasters report. Plaintiffs never requested or received any verbal representations about the property from Schaeffer prior to closing. Therefore, Plaintiffs did not rely on any oral or written representations by Defendant Schaeffer and Mt. Gretna Realty.

The Amended Complaint of the Plaintiffs is unclear as to whether Plaintiffs are pursuing a claim of intentional misrepresentation, negligent misrepresentation or innocent misrepresentation against moving Defendants. Moving Defendants submit that Plaintiffs cannot establish any of these theories in this matter.

With regard to intentional misrepresentation, Plaintiff must prove the following elements:

    (1)    A misrepresentation;

    (2)    Which is material to the transaction at hand;

    (3)    Made falsely, with knowledge of its falsity or reckless as to whether it is true or false;

    (4)    With the intent of misleading another into relying on it;

    (5)    Justifiable reliance on the misrepresentation; and

7

(6)    The resulting injury was proximately caused by the reliance.

Bortz v. Noon, 556 Pa. 489, 729 A.2d 555 (1999);  Gibbs v. Ernst, 538 Pa. 193, 207, 647 A.2d 882,

889 (1994).

As in Bortz v. Noon, in this matter, there is no evidence supporting the conclusion that moving

Defendants intentionally misrepresented any facts to the Plaintiff buyers.  There is also no evidence in

the record that moving Defendants intend to mislead the buyers in any way.  There is no evidence that

Plaintiffs justifiably relied on any representations of moving Defendants.  Therefore, there is nothing

in the record to establish that moving Defendants could be liable for an intentional fraudulent mis-

representation or concealment.  Bortz v. Noon, supra., 729 A.2d at 561.

With regard to negligent misrepresentation, Plaintiffs must prove the following:

(1)    a misrepresentation of a material fact;

(2)    made under circumstances in which the representer ought to have known

its falsity;

(3)    with an intent to induce another to act on it; and

(4)    which results in injury to a party acting in justifiable reliance on the

misrepresentation.  Bortz v. Noon, supra., 729 A.2d at 561.

The court noted in Bortz v. Noon that the Supreme Court had not specifically recognized this

cause of action (for negligent misrepresentation) in the situation of a real estate broker.  However, the

court in Bortz noted that the Superior Court had applied a negligence standard in a number of cases.

The Supreme Court in Bortz also referred to cases from other jurisdictions in which the courts found

that because of the relationship of the buyers, seller and broker, the real estate broker is in a better position

to verify the statements of the seller than is the buyer.  Id., 729 A.2d at 562.

Moving Defendants first submit that the theory of negligent misrepresentation is not applicable

8

to them, inasmuch as in the instant real estate transaction, Plaintiffs had their own buyer's agent, Chip Stanilla of Re-Max, who acted as their real estate agent with regard to the real estate transaction. Plaintiffs have specifically acknowledged in their depositions and in the real estate sales documents that Mr. Stanilla was their agent, and he accordingly received one-half of the broker's commission in this matter. Therefore, moving Defendants had no duty to the Plaintiffs with regard to the subject transaction.

Second, even assuming <u>arguendo</u> that moving Defendants did owe the Plaintiffs some duty with regard to the real estate transaction, there is no evidence that moving Defendants failed to fulfill their duties to the Plaintiffs. The record establishes that moving Defendants did participate in obtaining some of the various inspections on behalf of the Plaintiffs, the results of which inspections were communicated to the Plaintiff's agent, Chip Stanilla. There is nothing to establish that moving Defendants had a duty to engage in any independent inquiry with regard to the subject property. There is no evidence that moving Defendants had any specialized knowledge of wetness or mold, that moving Defendants presented themselves as having such knowledge, or that they assume the obligation of providing information with regard to mold or wetness to the Plaintiffs. <u>Bortz v. Noon,</u> <u>Id.</u> 729 A.2d at 563.

The Court in <u>Bortz v. Noon</u> stated the following with regard to negligent misrepresentation

"We believe that imposing upon the Agent the duty to investigate (as to septic problems)... would place too high a burden on real estate agents. It would be an unreasonable burden on them because it would make it their responsibility to guarantee the accuracy of pre-closing tests done by persons with whom they have no relationship. Thus, we hold that a real estate broker has no duty to make an independent investigation of a contractor's report, where the real estate broker did not have any agency or contractual relationship with the third party." <u>Id.,</u> 729 A.2d at 563.

Finally, with regard to a claim for innocent misrepresentation, the Pennsylvania courts have not adopted this theory as a basis to award monetary damages for tort recovery. The court in <u>Bortz v. Noon</u> held that such a claim is an equitable doctrine which would support rescission of a sales agreement.

However, the Pennsylvania Supreme Court in <u>Bortz v. Noon</u> specifically declined to extend these equitable principals to establish a legal tort theory for an innocent misrepresentation of the agent. Since the instant amended Complaint does not seek rescission of the real estate agreement, moving Defendants cannot be liable to the Plaintiffs for innocent misrepresentation.

Accordingly, for all of the foregoing reasons, and for the reasons set forth in the instant Motion for Summary Judgment, moving Defendants respectfully request that this Honorable Court enter summary judgment in their favor with regard to Plaintiffs' claims for misrepresentation, as set forth in Count VI of the Amended Complaint.

### B.    Plaintiffs Cannot Establish a Claim For Violation of the Unfair Trade Practices and Consumer Protection Law

Count VII of the Complaint alleges that moving Defendants violated the UTPCPL.  The Amended Complaint does not allege the specific provisions of the UTPCPL that moving Defendants allegedly violated.   In Plaintiffs' Brief in Opposition to the Motion to Dismiss of moving Defendants, Plaintiffs referred to 73 P.S. §201-2(4)(xvii), which includes as one of the definitions of "unfair or deceptive acts or practices" the following:  "Engaging in any other fraudulent conduct which creates a likelihood of confusion or misunderstanding".

In order to state a claim under the catchall provision of the UTPCPL, a plaintiff must prove the elements of common-law fraud.  *Booze v. Allstate Ins. Co., 750 A.2d 877, 880  (Pa. Super. 2000).* These elements include a material misrepresentation of an existing fact, knowledge, justifiable reliance on the misrepresentation, and damages.  *Id.*   In order to state a cause of action under the UTPCPL for unfair or deceptive acts or practices, a plaintiff must establish that a defendant's representation is false, that it actually deceives or has a tendency to deceive, and that the representation is likely to make a difference in the purchasing decision.  *Fay v. Erie Ins. Group, 723 A.2d 712 (Pa. Super. 1999).*

10

Plaintiff must establish that the alleged misrepresentations caused their loss. *DiLucido v. Terminix, Intern., Inc.,* 676 A..2d 1237, 450 Pa. Super. 393 (1996), appeal denied, 684 A.2d 557, 546 Pa. 655. Where there is no evidence of intentional or fraudulent misrepresentations and no evidence of active concealment, Plaintiff cannot establish a violation of the UTPCPL. *Anderson v. Harper,* 622 A.2d 319, 323, 424 Pa. Super. 161 (1993), appeal denied, 634 A.2d 222, 535 Pa. 659.

Moving Defendants submit that the Plaintiffs have not and cannot establish their claims under the UTPCPL. Plaintiffs' claims under the UTPCPL are, in essence, claims for common law fraud. Plaintiffs cannot recover on such claims for the reasons previously set forth. Accordingly, summary judgment should be entered in favor of the moving Defendants and against the Plaintiffs with regard to Count VII of the Amended Complaint.

## V.   CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the instant Motion for Summary Judgment, moving Defendants respectfully request that this Honorable Court enter summary judgment in their favor and against the Plaintiffs with regard to all claims against moving Defendants.

Respectfully submitted,

FINE, WYATT & CAREY, P.C.

By:  _____
Edward A. Monsky, Esquire
Attorneys for Defendants
Fred Schaeffer and Mt. Gretna Realty

425 Spruce St., 4th Fl.
Scranton, PA  18503
(570) 343-1197

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, Husband, | : |
| KAREN MARRONE, Wife, | :   CIVIL ACTION - LAW |
| Both Individually and in Their Capacity | : |
| as Parents and Guardians for | :   JURY TRIAL DEMANDED |
| VIDA MARRONE, a Minor  and | : |
| MATTHEW ADAM MARRONE | ; |
|     Plaintiffs | :   JUDGE  KANE |
| | : |
| v. | :  1:CV-01-0773 |
| ALLSTATE INSURANCE COMPANY, | : |
| LINDA M. EDLEMAN, FRED SCHAEFFER, | : |
| MT. GRETNA REALTY and | : |
| HOUSE MASTERS, | : |
|     Defendants | : |

---

## CERTIFICATE OF SERVICE

I, **EDWARD A. MONSKY, ESQUIRE,** hereby certify that I forwarded a true and correct copy of

the foregoing Brief in Support of Motion for Summary Judgment of Defendants Fred Schaeffer and Mt.

Gretna Realty upon the following individuals by first class U.S. Mail, postage prepaid, on the _14th_

day of May, 2003:

> Gianni Floro, Esquire
> Tarasi, Tarasi & Fishman,  P.C.
> 510 Third Ave.
> Pittsburgh,  PA  15219
>
> James G. Nealon, III, Esquire
> Nealon & Grover
> 2411 N. Front St.
> Harrisburg, PA  17110

John Flounlacker, Esquire.
Thomas, Thomas & Hafer
P.O. Box 999
Harrisburg,  PA   17108

Jennifer L. Murphy, Esquire
Duane Morris & Heckscher
P.O. Box 1003
Harrisburg,  PA  17108

Joel D. Gusky, Esquire
Harvey Pennington
Eleven Penn Center
1835 Market St., 29th Fl.
Philadelphia,  PA  19103


**FINE, WYATT & CAREY, P.C.**

**By:** _____
Edward A. Monsky, Esquire