# ORIGINAL

2 to Ut

**FILED**
HARRISBURG, PA

MAY 3 0 2003

MARY E. D'ANDREA, Clerk
Per _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------------------------

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, : | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs, : | |
| vs. : | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS, : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

----------------------------------------------------------------------------------

## PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS FRED SCHAEFFER AND MT. GRETNA REALTY

AND Now come the Plaintiffs, by and through their counsel of record,

Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro,

Esquire, and hereby file this Plaintiffs' Response to Motion for Summary

Judgment of Defendants Fred Schaeffer and Mt. Gretna Realty, and in support

thereof set forth the following:

1.     Admitted.

2.     Admitted.

3.     Admitted.  By way of further response, Mr. Schaeffer did admit to advising Ms. Edleman with regard to the sale of her property, and it is important to note that Mr. Schaeffer was also aware <u>or should have been aware</u> that Ms. Edleman's Seller's Disclosure Statement misrepresented material facts regarding the house at issue, 354 Timber Road.  The second page of the Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate indicates that Mr. Schaeffer and Ms. Edleman were both aware that the basement was improved, *see item* "L: Basement" in which option 4 "Improved" is selected. (Depo. of Fred Schaeffer at Ex. 13; and Depo. of Fred Schaeffer at p. 24, ln. 1 -24) However, paragraph 7 of the Seller's Disclosure Statement indicates that there was "no additions" or "remodeling" undertaken by the Seller; however, it is clear that both Ms. Edleman and Mr. Schaeffer knew of the addition and remodeling that Ms. Edleman's ex-husband undertook.  (Depo. of Linda M. Edleman at Ex. 5, p.2; Depo. of Fred Schaeffer at Ex. 14; and Depo. of Fred Schaeffer at p. 24, ln. 1 -24) An examination of the writing (Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate (Depo. of Fred Schaeffer at Ex. 13) and of Exhibit 3 (second document) reveals that Mr. Schaeffer himself, in his own writing, filled the Lebanon County Multi-List Services Exclusive Right to Sell Agreement for Sale of Real Estate form and would have known that the

2

basement was improved. (Depo. of Fred Schaeffer at Ex. 3 (second document);

Depo. of Fred Schaeffer at p. 13, lns. 13-22)  Mr. Schaeffer admits to having filled

out the Lebanon County Multi-List Services Exclusive Right to Sell Agreement

for Sale of Real Estate with Ms. Edleman. (Depo. of Fred Schaeffer at Exs. 12-13;

p. 23, ln. 10 - p. 24, ln. 18)  Mr. Schaeffer also admits to having gone through the

Seller's Property Disclosure Statement with Ms. Edleman to ensure that she knew

how items on the Seller's Property Disclosure Statement affected the price of the

home. (Depo. of Fred Schaeffer at p. 58, ln. 25 - p. 59, ln. 24)

     4.    Admitted.

     5.    Denied.  The Supreme Court of Pennsylvania has held that a release

only covers those matters which may fairly be said to have been within the

contemplation of the parties when release was given. Restifo v. McDonald, 426

Pa. 5, 9, 230 A.2d 199, 201 (1967), *citing*, Winger v. Ziegler, 424 Pa. 268, 226

A.2d 683 (1967); Brill's Estate, 337 Pa. 525, 12 A.2d 50 (1940); Flaccus v. Wood,

260 Pa. 161, 103 A. 549 (1918).  As such, the general words of a release will not

be construed so as to bar the enforcement of a claim which has not accrued at the

time of release. Id.  Releases are construed in accordance with the general

principles of contract law and are binding on parties absent fraud. Davis, III v.

Government Employees Insurance Company, 2001 WL 469009, *4 (Pa. Super.

2001).  Fraud arises where there is a non-privileged failure to disclose. DeJoseph

3

v. Zamelli, 392 Pa. 24, 139 A.2d 644, 647 (1958). Fraud renders a transaction

voidable, even where the misrepresentation is not material. Id.

6.    Denied. The Plaintiffs have made out a claim misrepresentation

against the Defendants Schaeffer and Mt. Gretna. The elements of an intentional

misrepresentation have been made out by the Plaintiffs:

> a.    A representation:  The Seller, with the advise and
> assistance of her agent, misrepresented that there was no
> improvements made to the basement (this representation
> hid the fact that such improvements were made to
> conceal that there was problems with water penetration
> in the basement) (*See* paragraph 3 above);

> b.    which is material to the transaction at hand:  The
> problem of water penetration into the basement was
> certainly material to the transaction at hand (such
> knowledge would have allowed the Plaintiffs to avoid
> the transaction) (Mr. Marrone testified that if he would
> have been advised not to purchase the home by his
> inspector, who was also unaware of the improvements,
> then he would have not undertaken the transaction.
> Deposition of Jack Marrone at p. 219, ln. 5 - p. 220, ln.
> 8)

> c.    made falsely, with knowledge of its falsity or
> recklessness as to whether it is true or false:  The Seller,
> with the advise and assistance of her agent,
> misrepresented that there was no improvements made to
> the basement (this representation hid the fact that such
> improvements were made to conceal that there was
> problems with water penetration in the basement) (*See*
> paragraph 3 above);

> d.    with the intent of misleading another party into relying
> upon it:  A result is deemed to be "intended" if the actor

4

either acts with a desire to cause it, or acts believing that there is a substantial certainty that the result would follow from his conduct. <u>Woodward v. Dietrich</u>, 378 Pa. Super. 111, 127-128, 548 A. 2d 301, 308-309 (1988). "Reason to expect" is when one has reason to expect a result if he has information from which a reasonable man would conclude that the result will follow or would govern his conduct upon the assumption that it will do so. <u>Id</u>. Mr. Schaeffer advised Ms. Edleman that statements made on the Seller's Disclosure Statement would affect the price she would receive from a buyer. (*See* paragraph 3 above);

e.  <u>justifiable reliance on the misrepresentation</u>: The Marrones justifiably relied upon Ms. Edleman's representations, and the representations that her agent provide through the Seller's Disclosure Statement as well (*See* paragraphs 3 and 6(b) above);

f.  the resulting injury was proximately caused by the reliance: had the known defects in the property been revealed to the Plaintiffs they would have not entered into the transaction and never suffered the damages proved by the Plaintiffs (The Plaintiffs' depositions describe their physical maladies and also describes their economic damages; their medical causation expert has described their physical injuries more fully in his report; these Defendants have not argued that these Plaintiffs have not suffered damages).

7.  Denied. The Plaintiffs have made a valid claim against the Defendants Schaeffer and Mt. Gretna for violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). The Defendants Schaeffer and Mt. Gretna:

a.  Used deceptive representations in connection of the condition of the sale of the subject property;

5

b.   represented that said property was not defective when they knew, or should have known, it was not;

c.   engaged in fraudulent conduct which created a likelihood of confusion and/or misunderstanding in the Plaintiffs' purchase, ownership, and maintenance of the subject property;

d.   engaged in the above referenced conduct for the sole purpose of concealing the seriousness and gravity of the defective conditions of said property and thus preventing further action to rectify the seriousness and defective condition of the subject property which was reckless, malicious and in gross disregard of the Plaintiffs' rights.

As discussed, *supra.*, the Plaintiffs have made a claim against these Defendants for intentional misrepresentation, therefore, Plaintiffs have established that these Defendants made false representations, which tended to deceive, or actually deceived the Plaintiffs, these misrepresentations likely made a difference in the Plaintiffs' purchasing decision.

8.   Plaintiffs incorporate the Plaintiffs' Counter Statement of Undisputed Material Facts Regarding the Motion for Summary Judgment of Defendants Fred Schaeffer and Mt. Gretna Realty and all the affidavits, depositions, pleadings, answers to interrogatories and admissions that will be filed within ten (10) days.

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order Denying the Motion for Summary Judgment of the Defendants Schaeffer

and Mt. Gretna.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By: _____
Gianni Floro, Esquire
PA IDNo. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P:  (412) 391-7135
F:  (412) 471-2673