# ORIGINAL

FILED
HARRISBURG, PA

JUN 0 3 2003

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE, | : : : : : | Civil Action No.: 1:CV-01-0773 |
| Plaintiffs, | : : : | |
| vs. | : : | (U.S. District Judge Yvette Kane) |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSE MASTERS, | : : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

### PLAINTIFFS' RESPONSE TO THE DEFENDANT HOUSEMASTER'S MOTION TO PRECLUDE EXPERT TESTIMONY OF ECKARDT JOHANNING, M.D.

AND Now come the Plaintiffs, by and through their counsel of record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro, Esquire, and hereby file this Plaintiffs' Response to the Defendant Housemaster's Motion to Preclude Expert Report and Testimony of Eckardt Johanning, M.D., and in support thereof set forth the following:

1.    Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted in part and denied in part.  While the Plaintiff admits that the report of Advanced Applied Sciences, Inc. [Robert A. Pfromm, CIH] did not specifically recommend abandoning the house, Mrs. Marrone testified that when she and Mr. Marrone spoke with someone from Advanced Applied Sciences, Inc. they were told to cease remedial efforts, and to seal off the basement, in effect requiring the Marrone family to abandon their home.  (Depo. of Karen Marrone at p. 43, ln. 5 -p. 47, ln. 6; see also, Depo. of Jack Marrone at p. 241, ln. 3 - p. 24, ln. 22)

9.     Admitted.

10.    Admitted.

11.    Admitted in part and denied in part.  While it is admitted that the Plaintiff, Jack Marrone does suffer from memory loss, mood swings, depression, severe fatigue and sexual disfunction, it is denied that these are the only injuries

2

Mr. Marrone has suffered or will suffer as a result of his exposure to the toxic mold.

12.    Admitted in part and denied in part. While it is admitted that the Plaintiff, Karen Marrone does suffer from the noted maladies, it is denied that these are the only injuries Mrs. Marrone has suffered or will suffer as a result of her exposure to the toxic mold.

13.    Admitted in part and denied in part. While it is admitted that the Plaintiff, Matthew Marrone does suffer from the noted maladies, it is denied that these are the only injuries Matthew Marrone has suffered or will suffer as a result of his exposure to the toxic mold.

14.    Admitted in part and denied in part. While it is admitted that the Plaintiff, Vida Marrone does suffer from the noted maladies, it is denied that these are the only injuries Ms. Marrone has suffered or will suffer as a result of her exposure to the toxic mold.

15.    Denied as a conclusion of law for which no response is required.

16.    Admitted in part and denied in part. It is admitted that Dr. Johanning examined his patients and conducted testing upon them; however, it is denied that the documents attached as this Defendant's Appendix J are all of the records that Dr. Johanning relied upon in rendering his opinions with regard to this matter.

17.    Admitted in part in denied in part.  It is admitted that Dr. Johanning's reports say what they say; however, it is denied that this Defendant properly quoted the diagnoses of the noted Plaintiffs, *i.e.*, Dr. Johanning stated for Plaintiff, Jack Marrone, that "[h]e has been diagnosed in addition to his previous medical conditions with upper and lower airway inflammation and irritation effects (Rhinosinusitis, bronchitis) **and mold allergy**." (Appendix F, Export of Dr. Johanning regarding Jack Marrone) (*Emphasis supplied*)

18.    Admitted in part and denied as a conclusion of law for which no response is required in part.  It is admitted that Dr. Johanning's report says what it says; however, it is denied a conclusion of law for which no response is required that the term "only" in this Defendant's allegation has any significance or that it is properly asserted based upon the fact that Dr. Johanning in effect provides causation for Matthew Marrone's injury to his exposure to the toxic mold.

19.    Denied as a conclusion of law for which no response is required.  The factual allegation is denied.  By way of further response and without waiver of the foregoing, the Third Circuit Court of Appeals has cautioned against the Defendant's suggestion, instead reliance on should be placed upon the overwhelming body of jurisprudence from the Third Circuit Court of Appeals indicates that Dr. Johanning should properly be allowed to testify as the Plaintiffs'

medical causation expert in this matter.  In <u>Heller v. Shaw Inductries, Inc.</u>, the

Third Circuit Court of Appeals discussed differential diagnosis with regard to how

a district court should not require an expert's opinion to be based upon published

studies regarding causation due to exposure to chemicals.  167 F.3d 146, 155 (3rd

Cir. 1999).  Our Court of Appeals went on to caution and in fact <u>hold</u> that a

medical expert is not required to rule out alternative possible causes, further

holding that:

> A medical expert's causation conclusion should not be excluded
> because he or she has failed to rule out every possible alternative
> cause of the plaintiff's illness.  As professor Capra, Reporter to the
> Advisory Committee on the Federal Rules of Evidence, has put it:
>
> > [T]o require the experts to rule out categorically all other
> > possible causes of an injury would mean  that few experts
> > would ever be able to testify...
> > ... Obviously alternative causes need to be ruled out.  All
> > possible causes, however, cannot be and need not be eliminated
> > before an expert's testimony will be admitted.
>
> Daniel J. Carpa, *The Daubert Puzzle*, 32 Ga.L.Rev. 699, 728 (1998).

167 F.3d at 156.  The law in this jurisdiction, as stated by the Third Circuit Court

of Appeals in <u>Hellar</u> is that:

> a physician need not conduct every possible test to rule out all
> possible causes of a patient's illness 'so long as he or she employed
> sufficient diagnostic techniques to have good grounds for his or her
> conclusion.'

<u>Id.</u>, *quoting*, <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 761 (3d Cir. 1994).

Moreover, it also "emphasized that the district court should take care not to mistake credibility questions for admissibility questions." <u>Heller</u>, 167 F.3d at 157, *quoting*, <u>Kannankeril v. Terminex Int'l, Inc.</u>, 128 F.3d 802, 806 (3d Cir. 1997).

20.     Denied as a conclusion of law for which no response is required.

21.     Denied as a conclusion of law for which no response is required. By way of further response and without waiver of the foregoing, in the <u>Elock v. Kmart Corp.</u>, 233 F.3d 734, 741 (3rd Cir. 2000), case the Third Circuit Court of Appeals was not dealing with the admission of a medical doctor's opinion, but rather that of a vocational rehabilitation expert. Medical Doctors are afforded greater latitude in providing their opinions and the rules of evidence embody a strong and undeniable preference for admitting any evidence which has the potential for assisting the trier of fact. <u>Kannankeril</u>, 128 F.3d at 806, *citing*, <u>Holbrook v. Lykes Bros. S.S. Co.</u>, 80 F.3d 777, 780 (3d Cir. 1996)

22.     Denied as a conclusion of law for which no response is required. By way of further response and without waiver of the foregoing, Dr. Johanning's expert reports meet the requirements of Rule 702 and his testimony via affidavit is sufficient and the type contemplated in responding to motion for summary judgment.

23.     Denied as a conclusion of law for which no response is required. By

way of further response and without waiver of the foregoing, Dr. Johanning has established both general and specific causation.

24.    Denied as a conclusion of law for which no response is required.  By way of further response and without waiver of the foregoing, Dr. Johanning has established both general and specific causation.

25.    Denied as a conclusion of law for which no response is required.  By way of further response and without waiver of the foregoing, in <u>Heller v. Shaw Inductries, Inc.</u>, the Third Circuit Court of Appeals discussed differential diagnosis with regard to how a district court should not require an expert's opinion to be based upon published studies regarding causation due to exposure to chemicals.  167 F.3d 146, 155 (3rd Cir. 1999).  Our Court of Appeals went on to caution and in fact <u>hold</u> that a medical expert is not required to rule out alternative possible causes, further holding that:

> A medical expert's causation conclusion should not be excluded because he or she has failed to rule out every possible alternative cause of the plaintiff's illness.  As professor Capra, Reporter to the Advisory Committee on the Federal Rules of Evidence, has put it:
>
>> [T]o require the experts to rule out categorically all other possible causes of an injury would mean  that few experts would ever be able to testify...
>> ... Obviously alternative causes need to be ruled out.  All possible causes, however, cannot be and need not be eliminated before an expert's testimony will be admitted.

7

Daniel J. Carpa, *The Daubert Puzzle*, 32 Ga.L.Rev. 699, 728 (1998).

167 F.3d at 156. The law in this jurisdiction, as stated by the Third Circuit Court

of Appeals in <u>Hellar</u> is that:

> a physician need not conduct every possible test to rule out all
> possible causes of a patient's illness 'so long as he or she employed
> sufficient diagnostic techniques to have good grounds for his or her
> conclusion.'

<u>Id.</u>, *quoting*, <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 761 (3d Cir. 1994).

Moreover, it also "emphasized that the district court should take care not to

mistake credibility questions for admissibility questions." <u>Heller</u>, 167 F.3d at 157,

*quoting*, <u>Kannankeril v. Terminex Int'l, Inc.</u>, 128 F.3d 802, 806 (3d Cir. 1997).

Wherefore, the Plaintiffs respectfully request that this District Court enter

an Order Denying the Defendant Housemaster's Motion to Preclude Expert Report

and Testimony of Eckardt Johanning, M.D.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By:_____
Gianni Floro, Esquire
PA ID No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P:  (412) 391-7135
F:  (412) 471-2673

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to the Defendant Housemaster's Motion to Preclude Expert Report and Testimony of Eckardt Johanning, M.D. and Brief in Opposition to the Defendant Housemaster's Motion to Preclude Expert Report and Testimony of Eckardt Johanning, M.D. were served on counsel for the Defendants on this _2nd_ day of June, 2003, by the United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
305 North Front Street
Harrisburg, PA  17108

Edward A. Monsky, Esquire
425 Spruce Street
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
305 North Front Street, 5th Floor
Harrisburg, PA  17108-1003

Joel D. Gusky, Esquire
1835 Market Street, 29th Floor
Philadelphia, PA  19103

TARASI, TARASI & FISHMAN, P.C.

Date: _6·2·03_

By: _____
Gianni Floro, Esquire
PA ID No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P:  (412) 391-7135
F:  (412) 471-2673