IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MARRONE, KAREN | : | |
| MARRONE, both individually and | : | |
| in the capacity as parents and | : | CIVIL ACTION - LAW |
| guardians for VIDA MARRONE, a | : | |
| minor, and MATTHEW MARRONE, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CASE NO.: 1:CV-01-0773 |
| | : | |
| ALLSTATE INSURANCE | : | JURY TRIAL DEMANDED |
| COMPANY, LINDA M. EDELMAN, | : | |
| FRED SCHAFER, MT. GRETNA | : | (JUDGE KANE) |
| REALTY, and HOUSEMASTER, | : | |
| Defendants | : | |

## DEFENDANT HOUSEMASTER'S REPLY BRIEF IN SUPPORT
## OF RENEWED MOTION FOR SUMMARY JUDGMENT

James J. Kutz, Esq.
Attorney ID. No. 21589
Jennifer L. Murphy, Esq.
Attorney ID. No. 76432
305 North Front St., 5th Floor
P.O. Box 1003
Harrisburg, PA  17108-1003
(717) 237-550

Attorneys for Defendant
HouseMaster

Date:  June 11, 2003

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION ....................................................................................... 1

II.   REPLY TO PLAINTIFFS' ARGUMENT ................................................... 3

    A.   Summary Judgment Standard ............................................................. 3

    B.   HouseMaster is Entitled to Judgment as a Manner of Law on
          Plaintiffs' Claims Based On The Suit Limitations Clause ................. 4

    C.   HouseMaster is Entitled to Judgment as a Manner of Law on
          Plaintiffs' Breach of Contract Claim ................................................. 5

    D.   Plaintiffs' Attempts to Recover Under Theories of Negligence,
          Misrepresentation and Violation of the UTPCPL are Barred by
          the "Gist of the Action" Doctrine ..................................................... 9

    E.   HouseMaster is Entitled to Judgment as a Matter of Law on
          Plaintiffs' Negligence Claim ........................................................... 10

    F.   HouseMaster is Entitled Judgment as a Matter of Law on
          Plaintiffs' Misrepresentation Claim. ............................................... 13

    G.   HouseMaster is Entitled to Judgment as a Matter of Law on
          Plaintiffs' UTPCPL Claim. ............................................................. 15

    H.   HouseMaster is Entitled to Judgment as a Matter of Law on
          Plaintiffs' Claims for Personal Injury Damages. ............................ 16

III.  CONCLUSION ......................................................................................... 17

LOCAL RULE 7.8 CERTIFICATION ..............................................................

# TABLE OF AUTHORITIES

## CASES

*Bash v. Bell Telephone Company,*
411 Pa. Super. 347, 601 A.2d 825, 829 (1992) ...................................................... 9

*Bollinger v. Central Pennsylvania Quarry Stripping
& Construction Company,*
425 Pa. 430, 229 A.2d 741, 742 (1967) ................................................................. 5

*Booze v. Allstate Insurance Co.,*
750 A.2d 877 (Pa. Super. 2000),
*app. den.,* 564 Pa. 722, 766 A.2d 1242 (2000) ...................................................... 15

*Estate of Brant,*
463 Pa. 230, 344 A.2d 806, 809 (1975) ................................................................. 5

*Celotex Corp v. Catrett,*
477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265, 274 (1986) ................................. 3

*Cipriani v. Sun Pipeline Company,*
393 Pa. Super. 471, 574 A.2d 706 (1990) ............................................................. 2

*Closed Circuit Corp. of Am. v. Jerrold Electronics Corporation,*
426 F. Supp. 361 (E.D. Pa. 1977) ........................................................................ 10

*DeFiore v. Vignola,*
835 F. Supp. 249 (E.D. Pa. 1993) .......................................................................... 3

*Matsushita Elec. Indus. Company v. Zenith Radio Corp.,*
475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538, 553 (1986) ................................. 3

*Montgomery v. Levy,*
406 Pa. 547, 177 A.2d 448, 450 (1962) ................................................................. 5

*Orner v. T.W. Phillips Gas & Oil Company,*
401 Pa. 195, 163 A.2d 880, 883 (1960) ................................................................. 1

*Powell v. Risser*,
375 Pa. 60, 99 A.2d 454, 456 (1953) ................................................................. 10

*Ridgewood Bd. of Educ. v. N.E. for M.E.*,
172 F.3d 238 (3d Cir. 1999) ............................................................................. 15

*Robinson v. Wirts*,
387 Pa. 291, 127 A.2d 706 (1956) ..................................................................... 11

*Simeone v. Simeone*,
525 Pa. 392, 581 A.2d 162, 165-66 (1990) ....................................................... 5, 7

*Sparler v. Fireman's Insurance Co.*,
360 Pa. Super. 597, 521 A.2d 433 (1987),
*app. den.*, 518 Pa. 613, 540 A.2d 535 (1988) ...................................................... 8

*Standard Venetian Blind Company v. American Empire
Insurance Company*,
503 Pa. 300, 469 A.2d 563, 566 (1983) .............................................................. 5

*Storm v. Golden*,
371 Pa. Super. 368, 538 A.2d 61, 65 (1988)
*app. den.*, 524 Pa. 630, 574 A.2d 71 (1989) ...................................................... 12

*USX Corp. v. Prime Leasing, Inc.*,
988 F.2d 433 (3d Cir. 1993) ............................................................................. 10

*Vaughn v. Didizian, M.D.*,
436 Pa. Super. 436, 648 A.2d 38 (1994) ............................................................. 8

*Weisblatt v. Minnesota Mutual Life Ins. Co.*,
4 F. Supp. 2d 371 (E.D. Pa. 1998) .................................................................... 15

## I.    <u>INTRODUCTION</u>

Defendant HouseMaster respectfully submits this Reply Brief in support of its Renewed Motion for Summary Judgment.  Plaintiffs here have failed to meet their burden of identifying sufficient evidence creating general issues of material fact for trial and, as a result, Counts VIII through XI of the Amended Complaint, as well as Plaintiffs' claims for personal injury damages, should be dismissed.

First, Plaintiffs action is barred or otherwise limited by the express terms of the parties' contract.  Indeed, the Inspection Order Agreement ("Agreement") entered into by and between Plaintiffs and HouseMaster provides for a one-year suit limitations clause, no bodily injury damages, and limited liability, if any, to Plaintiffs.  The fact that Plaintiffs failed to read the Agreement before executing it and agreeing to its terms and conditions "is an unavailing excuse or defense . . . ." <u>Orner v. T.W. Phillips Gas & Oil Company</u>, 401 Pa. 195, 199, 163 A.2d 880, 883 (1960).  As Plaintiffs initiated suit against HouseMaster more than twenty-one months after the home inspection, their action is barred by the suit limitations clause.

Second, Plaintiffs' breach of contract claim also fails as a matter of law. The Agreement between the parties expressly states that Plaintiffs contracted for a home inspection and not an environmental evaluation involving either the

detection, identification or disclosure of mold.  HouseMaster met its contractual obligations to Plaintiffs and, thus, Count X must be dismissed.

Third, Plaintiffs' claims of negligence, misrepresentation and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") must be dismissed as duplicative of the breach of contract claim.  Plaintiffs' attempt to recover under these tort theories for a mere breach of contract mandates dismissal of Counts VIII, IX, and XI of Plaintiffs' Amended Complaint under the "gist of the action" doctrine.

Fourth, even if Plaintiffs have set forth a valid negligence claim, it fails because Plaintiffs have failed to establish that HouseMaster breached any duty to them, through expert testimony or otherwise.  The issues in the case are "not so simple and the want of care so obvious," as to require only lay person testimony. Cipriani v. Sun Pipeline Company, 393 Pa. Super. 471, 574 A.2d 706 (1990). And, Plaintiffs' eleventh-hour attempt to proffer expert testimony in support of this claim should be stricken.  Since Plaintiffs cannot establish a prima facia case of negligence, Count VIII must be dismissed.

Fifth, even assuming, *arguendo,* that Plaintiffs' claims for misrepresentation and violation of the UTPCPL claims are not barred by the "gist of the action" doctrine, those claims fail.  In particular, Plaintiffs have not indicated under which

theory of misrepresentation they are claiming (negligent or fraudulent), have failed to establish a misrepresentation of material fact by HouseMaster and have failed to set forth any intent on the part of HouseMaster to defraud them under both of these claims.

Finally, Plaintiffs cannot contest HouseMaster's argument that it is entitled to judgment as a manner of law on Plaintiffs' claims for personal injury damage. Specifically, the express terms of the Agreement bar recovery of such claims and Plaintiffs have failed to establish a causal relationship between their injuries and HouseMaster's alleged tortious acts. Accordingly, such claims fail.

## II. REPLY TO PLAINTIFFS' ARGUMENT

### A.    Summary Judgment Standard

On the issues raised in HouseMaster's Renewed Motion for Summary Judgment, Plaintiffs bear the burden of proof at trial. Thus, even as the non-moving party, Plaintiffs must prove the existence of specific facts which "establish the existence of every element essential to [their] case." DeFiore v. Vignola, 835 F. Supp. 249, 251 (E.D. Pa. 1993); accord Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). If Plaintiffs do not establish "specific facts" as to each element of their case, summary judgment must be entered favor of HouseMaster.

Here, the issues are straightforward.  Plaintiffs failed to raise genuine issues of material fact with regard to the suit limitations clause, and Plaintiffs' claims of breach of contract, negligence, misrepresentation, violation of the UTPCPL, and bodily injury damages.  Further, Plaintiffs failed to contest HouseMaster's argument in support of summary judgment of their tort claims under the "gist of the action" doctrine.  Consequently, Summary Judgment must be entered in favor of HouseMaster and against Plaintiffs, thereby dismissing the Amended Complaint as to HouseMaster in its entirety.

### B.   HouseMaster is Entitled to Judgment as a Manner of Law on Plaintiffs' Claims Based On The Suit Limitations Clause

The Agreement entered into between Plaintiffs and HouseMaster on July 30, 1999 contains a suit limitation clause, stating: "**No legal action, including those alleging negligence, may be commenced . . . after one year from the date of the inspection.**"  Agreement, ¶4 (emphasis in original).  As Plaintiffs failed to initiate suit against HouseMaster within the stated time limitation, Plaintiffs' claims against HouseMaster are barred.

In their opposition Brief, Plaintiffs do not argue that the one-year limitation or the other stated contractual limitations are unreasonable.  Rather, Plaintiffs merely contend that Karen Marrone never read the Agreement prior to signing and, had she known that it limited the suit limitations period for instituting claims

against HouseMaster, she never would have accepted it.  Notably, however, as the

Pennsylvania Supreme Court stated in <u>Simeone v. Simeone</u>:

> Contracting parties are normally bound by their agreements, without
> regard to whether the terms thereof were read and fully understood
> and irrespective of whether the agreements embodied reasonable or
> good bargains.  <u>See</u> <u>Standard Venetian Blind Company v. American
> Empire Insurance Company</u>, 503 Pa. 300, 305, 469 A.2d 563, 566
> (1983) (failure to read a contract does not warrant avoidance or a
> nullification of its provisions); <u>Estate of Brant</u>, 463 Pa. 230, 235, 344
> A.2d 806, 809 (1975); <u>Bollinger v. Central Pennsylvania Quarry
> Stripping & Construction Company</u>, 425 Pa. 430, 432, 229 A.2d 741,
> 742 (1967) ("Once a person enters into a written agreement he builds
> around himself a stone wall, from which he cannot escape by merely
> asserting he had not understood what he was signing."); <u>Montgomery
> v. Levy</u>, 406 Pa. 547, 550, 177 A.2d 448, 450 (1962) (one is legally
> bound to know the terms of a contract entered).

<u>Id</u>., 525 Pa. 392, 400, 581 A.2d 162, 165-66 (1990).  Thus, based on Karen

Marrone's signature on the Agreement acknowledging that the terms and

conditions of the Agreement were both read and understood, Plaintiffs are bound

by those terms and conditions, including the suit limitations clause.  Accordingly,

Plaintiffs' action against HouseMaster is barred and must be dismissed in its

entirety.

### C.    <u>HouseMaster is Entitled to Judgment as a Manner of Law on Plaintiffs' Breach of Contract Claim</u>

In Count X of the Amended Complaint, Plaintiffs assert a claim for breach

of contract.  Although the Agreement was signed by Karen Marrone and expressly

states that the document "represents a binding contract between the Client Jack-

Karen Marrone and the Company," Plaintiffs here contend that the Agreement did not contain the terms of the parties' contract. Rather, Plaintiffs argue that they and HouseMaster entered into an oral contract, the terms being "you come out to the house and inspect it, because your [sic] a professional home inspector, and we will pay you to advise us if there are any problems that should preclude us from buying the house." Plaintiffs' Brief, p. 4. Thus, according to Plaintiffs, HouseMaster's duties and liabilities to Plaintiffs are not limited in any manner. This is not so.

The Agreement is, as it explicitly provides, "a binding contract" between the parties hereto. The Agreement lists the parties thereto, the property to be inspected, the cost for such inspection and related services, and the terms and conditions of the contract. Further, the record clearly reflects that Karen Marrone received the Agreement from HouseMaster on the day of the inspection and signed and dated the Contract Acknowledgement therein. <u>See</u> Agreement, Contract Acknowledgement.

Plaintiffs, however, as noted above, argue that Karen Marrone never read the document before signing it and that, had she known the Agreement extinguished Plaintiffs' rights with regard to HouseMaster's alleged actions/inactions, she never

would have signed or accepted it. Plaintiffs' Brief, p. 4.[1]  However, as discussed

<u>supra</u>, "[c]ontracting parties are normally bound by their agreements, without

regard to whether the terms thereof were read and fully understood and irrespective

of whether the agreements embodied reasonable or good bargains." <u>Simeone v.</u>

<u>Simeone</u>, <u>supra</u> (citations omitted).  Thus, "[b]ased upon these principles, the terms

of the present [Agreement] must be regarded as binding, without regard to whether

the terms were fully understood by [Plaintiffs].  *Ignorantia non excusat.*" <u>Id</u>.  In

other words, whether or not Karen Marrone read the Agreement prior to her

signing the Contract Acknowledgment acknowledging "that this Contract (both

sides) was read and its terms and conditions are understood" is of no moment.  She

entered into the Agreement on behalf of her family and they are bound to it.

No oral representation by HouseMaster or an alleged oral contract with

HouseMaster changes that fact.  Indeed, the Agreement contains an integration

clause that states:

> 7.  **ORAL REPRESENTATIONS.**  No oral statements made by the
> Inspector or any other Company representative shall expand the scope
> of nor change the terms of this Agreement or the Inspection Report.

---

[1]  Significantly, the terms and conditions of the Agreement that shorten the
limitations period, or limit HouseMaster's liability and scope of its duties, or
outline Plaintiffs' responsibility to HouseMaster are highlighted in **bold print**.
Thus, Plaintiffs' contention that such matters were not in contemplation of the
parties is simply not true.

> Furthermore, the written report shall be considered the inspection result and **no oral representations shall alter the results or their interpretation**.

Agreement, ¶7 (emphasis in original).[2]  Simply put, the Inspection Order

Agreement contains the terms and conditions of the parties' contract and, as more

fully set forth in HouseMaster's original Brief, HouseMaster acted in accordance

with such terms and conditions.

In particular, HouseMaster provided Plaintiffs with an evaluation of the

specific elements of the subject property on the date and time of the inspection,

based on a visual assessment of the home's accessible elements.  HouseMaster

alerted Plaintiffs to signs of prior water penetration and advised Plaintiffs that: "It

would be prudent in all cases to discuss local conditions and concerns with the

present owner and local authorities."  Express Report, p. 12, Water Penetration –

---

[2]  Further, the cases Plaintiffs cite regarding releases are inapposite to the instant case.  Indeed, <u>Sparler v. Fireman's Insurance Co.</u>, 360 Pa. Super. 597, 521 A.2d 433 (1987), <u>app. den.</u>, 518 Pa. 613, 540 A.2d 535 (1988) concerned a general release releasing the insurer, who was not a party to the release, from its contractual obligations.  In this case, however, HouseMaster was a party to the Agreement and any limitations of liability were in bold print, emphasized in the Agreement and, thus, were in contemplation of the parties.  Likewise, in <u>Vaughn v. Didizian, M.D.</u>, 436 Pa. Super. 436, 648 A.2d 38 (1994), the general release executed in regard to an automobile accident was determined not to bar a medical malpractice action for negligent treatment of injuries sustained in the accident when such treatment occurred nine months after the release.  Again, in the case at bar, HouseMaster was a party to the Agreement and such injuries as are now claimed by Plaintiffs were addressed in the Agreement.

General Considerations.  Plaintiffs, on the other hand, did not act in accordance with their duties under the Agreement, failing to timely initiate suit, asserting claims for damages, including personal injury damages, in excess of the home inspection fee, and failing to provide HouseMaster with written notice and reinspection rights.  For all of the foregoing reasons in this and HouseMaster's Original Brief, Count X fails as a matter of law.

**D.    Plaintiffs' Attempts to Recover Under Theories of Negligence, Misrepresentation and Violation of the UTPCPL are Barred by the "Gist of the Action" Doctrine**

Plaintiffs, in their Opposition Brief, do not even appear to address HouseMaster's "gist of the action" doctrine argument.  HouseMaster has fully briefed this argument in its original Brief in Support of its Renewed Motion for Summary Judgment and will not repeat the entirety of the argument here.  Simply stated, Plaintiffs' claims for negligence, misrepresentation and violation of the UTPCPL essentially duplicate their breach of contract claim.  Indeed, the allegations underlying the tort claims mirror those supporting the contract claim, as does the relief sought under each of the claims.  As the negligence, misrepresentation and UTPCPL claims are collateral to the contract, they must be dismissed.  See Bash v. Bell Telephone Company, 411 Pa. Super. 347, 356, 601 A.2d 825, 829 (1992) (affirming dismissal of negligence claim where the gist of the plaintiffs' complaint was that the defendant failed to perform under the

contract); <u>USX Corp. v. Prime Leasing, Inc.</u>, 988 F.2d 433, 440 (3d Cir. 1993)(affirming dismissal of tortious misrepresentation claim based on the same acts that gave rise to contract claims); <u>Closed Circuit Corp. of Am. v. Jerrold Electronics Corporation</u>, 426 F. Supp. 361, 364 (E.D. Pa. 1977) (dismissing fraud claim where the allegations "[rose] no higher than that the defendant failed to comply with contract specifications").

### E.    <u>HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Negligence Claim</u>

Plaintiffs argue that summary judgment is not warranted on their negligence claim in Count VIII of the Amended Complaint because: (1) expert testimony is not required to establish the standard of care for HouseMaster, (2) genuine issues of material fact exist concerning the disclosure of mold by HouseMaster, and (3) Plaintiffs have proffered expert testimony establishing a breach of duties by HouseMaster. These arguments lack merit.

First, it is clear that expert testimony is required for Plaintiffs to establish the breach of standard of care of HouseMaster. As a general rule, "expert testimony is necessary to establish negligent practice in any profession." <u>Powell v. Risser</u>, 375 Pa. 60, 65, 99 A.2d 454, 456 (1953). The only exception to the requirement that expert testimony must be proffered is "where the matter under investigation is so simple and the lack of skill or want of care is so obvious, as to be within the range

of the ordinary experience and comprehension of even non-professional persons . .

..." <u>Robinson v. Wirts</u>, 387 Pa. 291, 297, 127 A.2d 706 (1956).  Contrary to

Plaintiffs' contentions otherwise[3], however, the exception is not applicable here.

The standard of care for home inspectors certified by the American Society of

Home Inspectors in conducting a specific element inspection in Summer 1999

related to foundation, water penetration and radon simply cannot be determined by

a lay person, a person untrained in home inspections.  Indeed, at the least, one

would expect expert testimony on the standard of care, the extent of damage to the

property and the repair costs.

Up to this point, Plaintiffs had presented no expert testimony in this regard,

even though they hired an ASHI-certified home inspector, Tom Moore, to opine on

other matters.  However, with the filing of their opposition Brief on May 30, 2003,

Plaintiffs filed a Supplemental Affidavit of Tom Moore, which states, for the first

time, that HouseMaster "was professionally negligent and failed to meet the

standard of care in the industry."  As more fully set forth in HouseMaster's Motion

---

[3]  HouseMaster respectfully submits that Plaintiffs' argument that expert testimony is not required with regard to the professional negligence claim is entirely contradictory of Plaintiffs' actions in the hire and payment of a certified home inspector, Tom Moore, "to examine the house [in 2002 – three years after the original inspection] for moisture and water problems that possibly may have contributed to a mold and mildew condition resulting in the occupants having to move out of the house."  <u>Moore Report</u>, p. 1.

to Strike Supplemental Affidavit of Tom Moore and supporting brief, this
Supplemental Affidavit must be stricken from the record because it is simply an
eleventh-hour attempt to expand the testimony proffered by Tom Moore in support
of Plaintiffs' claims and should not be permitted at this late date. Without such
testimony, Plaintiffs' negligence claim necessarily fails. See Storm v. Golden, 371
Pa. Super. 368, 378, 538 A.2d 61, 65 (1988), app. den., 524 Pa. 630, 574 A.2d 71
(1989) ("failure to produce an expert witness as to the standard of care under
which defendant should have conducted [itself] and as to any deviation from that
standard that may have occurred makes claim defective as a matter of law . . .").

Further, summary judgment is appropriate because there are no genuine
issues of material fact with regard to the negligence claim. Plaintiffs contend that
whether or not the "black spot" was disclosed and identified as mold by
HouseMaster is an issue of material fact defeating summary judgment. Plaintiffs'
Brief, pp. 7-8. However, the home inspection "is not intended to detect, identify or
disclose any . . . environmental concerns regarding this house or property such as
the presence of . . . fungi . . .." Agreement, ¶5. Further, no oral statements by
HouseMaster either expand or change the scope of the Agreement, nor do the
statements constitute inspection results. Id., ¶7. In short, HouseMaster's duty to
Plaintiffs is limited by the express terms and conditions of the Inspection Order
Agreement. Thus, since HouseMaster was under no contractual obligation to

detect, identify or disclose the alleged "black spot" on the pegboard in the home's basement as mold, whether HouseMaster did so or not is not an issue of material fact. HouseMaster met its contractual obligations to Plaintiffs. Accordingly, Count VIII should be dismissed.

### F. HouseMaster is Entitled Judgment as a Matter of Law on Plaintiffs' Misrepresentation Claim.

While Plaintiffs have yet to reveal under what theory of misrepresentation they are proceeding, negligent or fraudulent, the crux of their argument appears to be that summary judgment is not appropriate because a question of fact exists as to whether HouseMaster failed to disclose the condition of the house to Plaintiffs. This, however, is simply not the case.

First, a review of Plaintiffs' argument against summary judgment reveals that the misrepresentation claim should be barred under the "gist of the action" doctrine – it is a mere duplicate of the breach of contract claim. Second, HouseMaster never misrepresented the condition of the subject property, either negligently or fraudulently. Plaintiffs argue that HouseMaster should have advised them to further investigate the property prior to purchasing it but did not and, instead, told Plaintiffs only to slope the soil and extend downspouts. This argument fails upon review of the express provisions of the Agreement and the Express Report.

Indeed, HouseMaster's duties were limited by the express contractual terms and HouseMaster fully met its contractual duties. For example, HouseMaster informed Plaintiffs through the Express Report that there were indications of water penetration conditions, water marks/stains, in the basement along with indications of possible prior remedial work, construction/ coatings. In addition, HouseMaster recommended further inquiry by Plaintiffs to the seller of the home. Specifically, in the comments to the Water Penetration section, HouseMaster states:

> it would be prudent in all cases to discuss local conditions and concerns with the present owner and local authorities. Any comments made in this report are based on evidence/indication present at the time of inspection only. It is not possible to accurately determine the extent of past conditions or to predict future concerns. If there are indications of prior remedial work intended to reduce water penetration concerns, documentation should be obtained from the owner/installer.

Express Report, p. 12, Water Penetration – General Considerations (emphasis added). Thus, HouseMaster did precisely what Plaintiffs now ask, within its contractual duties.

Further, Plaintiffs have still not established that HouseMaster intended to mislead Plaintiffs with respect to the condition of the property. Indeed, HouseMaster alerted Plaintiffs to evidence of water penetration, advised them to seek additional information regarding conditions and prior remedial work and also

provided them with recommendations to help prevent further water penetration.

There was, in fact, no intent to deceive Plaintiffs on the part of HouseMaster.

Simply put, no genuine issues of material fact exist as to this claim.

Accordingly, Count IX fails as a matter of law.

### G.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' UTPCPL Claim.

Count XI of Plaintiffs' Amended Complaint fails because Plaintiffs have

failed to set forth specific facts establishing the existence of every element of their

UTPCPL claim.[4]

Plaintiffs must establish every element of fraud by clear, precise and

convincing evidence.  Weisblatt v. Minnesota Mutual Life Ins. Co., 4 F. Supp. 2d

371, 384 (E.D. Pa. 1998).  This they have not done.[5]  Plaintiffs contend that they

have demonstrated the deceptive business practices/material misrepresentation of

HouseMaster -- HouseMaster's failure to disclose the "black spot" as being of

---

[4]  Plaintiffs must prove the elements of fraud in order to set forth a UTPCPL claim. These elements include: (1) a material misrepresentation of an existing fact; (2) scienter; (3) justifiable reliance on the misrepresentation; and (4) damages.  Booze v. Allstate Insurance Co., 750 A.2d 877, 880 (Pa. Super. 2000), app. den., 564 Pa. 722, 766 A.2d 1242 (2000).

[5]  Indeed, the majority of Plaintiffs' argument in support of their UTPCPL claim is merely a recitation of the history and purpose of the UTPCPL and Plaintiffs' conclusory allegations concerning the elements of fraud.  Notably, however, Plaintiffs cannot rely on speculation and conclusory allegations to avoid a motion for summary judgment.  Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999)(citation omitted).

concern and its failure to advise Plaintiffs of mold problems associated with water

penetration. Plaintiffs' Brief, p. 9. However, as discussed more fully supra,

HouseMaster disclosed the presence of prior water penetration (water marks and

stains) and remedial construction/coatings in the basement. Further, HouseMaster

advised Plaintiffs to discuss local conditions and the prior remedial work with the

home's seller. Finally, HouseMaster had no duty or obligation to detect, identify

or disclose any health or environmental concerns, such as the presence of mold or

fungi, involved with the house. Agreement, ¶ 5.

Plaintiffs have also not established scienter with regard to HouseMaster.

Indeed, Plaintiffs have not and cannot demonstrate that HouseMaster acted with

the intent to deceive Plaintiffs with regard to the condition of the home. Further,

Plaintiffs were HouseMaster's client. Why would HouseMaster deceive them?

Indeed, if there was any latent defect with the home as Plaintiffs allege,

HouseMaster would not have known of the same, inspecting and reporting only

visible and accessible elements of the home with no destructive testing. Id., ¶1.

As Plaintiffs cannot set forth at least two of the elements of fraud, Count XI

of Plaintiffs' Amended Complaint must be dismissed.

### H.    HouseMaster is Entitled to Judgment as a Matter of Law on Plaintiffs' Claims for Personal Injury Damages.

Plaintiffs, in their Opposition Brief, have failed to address HouseMaster's

contention that the express terms of the Agreement bar recovery for bodily injury

damages, other than to assert that Plaintiffs never read the Agreement.  As noted

supra, however, that argument lacks merit.  Thus, Plaintiffs' claims for personal

injuries fail as a matter of law.[6]

## III.    <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in HouseMaster's

Original Brief in Support of its Motion for Summary Judgment and its Brief and

Reply Brief in Support of its Motion to Preclude, HouseMaster respectfully

requests this Court to enter summary judgment in its favor and to dismiss Counts

VIII, IX, X and XI of the Amended Complaint, as well as Plaintiffs' claims for

bodily injury damages, with prejudice.

DUANE MORRIS LLP


By:  /s/ Jennifer L. Murphy
      James J. Kutz, Esq.
      Attorney ID. No. 21589
      Jennifer L. Murphy, Esq.
      Attorney ID. No. 76432
      305 North Front St., 5th Floor
      P.O. Box 1003
      Harrisburg, PA  17108-1003
      (717) 237-550

Date: June 11, 2003        Attorneys for Defendant HouseMaster

---

[6] HouseMaster addresses Plaintiffs' arguments on medical causation in its Reply
Brief in Support of its Motion to Preclude Expert Reports and Testimony of
Eckardt Johanning, M.D.

## <u>LOCAL RULE 7.8 CERTIFICATION</u>

I, Jennifer L. Murphy, Esquire, counsel for Defendant HouseMaster hereby certifies that the foregoing Reply Brief in Support of Renewed Motion for Summary Judgment is in compliance with Local Rule 7.8 in that it contains 3,950 words.

/s/ Jennifer L. Murphy
Jennifer L. Murphy, Esquire

Date:  June 11, 2003

HBG\115528.1

## <u>**CERTIFICATE OF SERVICE**</u>

AND NOW, this 11[h] day of June, 2003, I hereby certify that I, Jennifer L.

Murphy, caused to be served a copy of the Defendant HouseMaster's Reply Brief

in Support of Renewed Motion for Summary Judgment on the following by

depositing a true and correct copy of the same in the U.S. Mail at Harrisburg,

Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Gover, P.C.
2411 North Front Street
Harrisburg, PA0 17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA  18501-0590

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

Joel D. Gusky, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA  19103

By:  <u>s/ Jennifer L. Murphy</u>
Jennifer L. Murphy