IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, KAREN MARRONE, both individually and in the capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW MARRONE, Plaintiffs | : : : CIVIL ACTION - LAW : : : : |
| v. | : CASE NO.: 1:CV-01-0773 : |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDELMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTER, Defendants | : JURY TRIAL DEMANDED : : (JUDGE KANE) : : : |

**BRIEF IN SUPPORT OF DEFENDANT HOUSEMASTER'S
MOTION TO STRIKE SUPPLEMENTAL AFFIDAVIT
AND TESTIMONY OF TOM MOORE**

**I.   INTRODUCTION**

Defendant HouseMaster ("HouseMaster") respectfully submits this Brief in Support of its Motion to Strike Supplemental Affidavit and Testimony of Tom Moore. For the reasons set forth herein, HouseMaster requests that this Court grant its Motion, striking the Supplemental Affidavit of Tom Moore from the Record and precluding any testimony related thereto from being introduced at trial of this action.

## II. STATEMENT OF THE CASE

Plaintiffs Jack Marrone, Karen Marrone, and Vida Marrone initiated this action by filing a Complaint with this Court on or about May 3, 2001 against Defendants Allstate Insurance Company, Linda Edleman, Fred Schaeffer, Mt. Gretna Realty and HouseMaster. Upon leave of court, Plaintiffs filed an Amended Complaint, adding Matthew Marrone as a party-plaintiff to the action.

A Case Management Order was entered by the Court on September 27, 2001, setting a deadline for discovery of February 28, 2002 and a mutual exchange of expert reports on March 29, 2002. On November 23, 2001, Plaintiffs' counsel, Richard F. Stevens, Esquire, filed a Motion to Withdrawal as Counsel for Plaintiffs. The Court granted Attorney Stevens' Motion to Withdrawal as Counsel for Plaintiffs on or about December 19, 2001. Then, by way of an Order dated December 21, 2001, the Court granted Plaintiffs thirty (30) days in which to obtain new counsel for this litigation. On or about January 15, 2002, Plaintiffs filed a Motion for Extension, requesting an extension of an additional forty-five (45) days to obtain new legal counsel and to hold a teleconference with the Court. By Order dated January 28, 2002, this Court re-scheduled the teleconference scheduled for January 30, 2002 to February 15, 2002. Louis M. Tarasi, Esquire, then entered his appearance on behalf of Plaintiffs on February 1, 2002. The Court held the teleconference on February 15, 2002 and, on February 19, 2002, entered a Case

Management Order providing, *inter alia*, a June 28, 2002 deadline for fact discovery and a July 12, 2002 deadline for mutual exchange of expert reports.

Plaintiffs then filed a Motion for Extension of Time on July 2, 2002, seeking an additional sixty (60) days of time to complete fact discovery. On July 5, 2002, the Court granted Plaintiffs' Motion for Extension, amending the February 19, 2002 Case Management Order to reflect deadlines for fact discovery and exchange of expert reports of August 30, 2002, and September 13, 2002 respectively.

Discovery closed on August 30, 2002. The deadline for the identification and production of expert witnesses and reports, previously extended twice, then expired on September 13, 2002. By way of correspondence dated September 13, 2002, Plaintiffs produced expert reports of Tom Moore, a home inspector, and Robert A. Pfromm, a Certified Industrial Hygienist.

Pursuant to the Court's July 3, 2002 Case Management Order, dispositive motions and <u>Daubert</u> motions with supporting briefs were due to the Court on or before October 18, 2002. Defendant HouseMaster filed a Motion for Summary Judgment and supporting brief on October 18, 2002, seeking, *inter alia*, dismissal of Plaintiffs' claims of negligence and personal injury damages on the grounds that Plaintiffs failed to proffer the requisite expert testimony in support of same. Defendants Linda Edelman, Fred Schaeffer and Mt. Gretna Realty and Allstate

Insurance Company also filed motions for summary judgment with the Court on October 18, 2001.

On that same date, October 18, 2002, some five (5) weeks following the close of expert discovery, Plaintiffs filed a Motion for Extension of Time, seeking an additional sixty (60) days in which to disclose their medical expert's reports to Defendants. According to Plaintiffs' Motion, their "medical causation expert was unable to generate his expert reports by September 13, 2002 due to the doctor's busy schedule." Plaintiffs, however, failed to even identify their medical expert in their motion. Indeed, October 18, 2002 was the first date on which Defendants were made aware that Plaintiffs had secured a medical expert to testify on the issues of liability, causation and damages. Defendants Edelman, HouseMaster and Schaeffer/Mt. Gretna Realty all filed Responses opposing Plaintiffs' Motion for Extension of Time on October 21, 2002, October 24, 2002 and November 4, 2002, respectively.

Then, on November 1, 2002, Plaintiffs filed two motions with this Court, a Motion For an Extension of Time until December 4, 2002 in which to file their responses to Defendants' summary judgment motions and a Motion to Permit Filing of Plaintiffs' Medical Causation Expert Reports *Nunc Pro Tunc*.

By Order dated November 5, 2002, this Court granted Plaintiffs' Motion for Extension of Time in which to file responses to the summary judgment motions,

granting Plaintiffs an additional twenty (20) days until November 25, 2002 to respond. Also by Order dated November 5, 2002, this Court denied Plaintiffs' October 18, 2002 Motion for Extension of Time, ordering all parties to comply with the deadlines set in the July 5, 2002 Court Order.

The next day, November 6, 2002, Plaintiffs filed Responses in Opposition to Defendants' various motions for summary judgment. In particular, in response to HouseMaster's summary judgment motion, Plaintiffs argued, *inter alia*, that expert testimony was not required to establish a prima facie case of negligence against HouseMaster because the negligence claimed was that of ordinary care. Plaintiffs then filed Amended Responses thereto as well as supporting briefs and counterstatements of undisputed facts on November 26, 2002. Filed concurrent therewith on November 26, 2002, were Plaintiffs' Written Discovery Materials and Discovery Request Document Responses as well as affidavits from Tom Moore, Robert Pfromm and Eckardt Johanning, M.D., M.SC. Mr. Moore's Affidavit merely stated that "the facts and opinions contained in [his] report and supporting documentation attached to [his] report are based on [his] personal knowledge and experience and are attached as exhibit 2" thereto. Affidavit of Tom Moore, ¶ 3.

By Order dated November 27, 2002, the Court ordered that Plaintiffs' Motion to Permit Filing of Plaintiffs' Medical Causation Expert's Reports *Nunc Pro Tunc* be deemed withdrawn for failure to submit either a certificate of

concurrence or a supporting brief to the Court.  Shortly thereafter, on December 2, 2002, Plaintiffs filed a second Motion to Permit Filing of Plaintiffs' Medical Causation Expert's Reports *Nunc Pro Tunc*, along with a supporting brief. HouseMaster, along with Defendants Edelman and Schaeffer/Mt. Gretna Realty filed responses and/or briefs opposing Plaintiffs' Motion to Permit Filing Nunc *Pro Tunc*.  Defendants Edelman and Schaeffer/Mt. Gretna Realty also filed motions in limine/motions to strike the affidavit and testimony of Dr. Johanning, along with supporting Briefs.

On January 14, 2003, this Court issued a Memorandum and Order granting Plaintiffs' Motion to Permit the Filing of Plaintiffs' Medical Expert Reports Nunc Pro Tunc.  In the Memorandum Opinion, this Court noted that "Defendants have abided by all orders of this Court and with the Federal Rules of Civil Procedure. Plaintiffs have not, and Counsel has offered no reasonable explanations for his failure to comply." January 14, 2003 Memorandum and Order, p. 2.  However, this Court concluded that:

> because of the grave importance of this evidence to plaintiffs, who presumably share no blame for Counsel's lapses and because this is the first instance of non-compliance, this Court will resolve the doubt over this issue in plaintiffs' favor, and find that Counsel's conduct was neither willful nor flagrant.

<u>Id</u>. at p. 3.  Thereafter, Plaintiffs filed their medical expert reports on or before January 17, 2003.

After an unsuccessful attempt at mediation, on April 29, 2003, this Court issued an Order setting new case management deadlines.  Pursuant to that Order, on May 16, 2003, HouseMaster filed a Renewed Motion for Summary Judgment and supporting Brief seeking, for the second time, *inter alia*, dismissal of Plaintiffs' negligence claim on the basis that Plaintiffs failed to proffer the requisite expert testimony to establish HouseMaster's standard of care and breach of same in support of their professional negligence claim. On May 30, 2003, Plaintiffs filed their Brief in Opposition to HouseMaster's Renewed Motion for Summary Judgment, along with a Supplemental Affidavit of Tom Moore.  The Supplemental Affidavit, for the first time in this litigation, sets forth Mr. Moore's opinion that HouseMaster was "professionally negligent and failed to meet the standard of care required in the industry."  Supplemental Affidavit, ¶ 7.

On June 11, 2003, HouseMaster filed a Motion to Strike Supplemental Affidavit and Testimony of Tom Moore.  This Brief is filed in support of that Motion.

### III.   QUESTION PRESENTED

SHOULD THE SUPPLEMENTAL AFFIDAVIT AND TESTIMONY OF TOM MOORE BE STRICKEN FROM THE RECORD WHERE IT IS AN ATTEMPT TO SUBMIT A SUPPLEMENTAL EXPERT REPORT OUTSIDE OF THE CASE MANAGEMENT DEADLINES?

(Suggested Answer:  <u>Yes</u>.)

## IV. ARGUMENT

**THE SUPPLEMENTAL AFFIDAVIT AND TESTIMONY OF TOM MOORE SHOULD BE STRICKEN FROM THE RECORD**

On May 30, 2003, eight and one-half months after the extended discovery deadline had run in this matter, Plaintiffs, without seeking leave from this Court, filed the Supplemental Affidavit of Tom Moore in support of their professional negligence claim against HouseMaster. By way of the Supplemental Affidavit, Plaintiffs enlarged the scope of Tom Moore's expert testimony to cover issues on which he had previously expressed no opinion, namely HouseMaster's standard of care and alleged breach of the same. In particular, Tom Moore states therein, in pertinent part:

> 7. Based upon a reasonable degree of professional Home Inspection certainty it is my opinion that Housemaster [sic], through its principal Charles E. Bertoud [sic], Jr., was professionally negligent and failed to meet the standard of care required in the industry.
>
> 8. All these problems as noted in my report would have been present to some degree when the house was inspected by Housemaster [sic], and certainly taking them all together or the majority of them, there is no question that Housemaster [sic]should have told the Marrones not to purchase this property unless any potential for mold problems or mold problem was remedied and removed.
>
> The failure of Housemaster [sic] to so inform the Marrones of this problem was a deviation from the standard of care required by professional home inspectors, and was negligence on their part. All my opinions stated in my report and this Supplemental Affidavit are based upon a reasonable degree of professional home inspection certainty.

Supplemental Affidavit of Tom Moore, ¶¶7-8. The Supplemental Affidavit of Tom Moore should be stricken from the Record and his testimony related thereto precluded at trial of this action.

Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure grants courts the authority to sanction a party's failure to comply with a discovery order by "prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. Pro. 37(b). In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery orders, courts examine four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation. Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)); see also Meyers vs. Pennypack Woods Home Ownership Association, 559 F.2d 894 (3d Cir. 1977). The exclusion of critical evidence is typically an "extreme" sanction, imposed upon a showing of willful deception or "flagrant disregard" of a court order by the evidence's proponent. Id. at 905 (quoting Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)). The balance of these factors in the present case clearly weighs in

favor of excluding the Supplemental Affidavit of Tom Moore as well as any proposed testimony concerning HouseMaster's standard of care and professional conduct.

First, it cannot be in dispute that HouseMaster was surprised by Mr. Moore's Supplemental Affidavit and proposed testimony concerning HouseMaster's alleged professional negligence. Mr. Moore's original expert report was supplied to HouseMaster on September 13, 2002. The stated purpose of his report and inspection was "to examine the house [in 2002] for moisture and water problems that possibly may have contributed to a mold and mildew condition resulting in the occupants having to move out of the house." Moore Report, p. 1. Significantly, that report did not comment on the standard of care required of Mr. Berthoud and HouseMaster as home inspectors, nor did it state that visible deficiencies existed at the subject property at the time Mr. Berthoud conducted his inspection or that he negligently failed to identify and inform Plaintiffs of same. Rather, the report merely concluded that the home's basement was finished improperly. Id., p. 2. In addition, Mr. Moore's November 6, 2002 Affidavit, filed in response to HouseMaster's Motion for Summary Judgment, made no mention of HouseMaster's inspection of the home, or its duties arising therefrom,

notwithstanding the fact that HouseMaster had sought dismissal of Plaintiffs' negligence claim for lack of requisite expert testimony.  In fact, even during the extensive motion practice surrounding the admission of Plaintiffs' medical expert's reports, nothing was either stated or submitted by Plaintiffs or Mr. Moore regarding expert testimony in support of the negligence claim.  Thus, HouseMaster was clearly shocked by Plaintiffs/Tom Moore's belated submission of expert testimony through the May 29, 2003 Supplemental Affidavit.

It also cannot be disputed that this delay and nondisclosure by Plaintiffs of Tom Moore's supplemental testimony was willful and/or flagrant.  As noted by this Court in its January 14, 2003 Memorandum and Order, "Defendants have abided by all orders of this Court and with the Federal Rules of Civil Procedure.  Plaintiffs have not . . .."  Memorandum and Order, p. 2.  This statement continues to hold true.  Indeed, Plaintiffs waited until nearly nine months following the case management deadline for expert disclosure/reports to proffer Tom Moore's supplemental testimony, despite the fact they were well aware of HouseMaster's argument that such testimony was required to establish a prima facie case of negligence, HouseMaster having made that argument not once, but <u>twice</u>, in its dispositive motions.  And, notably, Plaintiffs did not seek leave from this Court to make such a filing nor have they offered any excuse for their dilatory conduct.  Such conduct and eleventh-hour tactics by Plaintiffs and their counsel should not

be permitted. As this Court stated, "[t]he Federal Rules of Civil Procedure and the scheduling orders that govern this case are designed to ensure fairness, respect for the court, and the expeditious movement of cases through this Court. They are effective to accomplish these goals only if they are evenly and fairly enforced." Memorandum and Order, p. 2. The rules and orders must be fairly enforced against Plaintiffs and their counsel. While it may have been proper for the Court to overlook Plaintiffs' noncompliance in the first instance with regard to Dr. Johanning's reports, the same cannot be said for the second time around.[1]

HouseMaster will also suffer prejudice if the Supplemental Affidavit is permitted to remain of Record and Mr. Moore is permitted to offer testimony related thereto at trial in this matter. For example, HouseMaster will be required to devote significant time, money and resources to develop rebuttal evidence as to its standard of care and its duties thereunder, including expert witness testimony to counter Mr. Moore's newly submitted testimony. In addition, HouseMaster's presently pending summary judgment motion will need to be revised and/or resubmitted, adding to HouseMaster's defense costs, and further delaying trial in

---

[1] Significantly, at most, exclusion of this evidence will result in the dismissal of Plaintiffs' negligence claim against HouseMaster. It will not affect Plaintiffs' claims against the co-Defendants or their other claims against HouseMaster. Plaintiffs have only themselves to blame for this result.

this action.  Notably, "[t]he progress of the action has been delayed several times on motion of Plaintiffs."  Memorandum and Order, p. 1.  And now, due to Plaintiffs' last minute antics, the orderly and efficient progress of this matter will again be disrupted.  This is simply unfair.  HouseMaster should not be required to jump through these hoops due to Plaintiffs' late change in tactics with regard to their negligence claim.

Simply stated, this "extreme" sanction – the exclusion of Tom Moore's Supplemental Affidavit and related testimony—is warranted in this matter.  Plaintiffs willfully and flagrantly failed to satisfy the obligations placed upon them by this Court's scheduling orders.  Plaintiffs cannot now be heard to complain about the consequences of their own actions.

## V. CONCLUSION

For the foregoing reasons, Defendant HouseMaster respectfully requests that this Court grant its Motion to Strike Supplemental Affidavit and Testimony of Tom Moore.

DUANE MORRIS LLP

By: /s/ Jennifer L. Murpy
James J. Kutz, Esq.
Attorney ID. No. 21589
Jennifer L. Murphy, Esq.
Attorney ID. No. 76432
305 North Front St., 5th Floor
P.O. Box 1003
Harrisburg, PA  17108-1003
(717) 237-550

Date:  June 11, 2003

Attorneys for Defendant HouseMaster

## **CERTIFICATE OF SERVICE**

AND NOW, this 11th day of June, 2003, I hereby certify that I, Jennifer L. Murphy, caused to be served a copy of the Defendant HouseMaster's Brief in Support of Motion to Strike Supplemental Affidavit and Testimony of Tom Moore on the following by depositing a true and correct copy of the same in the U.S. Mail at Harrisburg, Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Gover, P.C.
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA  18501-0590

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

Joel D. Gusky, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA  19103

By:  s/ Jennifer L. Murphy
Jennifer L. Murphy

HBG\115713.2