0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------------------------------------

JACK MARRONE, husband, KAREN     :
MARRONE, wife, both individually and  :     Civil Action No.: 1:CV-01-0773
in their capacity as parents and guardians  :     **FILED**
for VIDA MARRONE, a minor, and     :     HARRISBURG, PA
MATTHEW ADAM MARRONE,        :
                             :     JUN 2 4 2003
        Plaintiffs            :     MARY E. D'ANDREA, CLERK
                             :     Per _____
                             :          Deputy Clerk
    vs.                       :     (U.S. District Judge Yvette Kane)
                             :
ALLSTATE INSURANCE COMPANY,   :
LINDA M. EDLEMAN, FRED SCHAFER, :
MT. GRETNA REALTY, and          :     **JURY TRIAL DEMANDED**
HOUSEMASTER,                  :
                             :
        Defendants.           :

----------------------------------------------------------------------------------------------

## BRIEF IN OPPOSITION TO DEFENDANT HOUSEMASTER'S MOTION TO STRIKE THE SUPPLEMENTAL AFFIDAVIT OF TOM MOORE

AND Now come the Plaintiffs, by and through their counsel of record,

Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni Floro,

Esquire, and hereby file this Brief in Opposition to Defendant Housemaster's

Motion to Strike the Supplemental Affidavit of Tom Moore:

**Introduction:**

The Defendant, Housemaster, has filed a motion to strike the Affidavit of

Tom Moore seeking to prevent the Plaintiffs from presenting an expert causation

opinion to the Court regarding the negligence of Housemaster, and in opposition to the motions for summary judgment of all the Defendants, after they placed the very matter at issue with the filing of its motion for summary judgment as to the negligent conduct of this Defendant.  Housemaster contends that the Supplemental of Tom Moore is in violation of this Honorable District Court's Case Management Order of July 5, 2002 and the Federal Rules of Civil Procedure.  The Supplemental Affidavit of Tom Moore is neither in violation of this Honorable District Court's Order, nor does it violate the Federal Rule of Civil Procedure; in fact, the filing of such an affidavit is wholly contemplated by F.R.C.P. 56(c) and (e).

**Argument:**

F.R.C.P. 56(c) in part provides that:

> The adverse party prior to the day of hearing may serve opposing affidavits.

F.R.C.P. 56(d) in part provides that:

> When a motion for summary judgment is made and supported by as provided in this rule, an adverse party's response, by affidavit or as otherwise provided in this rule , must set forth facts showing that there is no genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This Defendant has raised the issue of "professional negligence" in its recently filed motion for summary judgment pursuant to F.R.C.P. 56.  (Def.

Housemaster's Br. in Supp. of Renewed Mot. for Summ. J. at p. 15, ¶ E)  Therein,

this Defendant makes the bald assertion that an expert opinion is required as to the

Plaintiffs' negligence claim against Housemaster, even though the field of home

inspection is not the type contemplated to <u>require</u> an "expert opinion" in

Pennsylvania.  Nor do the issues in this  case require expert causation with regard

to the claims against Housemaster for negligence.  Most importantly, the cases that

this Defendant cites for support of its position in its motion for summary judgment

clearly do not support this Defendant's position as to its contention for the

requirements for an expert opinion in this matter.

In <u>Robinson v. Wirts</u>, the Supreme Court of Pennsylvania was dealing with

a case of medical malpractice; therein it set forth an exception to the requirements

for an expert medical opinion, even in <u>medical malpractice</u> cases.  387 Pa. 291,

297-298, 127 A.2d 706, 710 (1956).  Also in <u>Powell v. Risser</u>, the Supreme Court

of Pennsylvania was dealing with a "profession," *i.e.*, a <u>medical malpractice</u> case;

and at the time of the rendering of this decision the only two recognized

professions were that of physician and advocate.  375 Pa. 60, 65, 99 A.2d 454, 456

(1953).  In <u>Storm v. Golden</u>, the Superior Court of Pennsylvania was deciding a

<u>legal malpractice</u> case, and therein held that:

> We expressly limit our holding to the present circumstances in order

3

to allow flexibility as to when expert evidence is needed.

* * *

> Generally, the determination of whether expert evidence is required or not will turn on whether the issue of negligence in the particular case is one which is sufficiently clear so as to be determinable by laypersons or concluded as a matter of law, or whether the alleged breach of duty involves too complex a legal issue so as to warrant explications by expert evidence.

371 Pa. Super. 368, 376-377, 538 A.2d 61, 64-65 (1988)  Of more importance in that case was the Superior Court of Pennsylvania's direct reference to the Risser case, where it stated that "expert testimony is necessary to establish negligent practice in any profession" was not set in concrete.  This is especially true due to the fact that the only recognized professions at the time of the Risser decision were the practices of law and medicine.  There is no "professional" certification program for home inspectors through the Commonwealth of Pennsylvania as there are for advocates and physicians.  The Defendants arguments to the contrary are specious.

This Defendant raised the issue of "professional home inspection" in its motion for summary judgment; and the Plaintiffs were fully entitled under the rules to respond to their motion utilizing Tom Moore's expert opinion regarding the matter.  The only additional opinion offered by the Plaintiffs in the Supplemental Affidavit of Tom Moore pertain to the Defendant's contention that

4

the Plaintiffs could not make out a case of negligence against Housemaster. It was limited to the issue raised by this Defendant in its motion for summary judgment. Therefore, the Supplemental Affidavit of Tom Moore was properly presented to this Honorable Court in response to the Defendant Housemaster's motion for summary judgment. The Defendant also argues that the home inspection report of Mr. Moore was somehow deficient. There is no requisite expert testimony regarding the Defendant Housemaster's negligent conduct, it is a simple case for the fact-finder that has been improperly labeled as a case of "professional negligence."

Wherefore, the Plaintiffs respectfully request that this District Court enter an Order denying the motion to strike of the Defendant, Housemaster, and refusing the application for judgment of the Defendants.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By: _____
Gianni Floro, Esquire
PA ID No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P: (412) 391-7135
F: (412) 471-2673

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Brief in

Opposition to Defendant Housemaster's Motion to Strike the Supplemental

Affidavit of Tom Moore was served on counsel for the Defendants on this _23rd_

day of June, 2003, by the United States Mail, First Class, Postage prepaid

addressed as follows:

James G. Nealon, III, Esquire
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
305 North Front Street
Harrisburg, PA  17108

Edward A. Monsky, Esquire
425 Spruce Street
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
305 North Front Street, 5th Floor
Harrisburg, PA  17108-1003

Joel D. Gusky, Esquire
1835 Market Street, 29th Floor
Philadelphia, PA  19103

TARASI, TARASI & FISHMAN, P.C.

Date:__6·23·03__

By:_____
Gianni Floro, Esquire
PA ID No. 85837
Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA  15219
P:  (412) 391-7135
F:  (412) 471-2673