IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, KAREN MARRONE, both individually and in the capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW MARRONE, Plaintiffs | : : : : CIVIL ACTION - LAW : : : : |
| v. | : CASE NO.: 1:CV-01-0773 |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDELMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTER, Defendants | : : JURY TRIAL DEMANDED : : (JUDGE KANE) : : : |

### REPLY BRIEF IN SUPPORT OF DEFENDANT HOUSEMASTER'S MOTION TO STRIKE SUPPLEMENTAL AFFIDAVIT AND TESTIMONY OF TOM MOORE

**I.    INTRODUCTION**

Defendant HouseMaster respectfully submits this Reply Brief in support of its Motion to Strike Supplemental Affidavit and Testimony of Tom Moore. Simply put, the so-called "Supplemental Affidavit" of Tom Moore is nothing more than a supplemental expert report with new conclusions regarding the alleged negligence of HouseMaster, which Plaintiffs have attempted to submit to this Court in conscious disregard of this Court's Case Management Orders.  Plaintiffs' filing of the Supplemental Affidavit, without leave from this Court, is wholly

inappropriate, and the second time Plaintiffs have sought to circumvent the deadlines established by the Court. Plaintiffs' willful and flagrant conduct should no longer be tolerated. The Supplemental Affidavit of Tom Moore must be stricken from Plaintiffs' response and any testimony regarding the opinions and conclusions set forth therein precluded from evidence at trial.

## II. REPLY TO PLAINTIFFS' ARGUMENT

**THE SUPPLEMENTAL AFFIDAVIT MUST BE STRICKEN AND THE TESTIMONY OF TOM MOORE RELATED THERETO PRECLUDED FROM EVIDENCE AT TRIAL**

In their opposition brief, Plaintiffs contend that the filing of Tom Moore's Supplemental Affidavit months after the case management deadlines for production of expert witness reports had run was proper because: (1) HouseMaster placed the matter (its alleged negligence) at issue with the filing of its summary judgment motion and (2) Federal Rule of Civil Procedure 56 wholly contemplates such a filing. Plaintiffs' contentions, however, lack merit.

First, HouseMaster was not the first party to raise the issue of professional negligence. Indeed, in both their Complaint and Amended Complaint, Plaintiffs expressly averred that:

> Defendant HouseMasters [sic], through its agent Mr. Berthound [sic], <u>was and is a professional home inspection company and therefore holds itself out as an expert in said field</u>.

See Complaint, ¶ 89 (emphasis added); Amended Complaint, ¶ 91 (emphasis added). Thus, it was Plaintiffs, and not HouseMaster, that first raised the issue of professional negligence. As such, HouseMaster's arguments against the negligence claim, including HouseMaster's contentions that expert testimony is required to establish a standard of care and Plaintiffs' claim fails without same, should not have come as a surprise to Plaintiff. Rather, such arguments should have been anticipated.[1]

And, even assuming, *arguendo*, that HouseMaster did place the matter at issue, HouseMaster did so over seven (7) months ago, through its original Motion for Summary Judgment and supporting Brief. In particular, by way of its dispositive motion, HouseMaster sought dismissal of Plaintiffs' claims of negligence and personal injury damages on the basis that Plaintiffs had failed to proffer requisite expert testimony in support of such claims. Despite being privy to

---

[1] As discussed fully in HouseMaster's dispositive motions and supporting briefs, expert testimony is required to establish a prima facie case of professional negligence. Powell v. Risser, 375 Pa. 60, 65, 99 A.2d 454, 456 (1953)("expert testimony is necessary to establish negligent practice in any profession"); Storm v. Golden, 371 Pa. Super. 368, 378, 538 A.2d 61, 65 (1988), app. den., 524 Pa. 630, 574 A.2d 71 (1989) ("failure to produce an expert witness as to the standard of care under which defendant should have conducted [itself] and as to any deviation from that standard that may have occurred makes claim defective as a matter of law . . ."). Indeed, the average layperson has no familiarity with home inspection standards and guidelines, including those promulgated by the American Society of Home Inspectors or the National Institute of Building Inspectors.

HouseMaster's arguments against their negligence claim in October of 2002, Plaintiffs waited until May of 2003 to supplement Mr. Moore's expert report.[2] Despite the Court's January 14, 2003 Order granting yet another extension of the expert report deadline until January 31, 2003, Plaintiffs waited to cure their legal deficiencies with regard t their negligence claim. Plaintiffs' dilatory conduct is in direct contravention of this Court's Case Management Orders.  The unauthorized filing is the second time Plaintiffs and their counsel have flagrantly disregarded the plain terms of this Court's Case Management Orders.

    This conduct cannot be condoned.  The purpose of discovery is to reduce the possibility of surprise by allowing the parties to obtain information prior to trial. See Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Franklin Music Co. v. American Broadcasting Cos., 616 F.2d 528, 539 (3d Cir.

---

[2] Not only was the issue known to Plaintiffs but their expert, Mr. Moore, could have addressed the alleged professional negligence issue just as well in his first report as he can now.  He did not address it before.  Indeed, Mr. Moore's original expert report, and even his November 6, 2002 Affidavit filed in response to HouseMaster's Motion for Summary Judgment, made no mention of HouseMaster's inspection of the home, or its duties arising therefrom, notwithstanding the fact that HouseMaster had sought dismissal of Plaintiffs' negligence claim for lack of requisite expert testimony.  To permit him to address these issues now would be to allow a new report with a new area of opinions. Where no changed circumstance has occurred, this is not generally permitted.  See Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); Reliance Insurance Co v. Louisiana Land and Exploration Co., 110 F.3d 253, 257-58 (5th Cir. 1997).

1979).  Plaintiffs, who bear the burden of proof on their claims, should not be permitted to withhold their expert opinions until all legal theories and defenses have been raised and fully briefed and then essentially sandbag the defendants with altogether new theories and opinions.[3]  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1287 (3d Cir. 1995)(purely tactical choices by attorneys do not give rise to the need to allow amendments to final pretrial orders).  This renders the discovery period, and the Court's scheduling deadlines, meaningless.

Such tactical maneuvers are also not contemplated by the Federal Rules of Civil Procedure, contrary to Plaintiffs' assertions otherwise.  For example, Federal Rule of Civil Procedure 56(e) provides, in pertinent part, as follows:

> **(e) Form of Affidavits; Further Testimony; Defense Required.**
> Supporting and opposing affidavits shall be made on personal knowledge, <u>shall set forth such facts as would be admissible in evidence</u>, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed.R.Civ.P. 56(e)(emphasis added).  As the Sixth Circuit Court of Appeals has stated: "Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Examples of such evidence include admissible documents or attested testimony, such as that

---

[3] Indeed, HouseMaster would need to develop rebuttal evidence, including expert witness testimony, to counter Mr. Moore's newly offered opinions.

found in affidavits or depositions. The proffered evidence need not be in admissible *form*, but its *content* must be admissible." <u>Bailey v. Floyd Cty. Bd. Of Education</u>, 106 F.3d 135, 145 (6th Cir. 1997)(citations omitted)(emphasis in original). Here, the content of Mr. Moore's so-called "Supplemental Affidavit" is simply not admissible.

Indeed, Tom Moore's purported "Supplemental Affidavit" is, in reality, a supplemental expert report. Plaintiffs have acknowledged this fact in their Opposition Brief:

> The Defendant, Housemaster [sic], has filed a motion to strike the Affidavit of Tom Moore seeking to prevent the Plaintiffs from presenting **an expert causation opinion to the Court regarding the negligence of Housemaster** [sic], and in opposition to the motions for summary judgment of all of the Defendants, after they placed the very matter at issue with the filing of the motion for summary judgment as to the negligence conduct of this Defendant.

Opposition Brief, pp. 1-2 (emphasis added). And, notably, expert reports were due on September 13, 2002 or, at the very latest, on January 31, 2003, pursuant to this Court's scheduling orders. Mr. Moore's supplemental expert report, greatly expanding the scope of his expert testimony to cover issues on which he had previously expressed <u>no</u> opinion, however, was not produced during the now thrice-extended discovery period. Therefore, it is not admissible into evidence. Further, Mr. Moore's newfound opinions in his supplemental expert

report are merely conclusions, lacking any substance.[4] This simply is not sufficient. See <u>Lujan v. National Wildlife Fed'n.</u>, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990)("The object of [Federal Rule of Civil Procedure 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

In sum, Plaintiffs' Supplemental Affidavit of Tom Moore, violative of this Court's Case Management Orders and the Federal Rules of Civil Procedure, must be stricken. The exclusion of this evidence is plainly necessitated by Plaintiffs' bad faith conduct and flagrant disregard of the Court's Orders.

### III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in HouseMaster's Original Brief in Support of its Motion to Strike Supplemental Affidavit and Testimony of Tom Moore, HouseMaster respectfully requests that this Court grant its Motion, striking the Supplemental Affidavit of Tom Moore from the Record

---

[4] For example, Mr. Moore fails to discuss the standards upon which he based his opinion that HouseMaster's inspection of the subject property amounted to professional negligence.

and precluding any testimony related thereto from being introduced at trial of this action.

                                                  DUANE MORRIS LLP

                                        By: /s/ Jennifer L. Murphy
                                               James J. Kutz, Esq.
                                               Attorney ID. No. 21589
                                               Jennifer L. Murphy, Esq.
                                               Attorney ID. No. 76432
                                               305 North Front St., 5th Floor
                                               P.O. Box 1003
                                               Harrisburg, PA  17108-1003
                                               (717) 237-5500

Date: July 10, 2003                          Attorneys for Defendant
                                               HouseMaster

HBG\116647.1

## CERTIFICATE OF SERVICE

AND NOW, this 10th day of July, 2003, I hereby certify that I, Jennifer L. Murphy, caused to be served a copy of the Defendant HouseMaster's Reply Brief in Support of Motion to Strike Supplemental Affidavit and Testimony of Tom Moore on the following by depositing a true and correct copy of the same in the U.S. Mail at Harrisburg, Pennsylvania, postage prepaid, addressed to:

James G. Nealon, III, Esquire
Nealon & Gover, P.C.
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17108

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
Scranton, PA  18501-0590

Gianni Floro, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

Joel D. Gusky, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA  19103

By:  s/ Jennifer L. Murphy
Jennifer L. Murphy