**THOMAS, THOMAS & HAFER, LLP**
305 North Front Street
P.O. Box 999
Harrisburg, PA  17108
(717) 237-7134
Attorneys for Defendant Edleman

John Flounlacker, Esquire
Attorney I.D.  73112
**Shawn E. Smith, Esquire**
Attorney I.D. 86121

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>   Plaintiffs | : NO.: 1:CV-01-0773<br>:<br>:<br>:<br>:<br>:<br>: |
| | : JUDGE KANE |
| v. | :<br>: Civil Action Law |
| ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>Defendants | :<br>:<br>:<br>: Jury Trial Demanded<br>: |

## DEFENDANT LINDA M. EDLEMAN'S MOTION *IN LIMINE*

AND NOW, Defendant Linda M. Edleman, by and through her attorneys,

Thomas, Thomas & Hafer, LLP, hereby file this Motion *in Limine*, and in support thereof

aver as follows:

**I.  Statement of Facts**

1.  Plaintiffs and the former legal counsel initiated this lawsuit by filing their

Complaint on May 3, 2001.

2.  On November 2, 2002, upon receiving leave of Court, Plaintiffs filed an

Amended Complaint.  A true and correct copy of Plaintiffs' Amended Complaint is

attached hereto as Exhibit A.

3.      The Amended Complaint alleges that as a direct and proximate result of exposure to mold Plaintiffs suffered, and will continue to suffer, from the following things:

- Memory loss
- Mood swings
- Depression
- Severe fatigue
- Sexual dysfunction
- Hair loss
- Abdominal cramping
- Diarrhea
- Sinusitis
- Phlegm and coughing
- Fever
- Dry and itchy skin
- Loss of concentration
- Loss of cognitive functions
- Severe loss of voice
- Continuous headaches

See Exhibit A, Paras. 35-38.

## II.    **PROCEDURAL HISTORY**

4.      On October 31, 2002, Plaintiffs filed a motion to permit the filing of medical causation expert reports *nunc pro tunc*.

5.      On January 14, 2003, this Court granted Plaintiffs' motion to permit the filing of medical causation expert reports *nunc pro tunc*.  A copy of this Court's Memorandum and Order dated January 14, 2003 is attached to hereto as Exhibit B.

6.      In that same Order, this Court denied Defendant's Motion for Summary Judgment, without prejudice, permitting such a motion to be refiled at a later date.  See Exhibit B.

7.      On March 31, 2003, pursuant to the request of this Court, the parties underwent mediation before Professor Michael A. Mogill.

8.    The mediation was not successful.

9.    On April 29, 2003, this Court issued an amended case management

Order.  A copy of this Court's April 29, 2003 Amended Case Management Order is

attached hereto as Exhibit C.

10.    On May 15, 2003, Defendant Edleman filed a second Motion for Summary

Judgment, which is currently pending before this Honorable Court.

## III.    <u>ARGUMENT</u>

11.    Defendant Edelman requests that any testimony pertaining to Plaintiffs'

alleged injuries or their causation be limited to the scope of the report submitted by Dr.

Johanning.

12.    Further, Defendant submits that any evidence of physical injury to Plaintiff

Matthew Marrone also be excluded.

13.    Pennsylvania law is clear that with regard to claims of physical injury or

impairment, expert medical testimony is necessary to establish a causal nexus between

the injury and the alleged tortious conduct.  <u>Maliszewski v. Renden</u>, 542 A.2d 170, 172

Pa.Super. (1988).

14.    Medical testimony is needed regarding injuries suffered except in the rare

case where there is an obvious causal relationship.  <u>Nicklaus v. Vivident, Inc.</u>, 767

F.Supp. 94, 96 (M.D. Pa. 1991), <u>aff'd</u>, 986 F.2d 1409 (3rd Cir. 1992).

15.    As this Court has stated, "[a]n obvious causal relationship exists when the

injury is either an 'immediate and direct' or the 'natural and probable' result of the

complained act.  The injury and the act must be so closely connected that a lay person

could diagnose the causal relationship."  <u>Id</u>.

3

16.    Further, Federal Rule of Civil Procedure 26(a)(2)(B) provides that any party intending on presenting expert testimony must produce an expert report which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore."  F.R.C.P. 26(a)(2)(B).

17.    The purpose behind "requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources."  Chladek v. Milligan, 1998 U.S. Dist. LEXIS 9209. p. 9, (E.D. Pa. 1998) (quoting, Reed v. Bender, 165 F.R.D. 424, 429 (D.N.J. 1996)).

18.    Thus, in addition to needing expert testimony to create a causal link between injuries and actions, the reports for any expert testimony to be presented must include all opinions to be expressed at trial.  See F.R.C.P. 26(a)(2)(B).

19.    Plaintiffs are limited in their presentation of expert evidence to the scope of any expert reports produced.  See, e.g., Vitah S.A., Inc. v. Publiker Industries, Inc., 1986 U.S. Dist. LEXIS 20546, p. 3, (E.D. Pa. 1986).

20.    In the present case, there is no medical evidence supporting a connection between the mold that the Plaintiff were allegedly exposed to and most of the injuries alleged in Plaintiffs' complaint.

21.    Plaintiffs have filed and produced the expert report of Eckardt Johanning, M.D., M.Sc.  A copy of Dr. Johanning's expert reports are attached hereto as Exhibit D.

22.    As to Plaintiffs Jack, Karen and Vida Marrone, any and all testimony regarding their alleged injuries or their causation should be limited to the opinions presented by Dr. Johanning.

23.    Dr. Johanning's reports only find that Plaintiffs Jack Marrone, Karen Marrone and Vida Marrone had a respiratory reaction after exposure to mold and mildew.  See Exhibit D.

24.    Thus, to the extent that Plaintiffs' proposed expert has a medical causation opinion, it is limited to alleged respiratory ailments and does not include the numerous other alleged injuries that the Plaintiffs have raised in their Complaint or testified about at their depositions.

25.    Dr. Johanning offered no opinion as to whether Plaintiff Matthew Marrone was injured in this case.

26.    In light of the above, any testimony presented at trial, whether that of an expert or a lay person, should be limited to any alleged respiratory condition as there is no expert support for any of the other claims of injuries Plaintiffs make, and there should be no testimony regarding Plaintiff Matthew Marrone as there is no medical basis for such testimony.

WHEREFORE, Defendant Edelman respectfully submits that any testimony presented at trial should be limited to alleged respiratory conditions, and any testimony regarding other injuries should be excluded.  Further, as there is no medical basis for Plaintiff Matthew Marrone's alleged physical injuries, all testimony regarding physical injuries he may have suffered should also be excluded.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**


By:    s/John Flounlacker
   John Flounlacker, Esquire
   Attorney I.D. # 73112
   Shawn E. Smith, Esquire
   Attorney I.D. # 86121
   P.O. Box 999
   Harrisburg, PA  17108-0999
Date: August 7, 2003  (717)237-7134

CERTIFICATE OF SERVICE

I, John Flounlacker, Esquire, of the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Louis M. Tarasi, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA 15219

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA 17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA 18501-0590

James J. Kutz, Esquire
Jennifer L. Murphy, Esquire
Duane Morris & Heckscher, LLP
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

Joel D. Gusky, Esquire
Harvey, Pennington, et al.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103-2989

THOMAS, THOMAS & HAFER, LLP


 s/ John Flounlacker
Dated: August 7, 2003              John Flounlacker