| | |
|---|---|
| **THOMAS, THOMAS & HAFER, LLP**<br>305 North Front Street<br>P.O. Box 999<br>Harrisburg, PA  17108<br>(717) 237-7134<br>Attorneys for Defendant Edleman | **John Flounlacker, Esquire**<br>Attorney I.D.  73112<br>**Shawn E. Smith, Esquire**<br>Attorney I.D. 86121 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br>　　　　Plaintiffs<br><br>　　　　v.<br><br>ALLSTATE INSURANCE COMPANY, LINDA M. EDLEMAN, FRED SCHAFER, MT. GRETNA REALTY, and HOUSEMASTERS<br>　　　　Defendants | : NO.: 1:CV-01-0773<br>:<br>:<br>:<br>:<br>:<br>:<br>: JUDGE KANE<br>:<br>: Civil Action Law<br>:<br>:<br>:<br>: Jury Trial Demanded<br>: |

### BRIEF IN SUPPORT OF DEFENDANT, LINDA M. EDLEMAN'S, MOTION *IN LIMINE*

**I.　　Facts and Procedural History**

Plaintiffs and the former legal counsel initiated this lawsuit by filing their Complaint on May 3, 2001.  On November 2, 2002, upon receiving leave of Court, Plaintiffs filed an Amended Complaint.  A true and correct copy of Plaintiffs' Amended Complaint is attached to Defendant Edelman's Motion *in Limine* as Exhibit A.

The Amended Complaint alleges that as a direct and proximate result of exposure to mold Plaintiffs suffered, and will continue to suffer, from the following things:

- Memory loss
- Mood swings
- Depression

- Severe fatigue
- Sexual dysfunction
- Hair loss
- Abdominal cramping
- Diarrhea
- Sinusitis
- Phlegm and coughing
- Fever
- Dry and itchy skin
- Loss of concentration
- Loss of cognitive functions
- Severe loss of voice
- Continuous headaches

See Exhibit A, Paras. 35-38.

On October 31, 2002, Plaintiffs filed a motion to permit the filing of medical causation expert reports *nunc pro tunc*. On January 14, 2003, this Court granted Plaintiffs' motion to permit the filing of medical causation expert reports *nunc pro tunc*. A copy of this Court's Memorandum and Order dated January 14, 2003 is attached to Defendant Edleman's Motion *in Limine* as Exhibit B. In that same Order, this Court denied Defendant's Motion for Summary Judgment, without prejudice, permitting such a motion to be refiled at a later date. See Exhibit B.

On March 31, 2003, pursuant to the request of this Court, the parties underwent mediation before Professor Michael A. Mogill. The mediation was not successful.

On April 29, 2003, this Court issued an amended case management Order. A copy of this Court's April 29, 2003 Amended Case Management Order is attached to Defendant Edleman's Motion *in Limine* as Exhibit C. On May 15, 2003, Defendant Edleman filed a second Motion for Summary Judgment, which is currently pending before this Honorable Court.

Defendant Edelman now files this Motion in Limine seeking to have all testimony regarding Plaintiffs' physical injuries and their alleged causation limited to the scope of Dr. Johanning's report and that any other testimony be excluded at trial.

## II.   QUESTION PRESENTED

**Should Any and All Testimony regarding Plaintiffs' Alleged Injuries and their Causation Be Limited to the Scope of Dr. Johanning's Report, When There Is No Expert Medical Causation Evidence as to All of the Claims Plaintiffs Make, and Any Evidence Plaintiffs Do Have in Support of Their Claims Is Very Limited in Nature?**

**Suggested Answer:     Yes.**

## III.   ARGUMENT

Defendant Edelman respectfully requests that this Honorable Court exclude any and all testimony regarding the physical injuries Plaintiffs claim and their causation which are outside of the scope of Dr. Johanning's expert reports. Further, Defendant submits that any evidence of physical injury to Plaintiff Matthew Marrone also be excluded.

Pennsylvania law is clear that with regard to claims of physical injury or impairment, expert medical testimony is necessary to establish a causal nexus between the injury and the alleged tortious conduct. Maliszewski v. Renden, 542 A.2d 170, 172 Pa.Super. (1988). Such testimony is needed to establish that the injury in question did, within a reasonable degree of medical certainty, stem from the complained of act. Nicklaus v. Vivident, Inc., 767 F.Supp. 94, 96 (M.D. Pa. 1991), aff'd, 986 F.2d 1409 (3rd Cir. 1992). Medical testimony is needed regarding injuries suffered except in the rare case where there is an obvious causal relationship. Id. As this Court has stated, "[a]n obvious causal relationship exists when the injury is either an 'immediate and direct' or

3

the 'natural and probable' result of the complained act.  The injury and the act must be so closely connected that a lay person could diagnose the causal connection." Id.

Further, Federal Rule of Civil Procedure 26(a)(2)(B) provides that any party intending on presenting expert testimony must produce an expert report which "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." F.R.C.P. 26(a)(2)(B).  The purpose behind "requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." Chladek v. Milligan, 1998 U.S. Dist. LEXIS 9209. p. 9, (E.D. Pa. 1998) (quoting, Reed v. Bender, 165 F.R.D. 424, 429 (D.N.J. 1996)).  Thus, in addition to needing expert testimony to create a causal link between injuries and actions, the reports for any expert testimony to be presented must include all opinions to be expressed at trial.  See F.R.C.P. 26(a)(2)(B).  Plaintiffs are limited in their presentation of expert evidence to the scope of any expert reports produced.  See, e.g., Vitah S.A., Inc. v. Publiker Industries, Inc., 1986 U.S. Dist. LEXIS 20546, p. 3, (E.D. Pa. 1986).

In the present case, there is no medical evidence regarding the connection between any alleged actions by Defendant Edelman, the mold found in the basement, and most of the injuries of which Plaintiffs complain.  Plaintiffs claim numerous injuries in their Amended Complaint from sexual dysfunction, to hair loss, to general respiratory illness.  However, Plaintiffs have no medical evidence linking most of these alleged injuries to the alleged mold in question.

Plaintiffs have filed and produced the expert report of Eckardt Johanning, M.D., M.Sc.  A copy of Dr. Johanning's expert reports are attached to Defendant Edelman's Motion *in Limine* as Exhibit D.  Dr. Johanning's reports find that Plaintiffs Jack Marrone,

Karen Marrone and Vida Marrone had a respiratory reaction after exposure to mold and mildew.  See Exhibit D.  With regard to Plaintiff Matthew Marrone, Dr. Johanning reaches no conclusion within a reasonable degree of medical certainty, nor does he reach any specific opinion as to the cause of any complaints Matthew Marrone might have had.

As to Plaintiffs Jack, Karen and Vida Marrone, any and all testimony regarding their alleged injuries or their causation should be limited to the opinions presented by Dr. Johanning  There is no obvious causal connection in this case.  Not even Plaintiffs' industrial hygienist could say whether Plaintiffs were susceptible or in any way symptomatic of the mold found.  To create a causal link between Plaintiffs' injuries and the mold in this case, it is necessary that Plaintiffs have expert testimony.  Since Dr. Johanning's opinion is limited regarding the injuries allegedly caused, any testimony regarding injuries outside of those in Dr. Johanning's report have no expert causation basis and therefore should not be presented at trial.

As to Plaintiff Matthew Marrone, there is no expert opinion regarding his health condition.  Dr. Johanning reaches no conclusions to a reasonable degree of medical certainty, nor does he provide any specific opinion regarding his prognosis of Matthew Marrone.  Medical experts who testify with a reasonable degree of medical certainty meet the requirements of the Federal Rules of Evidence.  Shultz v. Celotex Corp., 942 F.2d 204, 208 (3rd Cir. 1991).  While the phrase may not be dispositive of the issue, "it may indicate the level of confidence the expert has in the expressed opinion." Id. at 209.

5

Not only does Dr. Johanning's report not state an opinion within a reasonable degree of medical certainty, his report does not reach any specific conclusion at all. See Exhibit D. To the contrary, the conclusion contained in Dr. Johanning's report with regard to Matthew Marrone is simply speculation. Dr. Johanning's conclusion states, in full:

> Mr. Matthew Marrone had a variety of health complaints including respiratory reaction <u>that are in time and place associated with exposure to mold and mildew in his previous home</u>. He has been advised that in the future he should avoid any of these fungal indoor exposures and related problems. He has been discharged for care and follow-up by his local physicians. Provided that he has no further exposure to the fungi, he should be reasonably well.

See Exhibit D.

As can be seen by the entire conclusion quoted above, Dr. Johanning stated that the subjective complaints of Matthew Marrone were during the same time period that he was allegedly exposed to the mold and mildew in his previous home. However, Dr. Johanning reaches no specific conclusion as to whether that was the actual cause of any objective problems Matthew Marrone might have had. This is not sufficient for an expert opinion, and therefore Defendant Edelman submits that no evidence be presented as to any alleged physical injuries Matthew Marrone might have had.

As such, any and all testimony regarding alleged physical injuries and their causation should be limited to the scope of Dr. Johanning's expert report. Dr. Johanning's report solely reaches a conclusion regarding the alleged respiratory reaction of Plaintiffs Jack, Karen and Vida Marrone.[1] With regard to Plaintiff Matthew Marrone, Dr. Johanning's report is silent as to his opinion on any injuries he may have

---

[1] Since there is no obvious causal connection between the mold and Plaintiffs' other claimed injuries, medical causation evidence is required. See Nicklaus v. Vivident, Inc., 767 F.Supp. 94, 96 (M.D. Pa. 1991).

sustained. As such, Dr. Johanning's report is insufficient to form a basis to determine the necessary causation, and any and all evidence regarding physical injury to Matthew Marrone or its causation should be excluded from trial.

## IV.    CONCLUSION

For the reasons set forth at length above, Defendant Edelman respectfully requests that all evidence regarding alleged injuries sustained by Plaintiffs and their causation be excluded at trial. In the alternative, should this Court grant Plaintiffs' motion to permit the filing of expert medical causation reports *nunc pro tunc*, any and all evidence regarding alleged physical injuries Matthew Marrone may have sustained should be excluded at trial.

                                    Respectfully submitted,

                                    **THOMAS, THOMAS & HAFER, LLP**

                                    By:  s/John Flounlacker  
                                            John Flounlacker, Esquire  
                                            Attorney I.D. # 73112  
                                            Shawn E. Smith, Esquire  
                                            Attorney I.D. # 86121  
                                            P.O. Box 999  
                                            Harrisburg, PA  17108-0999  
Date:  August 7, 2003                 (717)237-7134

CERTIFICATE OF SERVICE

I, John Flounlacker, Esquire, of the law firm Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on the date set forth below:

By First Class U.S. Mail:

Gianni Floro, Esquire
Louis M. Tarasi, Esquire
Tarasi, Tarasi & Fishman, P.C.
510 Third Avenue
Pittsburgh, PA  15219

James G. Nealon, III, Esquire
Nealon & Gover
2411 North Front Street
Harrisburg, PA  17110

Edward A. Monsky, Esquire
Fine, Wyatt & Carey, P.C.
425 Spruce Street
P.O. Box 590
Scranton, PA  18501-0590

James J. Kutz, Esquire
Jennifer L. Murphy, Esquire
Duane Morris & Heckscher, LLP
305 N. Front Street
P.O. Box 1003
Harrisburg, PA 17108

Joel D. Gusky, Esquire
Harvey, Pennington, et al.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103-2989

        THOMAS, THOMAS & HAFER, LLP

        s/ John Flounlacker
Dated:  August 7, 2003        John Flounlacker