ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 1 5 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | |
|---|---|
| JACK MARRONE, husband, KAREN MARRONE, wife, both individually and in their capacity as parents and guardians for VIDA MARRONE, a minor, and MATTHEW ADAM MARRONE<br><br>                              Plaintiff<br>v.<br>ALLSTATE INSURANCE CO., et al.<br>                              Defendants<br>v.<br>HOMESIDE LENDING INC.<br>                              Intervenor | CIVIL ACTION<br><br><br><br><br><br><br>NO. 1:CV-01-0773<br><br>Judge Kane |

### INTERVENOR, HOMESIDE LENDING INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Intervenor, HomeSide Lending Inc. (hereinafter HomeSide) by its attorneys, Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd., hereby supplements its Proposed Jury Instructions filed with the Court on January 3, 2003, by adding the additional proposed jury instructions:

HomeSide's Proposed Jury Instruction No. 7

It is now well established in Pennsylvania that an innocent misrepresentation of a material fact by a vendor that is justifiably relied on by a purchaser is a basis for rescission of a contract for the sale of land.  *Miller v. Bare*, 457 F.Supp. 1359, 1361 (W.D. Pa. 1978), citing *LaCourse v. Kiesel*, 366 Pa. 385, 77 A.2d 877, 879-880 (1951).

HomeSide's Proposed Jury Instruction No. 8

"... [S]cienter (knowledge) 'may be either actual knowledge of the truth or falsity of the representation, reckless ignorance of the falsity of the matter, or mere false information where a duty to know is imposed on a person by reason of special circumstances.' Pennsylvania has imposed such an absolute duty to know on owners of property in regard to statements they make about their property in connection with a contract of sale." *Miller, supra*, at 1362-1363, citing *Shane v. Hoffman*, 227 Pa. Super. 176, 324 A.2d 532, 536 (1947) and *LaCourse, supra.*, at 77 A.2d 879.

640717_1

HomeSide's Proposed Jury Instruction No. 9

". . . [W]hether the . . . owner (or his agents) knew that their representation was false has been repeatedly held in this jurisdiction to be a matter of no consequence. A vendor has no right to make such a statement of which he has no knowledge. . . . *LaCourse v. Kiesel*, 366 Pa. 385, 77 A>2d 877, 879 (1951) (*emphasis as in the original*).

HomeSide's Proposed Jury Instruction No. 10

Restatement (Second) of Torts §552C . . . provides that:

MISREPRESENTATION IN SALE, RENTAL OR EXCHANGE TRANSACTION

(1)   One who, in a sale, rental or exchange transaction with another, makes a misrepresentation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it, is subject to liability to the other for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation, even though it is not made fraudulently or negligently. *Miller, supra.*, at 1363. [NOTE: The Court in *Miller* indicated that it had found no Pennsylvania case law expressly adopting §552C, but nevertheless applied it in that case since it felt it was ". . . in keeping with the trend of Pennsylvania law. . ." (457 F.Supp. 1363). But see, *Bortz v. Noon*, ___ Pa. ___, 729, A.2d 555, 563-564 (1999), which re-affirmed a cause of action for innocent misrepresentation to rescind a real estate transaction without specifically citing §552C.]

 

HARVEY, PENNINGTON, CABOT, GRIFFITH & RENNEISEN, LTD.

BY: _____
JOEL D. GUSKY, ESQUIRE
Identification No: 22666
1835 Market Street, 29th Floor
Eleven Penn Center
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Intervenor,
HOMESIDE LENDING INC.

640717_1