### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACK MARRONE, et al.,** | : | **NO.: 1:CV-01-0773** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **(JUDGE KANE)** |
| | : | |
| **ALLSTATE INSURANCE** | : | |
| **COMPANY, et al.,** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

### PRE-TRIAL MEMORANDUM OF THE PLAINTIFF, PROGRESSIVE NORTHERN INSURANCE COMPANY

### A.    BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION

Plaintiffs alleges subject matter jurisdiction based upon diversity of citizenship, 28 USC § 1332. Defendant concedes that the parties are citizens of different states, but denies that the amount in controversy is in excess of $75,000.00.

### B.    SUMMARY STATEMENT OF FACTS

On August 31, 1999, Plaintiffs, Jack and Karen Marrone, husband and wife, took possession of 354 Timber Road after settlement on the same date.  The Marrones lived at the property in question with their children, Plaintiff's Vida and Matthew Marrone.

Prior to settlement on the property, on August 25, 1999, Plaintiff Karen Marrone applied for a homeowners policy with Defendant, Allstate Insurance Company (hereinafter "Allstate").  Pursuant to Ms. Marrone's

application for Homeowners Insurance, Allstate issued its Deluxe Plus Homeowners Policy (hereinafter "Homeowners Policy"). The Homeowners Policy was effective from 12:01 a.m. on August 25, 1999 to August 25, 2000. It is undisputed that the Homeowners Policy was in effect during all relevant times pertaining to the within action.

Plaintiffs, who then resided at 354 Timber Lane, took a one-week vacation in July 2000. Upon returning from vacation, the Plaintiffs allegedly discovered mold had infiltrated their basement. Allstate concedes that Plaintiff's filed a claim with Allstate under the Homeowner Policy to file a claim because of this mold problem. On August 10, 2000, after an Allstate representative, Larry Miller inspected the residence, Allstate denied coverage for Plaintiffs' claim under the Homeowners Policy citing the specific policy language of the unambiguous mold exclusion contained within the Policy.

Plaintiffs, since filing their amended Complaint, have now found an expert to opine that "there was evidence of small pipe leaks at the copper water line joints in the [basement] ceiling" and that such leaks could have been a source of moisture in the basement of 354 Timber Lane that "would also have contributed to mold and mildew growth." (Report of Tom Moore as attached to Motion for Summary Judgment as Exhibit I). However,

Plaintiffs have put no facts forth indicating that if there were "small pipe leaks" such leaks were a sudden and accidental as required to invoke coverage under the Homeowners Policy.   Additionally, Plaintiffs contend that Allstate acted in Bad Faith in handling Plaintiffs claim, notwithstanding Allstate relying upon the plain and unambiguous mold exclusion in the Homeowners Policy.

**C.    STATEMENT OF UNDISPUTED FACTS**

The parties do not dispute that the Marrones purchase the property and that prior to the purchase they obtained a Deluxe Homeowners' Policy from Allstate. In addition the parties agree that the policy was in effect as of July 2000.

**D.    DAMAGES**

N/A

**E.    WITNESSES**

1.    Larry Miller

2.    Jack Marrone, as on cross examination

3.    Karen Marrone, as on cross examination.

4.    Linda Edleman

5.    Fred Shafer

6.    Jay W. Andrew

7.    Charles Berthoud

8.    Robert A. Pfomm

**F.    SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

None.

**G.    SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

None.

**H.    LEGAL ISSUES INVOLVED**

Plaintiffs have pending both a breach of contract claim and a bad faith claim. Allstate filed a Motion for Summary Judgment and Supporting Brief which outlines the legal standard applicable to both claims.

**I.    STIPULATIONS DESIRED**

1.    Authenticity of the insurance policy; and

2.    Authenticity of the exhibits of both parties;

**J.    EXHIBITS**

See form to be submitted to the Court Clerk.

**K.    SPECIAL VERDICT QUESTIONS**

Defense Counsel will prepare and submit a Verdict Slip.

**L.    DEFENSE COUNSEL'S STATEMENT PURSUANT TO LOCAL RULE 16.2**

A claims representative of Allstate will be available by telephone.

**M.    VIDEOTAPE DEPOSITIONS**

None used.

Respectfully submitted,

**NEALON & GOVER, P.C.**


By:    /s/ James G. Nealon, III
James G. Nealon, III, Esquire
Attorney I.D. No. 46457
2411 North Front Street
Harrisburg, PA  17110
(717) 232-9900

Date:  _____