ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------------

JACK MARRONE, husband, KAREN     :
MARRONE, wife, both individually and   :     Civil Action No.: 1:CV-01-0773
in their capacity as parents and guardians   :
for VIDA MARRONE, a minor, and     :      **FILED**
MATTHEW ADAM MARRONE,      :      HARRISBURG, PA
                        :
        Plaintiffs         :      SEP 03 2003
                        :     MARY E. D'ANDREA, CLERK
                        :     Per
      vs.             :     (U.S. District Judge Yvette Kane)
                        :
ALLSTATE INSURANCE COMPANY,    :
LINDA M. EDLEMAN, FRED SCHAFER, :
MT. GRETNA REALTY, and HOUSE     :     **JURY TRIAL DEMANDED**
MASTERS                      :

-----------------------------------------------------------------------

## PROPOSED JURY INSTRUCTIONS WITH OBJECTIONS AND PROPOSED VOIR DIRE QUESTIONS

       AND Now come the Plaintiffs, by and through their counsel of

record, Tarasi, Tarasi & Fishman, P.C., Louis M. Tarasi, Jr., Esquire, and Gianni

Floro, Esquire, and hereby file these Proposed Jury Instructions with Objections

and Proposed Voir Dire Questions pursuant to the Order of April 29, 2003, and in

support thereof sets forth the following:

**I.**      **Proposed Jury Instructions:**

       1.      1A Fed. Proc. Forms § 1:2515   Instruction to Jury-Exclusive trier of
                                                fact-use of evidence and common
                                                knowledge

             You are the exclusive judges of the facts proven and the weight of the

evidence.  In determining the issues in this case you will, of course, rely upon the evidence which you have heard in the courtroom.  You may, and should, also take into consideration and bring to your assistance the general information which you possess as to matters of common knowledge, observation and experience of life.

_____Granted        _____Denied        _____ Modified

Comments:

2.    1A Fed. Proc. Forms § 1:2519    Instruction to Jury-Matters which
                                                          may be considered in evidence-
                                                          Testimony of witnesses and exhibits

In determining whether any proposition has been proved, you are to consider the testimony of all witnesses, regardless of who called them to testify, and all of the exhibits received in evidence, regardless of who may have offered or produced them.

_____Granted        _____Denied        _____ Modified

Comments:

3.    1A Fed. Proc. Forms § 1:2521    Instruction to Jury-Effect of
                                                          stipulation

Before trial started, the parties entered into certain stipulations, or

agreements, in which they agreed that certain facts could be taken as true without further proof. This has been done to save time. During trial, the attorneys may read these stipulations to you. Since the parties have agreed to these stipulations, you are to accept the facts in them as true.

_____Granted        _____Denied        _____ Modified

Comments:

4.    1A Fed. Proc. Forms § 1:2523    Instruction to Jury-Effect of
      (*Modified by Counsel*)            deposition testimony-Alternate form

During the trial, certain testimony has been read to you from depositions, *or you have watched their testimony played to you on video*. These are sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties. This testimony is entitles to neither more nor less consideration than you would give the same testimony had the witnesses appeared in open court.

_____Granted        _____Denied        _____ Modified

Comments:

5.    1A Fed. Proc. Forms § 1:2525    Instruction to Jury-Effect of
objections and rulings as to the
admissibility of evidence

It is the duty of the attorneys on either side of a case to object when the other side offers evidence or testimony which counsel believes is not properly admissible. When the court has sustained an objection to a question, the jury are to disregard the question and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

By allowing testimony or other evidence to be introduced over the objection of counsel, the court does not indicate any opinion as to the weight or effect of such evidence.

_____Granted        _____Denied        _____ Modified

Comments:

6.    1A Fed. Proc. Forms § 1:2527    Instruction to Jury-Credibility of
witnesses

You are the exclusive judges of the credibility of the witnesses. In weighing the testimony of the witnesses you have the right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or want of interest in the outcome of the case

and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe that any witness has willfully testified falsely as to any material fact you may disregard the whole or any part of his testimony, but you are not bound to believe or disbelieve all the testimony of any witness. Conflicting testimony, if any there be, should be reconciled with truthfulness, if reasonably possible, but if you cannot do so then you must use your best judgment in determining what testimony you will believe.

_____Granted        _____Denied        _____ Modified

Comments:


7.    1A Fed. Proc. Forms § 1:2529   Instruction to Jury-Impeachment of
       (*Modified by Counsel*)          witnesses

A witness may be discredited or impeached by contradictory evidence, by a showing that he or she falsely testified concerning a material matter, or by evidence that some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the present testimony of the witness.

If you believe that any witness has thus been impeached, then it is your province to give the testimony of that witness only such credibility or weight,

if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust the testimony of that witness in other particular matters; and you may reject all the testimony *or part* of that witnes*ses testimony* or give it such credibility as you think it deserves.

_____Granted        _____Denied        _____ Modified

Comments:

8.    1A Fed. Proc. Forms § 1:2530   Instruction to Jury-Interview of
                                      witness by counsel

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give.  That the witness has talked to any attorney and told him or her what he or she would testify to does not, in and of itself, reflect adversely on the truth of the testimony of the witness.

_____Granted        _____Denied        _____ Modified

Comments:

9.    1A Fed. Proc. Forms § 1:2532  Instruction to Jury-Burden of Proof -
                                    Under preponderance of evidence
                                    standard

The burden of proof is on the party who asserts the affirmative of an

issue.  Burden of proof means any burden of persuasion, and is sometimes referred

to as establishing something by a preponderance of evidence.  This does not, of

course, require proof to an absolute certainty, since proof to an absolute certainty

is seldom possible in any case.  In a civil action such as this, it is proper to find

that a party has succeeded in carrying the burden of proof on an issue if, after

consideration of all the evidence in the case, whether produced by the plaintiff or

the defendant, you the jurors believe that what is sought to be proved on that issue

is more probably true than not true.

_____Granted        _____Denied        _____ Modified

Comments:


10.    1A Fed. Proc. Forms § 1:2536  Instruction to Jury-Proof by direct or
                                     circumstantial evidence

There are two types of evidence; direct and circumstantial.  Direct

evidence is the testimony of a person who claims to have personal knowledge of

the disputed facts, such as an eyewitness.  Circumstantial evidence is the proof of

a chain of facts and circumstances which tends to show whether a fact is proved or not proved.  The law does not make a distinction between the weight to be given to either direct or circumstantial evidence.  All of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

_____Granted        _____Denied        _____ Modified

Comments:

11.    1A Fed. Proc. Forms § 1:2546   Instruction to Jury-Corporation as
       (*Modified by Counsel*)           acting through its employees.

You are instructed that *Allstate Insurance is a corporation* and thus can act through *its* officers and employees.  Therefore, whenever mention is made of *this corporation* as doing or not doing something, then of course it means *that it* or any of *its agents and/or* employees *were* acting within the scope of their *agency and/or their* employment *with Allstate*.

_____Granted        _____Denied        _____ Modified

Comments:

12.    It is well settled that an insurer is obligated to act in good faith and fair dealing with its insured.  The Pennsylvania Supreme Court has long held that an insurer must act with the "utmost good faith" toward its insured.  This heightened duty is necessary because of the special relationship between an insurer and its insured and the very nature of the insurance contract.  The insurer's duty of good faith, therefore, is contractual and arises because the insurance company assumes a fiduciary status.  Romano v. Nationwide Mut. Fire Ins. Co., 435 Pa. Super. 545, 646 A.2d 1228, 1232 (1994), *quoting*, Fedas v. Insurance Co. of Pa., 300 Pa. 555, 558, 151 A. 285, 286 (1930); Kilmore v. Erie Ins. Co., 407 Pa. Super. 245, 595 A.2d 623, 626 (1991), *appeal denied*, 529 Pa. 664, 604 A.2d 1030 (1992).

_____Granted        _____Denied        _____ Modified

Comments:

13.    "Bad faith" on the part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill-will;

9

mere negligence or bad judgment is not bad faith.  Romano v. Nationwide Mut.

Fire Ins. Co., 435 Pa. Super. 545, 646 A.2d 1228, 1232 (1994).

_____Granted    _____Denied    _____ Modified

Comments:

14.    An action for bad faith may also extend to the insurer's investigative

practices.  O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999).

_____Granted    _____Denied    _____ Modified

Comments:

15.    An insurance company can be held in bad faith when there is no

reasonable foundation for the position that they have taken by denying a claim by

their insured.  Hill v. Nationwide Ins. Co., 391 Pa. Super. 184, 570 A.2d 574

(1990).

_____Granted    _____Denied    _____ Modified

Comments:

16.    If you should find that Allstate Ins. Co. failed to handle the Plaintiffs'

claims in a reasonable manner by failing to perform a complete and detailed

investigation as to the source of water and where the leak occurred in the

Plaintiffs' basement, then you must find in favor of the Plaintiffs and against the

Defendant, Allstate Ins. Co.  O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906

(Pa. Super. 1999).

     \_\_\_\_\_Granted     \_\_\_\_\_Denied     \_\_\_\_\_ Modified

     Comments:


17.    If you should find that Allstate Ins. Co. failed to notify the Plaintiffs

of any possible health risks associated with exposure to fungal toxins, *i.e.*, mold,

which the Allstate Ins. Co. was or should have been aware of from Allstate Ins.

Co.'s investigation and/or viewing of the plaintiffs' home at issue in this case, then

you must find in favor of the Plaintiffs and against the Defendant, Allstate Ins. Co.

O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999); Dercoli v.

Pennsylvania National Mutual Ins. Co., 520 Pa. 471, 478, 554 A.2d 906, 909

(1989).

     \_\_\_\_\_Granted     \_\_\_\_\_Denied     \_\_\_\_\_ Modified

     Comments:

18.    The Plaintiff has demonstrated with direct evidence and

circumstantial evidence, from which it can be inferred, that the behavior of

Allstate comports with that conduct found to be "bad faith" pursuant to 42

Pa.C.S.A. § 8371. In Dercoli v. Pennsylvania National Mutual Insurance

Company, the Supreme Court of Pennsylvania held that:

> The duty of an insurance company to deal with the insured
> fairly and in good faith includes the duty of full and complete
> disclosure as to all the benefits and every coverage that is
> provided by the applicable  policy or policies along with all
> requirements, including any time limitations for making a
> claim.

520 Pa. 471, 478, 554 A.2d 906, 909 (1989), *citing*, Gatlin v. Tennessee Farmers

Mutual Insurance Co., 741 S.W.2d 324 (Tenn. 1987); Sarchett v. Blue Shield of

California, 43 Cal.3d 1, 233 Cal.Rptr. 76, 729 P.2d 267 (1987).

_____Granted        _____Denied        _____ Modified

Comments:

19.    In the Dercoli case the Supreme Court of Pennsylvania recognized its

own long standing rule that:

> [T]he utmost fair dealing should characterize the transactions

12

between an insurance company and the insured.

520 Pa. 471, 477, 554 A.2d 906, 909 (1989), *quoting*, Fedas v. Insurance Company of the State of Pennsylvania, 300 Pa. 555, 151 A. 285 (1930).  The Supreme Court of Pennsylvania's pronouncement in Dercoli regarding an insurer's duty toward its insured was followed by this statement:

> This is especially true where the insurer undertakes to advise and counsel the insured in the insured's claim for benefits.

520 Pa. 471, 478, 554 A.2d 906, 909 (1989).  The insurer still is duty bound "to deal with the insured fairly and in good faith includes the duty of full and complete disclosure as to all the benefits and every coverage that is provided by the applicable policy or policies along with all requirements, including any time limitations for making a claim."  520 Pa. 471, 478, 554 A.2d 906, 909 (1989), *citing*, Gatlin v. Tennessee Farmers Mutual Insurance Co., 741 S.W.2d 324 (Tenn. 1987); Sarchett v. Blue Shield of California, 43 Cal.3d 1, 233 Cal.Rptr. 76, 729 P.2d 267 (1987).

_____Granted      _____Denied      _____ Modified

Comments:

20.    In Tonkovic v. State Farm Mutual Automobile Insurance Company,

13

the Supreme Court of Pennsylvania set forth clearly when dealing with its insured, if there is any question of fairness the insurance company must explain the policy to the insured clearly and fairly.  513 Pa. 445, 452-453, 521 A.2d 920, 924 (1987) (*See also*, Worldwide Underwriters Insurance Company v. Brady, 973 F.2d 192, 194-195 (3d. Cir. 1992)  Here as in Worldwide there is ambiguity in the policy.

     _____Granted      _____Denied      _____ Modified

Comments:


21.    To determine whether a claim potentially comes within coverage of the policy, the scope of the coverage must first be ascertained.  Sclabassi v. Nationwide Mutual Fire. Ins. Co., 789 A.2d 699, 702 (Pa. Super. 2001).  Any ambiguity in an insurance policy should be construed in favor of the insured and against the insurer.  Redevelopment Authority of Cambria County v. International Ins. Co., 454 Pa. Super. 374, 388, 685 A.2d 581, 588 (1996); Tonkovic, 513 Pa. at 452-453, 521 A.2d at 924 (As there is a manifest inequality of bargaining power between an insured and insurer, a court may deviate from the plain language of an insurance contract).

     _____Granted      _____Denied      _____ Modified

14

Comments:

22.    Determinations of fact are questions for the jury.  <u>Fidelity Bank and</u>
<u>Tiernan</u>, 249 Pa. Super. 216, 375 A.2d 1320 (1977).

_____Granted    _____Denied    _____ Modified

Comments:

23.    In <u>Pressley v. Travelers Property Casualty Corporation</u>, 817 A.2d
1131 (Pa. Super. 2003), the Superior Court of Pennsylvania noted that:

> The Supreme Court in *Madison Const. Co. v. Harleysville Mut.*
> *Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 109 n. 8 (1999) noted that
> the reasonable expectation doctrine applied in *Collister v.*
> *Nationwide Life Ins. Co.*, 479 Pa. 579, 388 A.2d 1346 (1978)
> "to protect non-commercial insured from policy terms not
> readily apparent" and *Tonkovic v. State Farm Mut. Auto. Ins.*
> *Co.*, 513 Pa. 445, 521 A.2d 920 (1987) "to protect non
> commercial insured from deception".  Here, too, we are
> concerned with a non-commercial insured.  Hence, the
> reasonable expectation doctrine applies.

_____Granted    _____Denied    _____ Modified

Comments:

15

24.    In <u>Remple v. Nationwide Life Insurance Co., Inc.</u>, 370 A.2d 366

(1977) as in <u>Pressley v. Travelers Property Casualty Corporation</u>, *supra.*, the

Supreme Court of Pennsylvania explained the policy holder has no duty to read

the policy unless under the circumstances it is unreasonable not to read it.

_____Granted    _____Denied    _____ Modified

Comments:

25.    Pa.SSJI (Civ)    6.00    Damages

If you find that the defendant is liable to the plaintiffs, you must then

find an amount of money damages which you would believe will fairly and

adequately compensate the plaintiffs for all the financial injury (damages) they

have sustained as a result of the occurrence.  The amount which you award today

must compensate the plaintiffs completely for damages sustained in the past, as

well as damages the plaintiffs sustains in the future.

_____Granted    _____Denied    _____ Modified

Comments:

26.    Pa.SSJI (Civ)    6.01        Damages to adult not resulting in
       (*Modified by Counsel*)      death

The damages recoverable by the plaintiffs in this case and the items

that go to make them up, each of which I will discuss separately, are as follows:

- a)    Economic damages due their property damage;

- b)    economic damages due their attempts to mitigate their losses;

- c)    economic damages due to their efforts to mitigate their property
        damage;

- e)    economic damages due to their having to move out of their
        home, including  moving and travel expenses;

- f)    economic damages due to their having to move into the house
        that they used as a rental property, *i.e.*, lost income.

In the event that you find for the plaintiffs, you will add these sums of

damages together and return your verdict in a single lump sum.

_____Granted        _____Denied        _____ Modified

Comments:


27.    Pa.SSJI (Civ)    6.01G        Embarrassment and Humiliation

The plaintiffs are entitled to be fairly and adequately compensated for

such embarrassment and humiliation as you believe they have endured and will

continue to endure in the future.

_____Granted    _____Denied    _____ Modified

Comments:

28.    Pa.SSJI (Civ)    6.01I    Enjoyment of Life

The plaintiffs are entitled to be fairly and adequately compensated for past, present and future loss of their ability to enjoy any of the pleasures of life as a result of their being caused to move around the country due to Allstate's failure to honor its contract of insurance with the Plaintiffs.

_____Granted    _____Denied    _____ Modified

Comments:

29.    Pa.SSJI (Civ)    6.01J    Property Damage
        (*Modified by Counsel*)

The Plaintiffs are entitled to be compensated for the harm done to their property.  If you find that the property was a total loss, damages are to be measured by either its market value or its special value to the Plaintiffs, which ever is greater.  If the property was not a total loss, damages are measured by *either the reasonable cost to repair their property or by the difference in value*

18

*before and after the harm* and you may consider such evidence produced by the

Defendant by way of defense to the plaintiffs' claims.  In addition, the Plaintiffs

are entitled to be reimbursed for their incidental costs or losses reasonably

incurred because of the damages to their property, such as moving expenses, travel

expenses, meals and lodging, and other such expenses.

_____Granted        _____Denied        _____ Modified

Comments:

30.    Pa.SSJI (Civ)        14.00              Punitive Damages-General
       (*Modified by Counsel*)                  Instructions

If you should find that *Allstate Ins. Co.'s* conduct was outrageous,

you may award punitive damages, as well as any compensatory damages, in order

to punish the defendant for its conduct and to deter the defendant and others from

the commission of like acts.

Conduct is outrageous when the acts are undertaken with a bad

motive or when the acts are undertaken with reckless indifference to the interests

of others.

_____Granted        _____Denied        _____ Modified

Comments:

19

31.    Pa.SSJI (Civ)      15.04                Breach of Contract-Generally
       (*Modified by Counsel*)

 Failure of a party to a contract to perform in accordance with its terms

gives the other party a cause of action for breach.  A breach of contract occurs

when a party to the contract fails to perform any contractual duty of immediate

performance, or violates an obligation, engagement or duty.

 ~~Not every nonperformance, however, is to be considered a breach of~~
~~contract.  If you find that the nonperformance was trivial, and thus that the~~
~~contract was substantially performed, you must also find that the breach of~~
~~contract has not occurred.~~

 _____Granted       _____Denied        _____ Modified

Comments:

32.    Pa.SSJI (Civ)      15.21                Damages
       (*Modified by Counsel*)

 Where one party to a contract breaches that contract, the other party

may recover for those injuries which have been proved to you with reasonable

certainty.  Any compensation awarded for injury is termed "damages."  Generally,

the measure of damages is that sum which will compensate the plaintiff*s* for the

20

loss sustained.  If you find that Allstate Insurance Company breached *its* contract *with the Plaintiffs,* you must then decide, based on the evidence *the* Plaintiff*s have* presented, what amount of money will compensate Plaintiffs for those *damages* which were a direct and foreseeable result of the breach, and which the parties could have reasonably foreseen with certainty at the time they made the contract.

     \_\_\_\_\_Granted     \_\_\_\_\_Denied     \_\_\_\_\_ Modified

Comments:

33.    Pa.SSJI (Civ)    3.26      Concurring Causes
      (*Modified by Counsel*)

There maybe more than one substantial factor in bringing about the harm suffered by the Plaintiff*s*.  When negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of the these persons is fully responsible for the harm suffered by the Plaintiff*s* regardless of the relative extent to which each contributed to the harm.  A cause is concurrent if it was operative at the moment of the incident, and acted with another cause as a contributing factor in bringing about the harm.

     \_\_\_\_\_Granted     \_\_\_\_\_Denied     \_\_\_\_\_ Modified

Comments:

## II.    Objections to Allstate's Proposed Jury Instructions:

a)    The Defendant, Allstate Insurance Company, has requested that the Court provide its Proposed Jury Instructions No. 1 which the Plaintiffs object to as irrelevant to the case *sub judice*. The insurance company is liable for the complete coverage of the policy based upon the reasonable expectations of the insured unless it, the insurance company, fully explained the policy to the insured and informed them of any exclusion that the insurance company was aware or should have been aware. Pressley v. Travelers Property Casualty Corporation, 817 A.2d 1131 (Pa. Super. 2003)

b)    The Defendant, Allstate Insurance Company, has also requested that the Court provide its Proposed Jury Instructions No. 2 which the Plaintiffs object to as irrelevant to the case *sub judice*. There is no duty for the insured to read the policy to determine whether or not the insured reasonable expectations are covered under the terms of the policy.    Remple v. Nationwide Life Insurance Co., Inc., 370 A.2d 366 (1977).

c)    The Defendant, Allstate Insurance Company, has also requested that the Court provide its Proposed Jury Instructions No. 6 which the Plaintiffs object to as no longer at issue in the case.

22

d)    The Defendant, Allstate Insurance Company, has also requested that the Court provide the following Pennsylvania Digested Standard Civil Jury Instructions:

> 2.15   Evidence Admitted for Limited Purpose or as to One Part Only
>
> 2.20   Impeachment (Corroboration) of Witnesses by Prior Inconsistent (Consistent) Statement
>
> 2.21   Impeachment (Corroboration) of Party by Prior Inconsistent (Consistent) Statement
>
> 3.25   Legal Cause
>
> 5.04   Conflicting Testimony
>
> 5.05   Willfully False Testimony
>
> 5.06   Failure to Produce Evidence
>
> 5.07   Circumstantial Evidence
>
> 5.50   Burden of Proof

The purpose of the instructing the parties to exchange jury instructions is to allow an opportunity to object to the specific instruction in regard to the facts of the case.  The Plaintiffs cannot object to the "standard instructions" without having the opportunity to review how the Defendant intends on utilizing it. Plaintiff would be severely prejudiced if the Defendant were permitted to utilize a standard instruction without any idea on how it intended on presenting it with the

facts of this case.  Therefore, the Plaintiffs respectfully request that the Defendant,

Allstate Insurance Company, be required to indicate how each requested

instruction bears upon the facts of this case.

## III.    SPECIAL VERDICT QUESTIONS:

1.      Where the Plaintiffs insured under the Allstate policy?

2.      Did the Plaintiffs have a reasonable expectation of coverage under the

Allstate Policy?

3.      What is the amount of damages due to the Plaintiffs due to Allstate's

failure to honor the insurance policy it issued to the Plaintiffs?

3.      Did Allstate act in "bad faith" in failing to honor its insurance policy

with the Plaintiffs?

4.      The amount of punitive damages that you award may be as high as

nine (9) times the compensatory damages that you award, what amount of punitive

damages due you award to the Plaintiffs and against Allstate, if you find there is

"bad faith?"

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By: _____

Louis M. Tarasi, Jr., Esquire
PA ID No. 01042
Gianni Floro, Esquire
PA ID No. 85837

24

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proposed Jury

Instructions with Objections and Proposed Voir Dire Questions was served on

counsel for the Defendants on this  2nd  day of September, 2003, by the telefax and

United States Mail, First Class, Postage prepaid addressed as follows:

James G. Nealon, III, Esquire
2411 North Front Street
Harrisburg, PA  17110

John Flounlacker, Esquire
305 North Front Street
Harrisburg, PA  17108


Edward A. Monsky, Esquire
425 Spruce Street
Scranton, PA  18501-0590

Jennifer L. Murphy, Esquire
305 North Front Street, 5th Floor
Harrisburg, PA  17108-1003

Joel D. Gusky, Esquire
Eleven Penn Center
1835 Market Street, 29th Floor
Philadelphia, PA  19103


TARASI, TARASI & FISHMAN, P.C.


Date:  9.2.03                                    By:_____
                                                              Gianni Floro, Esquire
                                                              PA ID No. 85837